IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CADDICK, STEPHEN HOPKINS, individually and on behalf of all similarly situated individuals,<br><br>      *Plaintiffs,*<br><br>      *v.*<br><br>TASTY BAKING COMPANY,<br><br>      *Defendant.* | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT-CLASS/COLLECTIVE ACTION

Plaintiffs William E. Caddick and Stephen W. Hopkins deliver food products to retail stores and other end users on behalf of Defendant Tasty Baking Company ("Defendant" or "Tastykake") pursuant to form contracts like those attached as Exhibits A-C (Plaintiffs' Distributor's Agreements).  In this "hybrid" class/collective action lawsuit arising from Defendant Tastykake's misclassification of its delivery drivers as "independent contractors," Plaintiffs allege that Defendant Tastykake has:  (i) failed to pay them overtime premium compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*; (ii) subjected them to improper pay deductions in violation of the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1, *et seq.*; and (iii) been unjustly enriched under Pennsylvania common law.  Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, seek all damages available under these claims.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391.  Defendant Tastykake is located in and/or regularly conducts business in this judicial district.

## PARTIES

4.      William Caddick ("Caddick") resides in Warrington, Pennsylvania (Bucks County).

5.      Stephen W. Hopkins ("Hopkins") resides in Chalfont, Pennsylvania (Bucks County).

6.      Tasty Baking Company, d/b/a Tastykake, is a Pennsylvania corporation with its principal place of business at 4300 South 26th Street, Philadelphia, Pennsylvania 19112.  Tasty Baking Company misclassifies its employees, who deliver and stock baked food products from its Pennsylvania distribution centers, as independent contractors.  Defendant Tastykake is and was, at all relevant times, an employer under Pennsylvania law.

7.      Defendant is engaged in commerce and, furthermore, employs individuals engaged in the production of goods for commerce and/or handling, selling, or working on goods or materials that have been moved in or produced in commerce.  As such, Defendant is covered by the FLSA.

## FACTS

8.      Defendant Tastykake is in the business of manufacturing, distributing, and selling food products, including all fresh baked pies, cakes, donuts, soft cookies and/or similar fresh baked products ("Products") to all retail stores whose principal business is the sale of food to the general public and all mass merchandising accounts, including all restaurant and institutional

accounts except multi-outlet restaurants and institutional accounts requiring bulk shipment to central locations (collectively "Outlets") throughout the United States. *See* Exhibit A, §§1.1, 1.2.

9. In distributing their Products to Outlets, Defendant has entered into standardized contracts with individual Distributors who, *inter alia*, deliver the Products to Outlets and perform basic merchandising tasks (e.g., stocking shelves) at the Outlets. *See, e.g.,* Exhibit A.

10. The services performed by Plaintiffs and other Distributors are integral to Defendant's business. Based upon information and belief, Tastykake has over 400 Distributors.

11. Most Distributors work for Defendant on a long-term basis. For example, Plaintiff Caddick has worked as a Tastykake Distributor since approximately 1996, and Plaintiff Hopkins has worked as a Tastykake Distributor since approximately 2003.

12. Plaintiff Caddick was issued a W-2 form(s) by Defendant Tastykake, including such a W-2 in 2018 in which the box for statutory employee (Box 13) is checked.

13. Defendant ships its Products to its warehouses. Then, Distributors, such as Plaintiffs and members of the proposed class, arrive at the warehouse and load their vehicles with Defendant's Products for delivery.

14. The Products are delivered to Defendant's retailer customers, i.e. the Outlets, at the direction of Defendant.

15. The Distributor position primarily consists of driving to and from Outlets, carrying food products into and out of Outlets, stocking and rearranging Products on store shelves, and following Defendant's various inventory control protocols and requirements. As such, the position consists of basic skills that are easily learned through on-the-job training. No special skills are required.

16. The duties of Plaintiffs and other Distributors entail, in part, driving vehicles weighing less than 10,000 pounds. Plaintiffs use their personal vehicle on weekends. Plaintiff Caddick uses a 2016 Jeep Wrangler to perform work duties in connection with his work for Tastykake, including "pack outs," straightening shelves, and taking inventory. Plaintiff Hopkins also uses a personal vehicle, a 2017 Chevy Express Van, to perform the same or similar work functions for Defendant.

17. Defendant exerts substantial control over the most basic aspects of the Distributors' work. For example, Defendant unilaterally determines food item prices; unilaterally negotiates with Outlets concerning product prices, promotional programs, and other merchandising issues; requires Distributors to stock store shelves pursuant to detailed "planograms" and other directives; unilaterally adjusts food item orders; dictates the circumstances under which food items must be removed from Outlets as "stale;" requires Distributors to deliver food products to unprofitable corporate accounts; requires Distributors to participate in marketing programs determined solely by Defendant; requires Distributors to utilize inventory control and record-keeping systems developed exclusively by Defendant; and prohibits Distributors from delivering competitors' food products.

18. Defendant solely controls and determines whether a retail store is placed on a cash payment system or on a charge/credit payment system. Plaintiffs and Distributors do not have control over this determination.

19. Distributors are paid under a complicated system whereby they must purchase food items from Defendant at prices unilaterally set by Defendant. The Distributors then owe Defendant the monies associated with these purchases, creating a debit on their weekly compensation report. Then, only when the food products are sold to the ultimate consumer

4

(usually a store customer), the Distributors receive a credit for the ultimate sale price plus a commission depending on the product. This ultimate sale price is negotiated between Defendant and the Outlets without any meaningful Distributor input.

20. If the food product is not scanned by a customer at the store, due to errors or theft, Plaintiffs and the Distributors are responsible for a portion of the cost. This scanned-based system is maintained and controlled by Defendant Tastykake, and the resulting data, is provided by the retail stores directly to Tastykake.

21. Defendant takes various deductions to the weekly pay of Plaintiffs and the class members. *See, e.g.,* Exhibits D, E. For example, in 2018, Plaintiff Caddick paid Defendant $5,451.42 in "Administrative Fee[s]," and $780.00 in "Supplies / Equipment." Exhibit D. Plaintiff Hopkins also paid Defendant $780.00 in "Supplies / Equipment" in 2018. Exhibit E.

22. Defendant requires Plaintiffs and other Distributors to assume many of Defendant's general business expenses. For example, Defendant requires Distributors to pay for gasoline and all vehicle expenses, insurance, and maintenance expenses. Plaintiffs also pay for their own cell phone, which they use for business purposes.

23. Defendant does not provide workers' compensation and unemployment insurance to Plaintiffs and other Distributors.

24. In addition to these deductions, Defendant subjects Distributors to other one-time deductions, such as, for example, a "Transfer Fee" equaling approximately 2% of the route sales price. *See* Exhibit A at §12.1. Tastykake has control over whether to approve a sale of Plaintiffs' and Distributors' sales routes. *See* Exhibit A, §8.1.

25. Upon information and belief, Defendant has never sought or obtained the Pennsylvania Department of Labor and Industry's approval for the above pay deductions or any other types of pay deductions.

26. Plaintiffs and other Distributors work long hours. For example, Plaintiff Caddick typically works 9-16 hours per day, which exceeds over 40 hours per week. Plaintiff Hopkins has also worked in excess of 40 hours per week.

27. Plaintiffs and other Distributors do not receive any extra overtime premium compensation for hours worked over 40 per week.

28. In failing to pay the overtime premium to Plaintiffs and other Distributors, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CLASS/COLLECTIVE ALLEGATIONS

29. Plaintiffs bring their FLSA and PWPCL claims on behalf of themselves and all other all persons who, either individually or through individually-owned corporate entities (e.g., individually-owned LLCs), have performed food distribution work for Defendant in the Commonwealth of Pennsylvania within the past three years pursuant to Distributor Agreements or similar contracts.

30. Plaintiffs bring their unjust enrichment claim on behalf of themselves and all other all persons or corporate entities (e.g., individually-owned LLCs) who have performed food distribution work for Defendant in the Commonwealth of Pennsylvania within the past four years pursuant to Distributor Agreements or similar contracts.

31. Plaintiffs' FLSA claim should proceed as a collective action because Plaintiffs and other putative collective members, having worked pursuant to the common overtime pay

policy described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

32. Class action treatment of Plaintiffs' state law claims is appropriate because, as alleged below, each of Federal Rule of Civil Procedure 23's class action requirements is satisfied.

33. The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

34. Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members. Plaintiffs are informed and believe that, like other Distributors, Plaintiffs were misclassified as "independent contractors" when they were actually statutory and common-law employees, and were therefore deprived the protections of employee status under the law. Plaintiffs had the same duties and responsibilities as other class members, and were subject to the same policies and practices, and the same or substantially similar conditions of employment.

35. Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests. Plaintiffs have been treated in the same manner as other class members by Defendant and have been damaged by this treatment in the same manner as other class members by their loss of overtime premium wages, their exclusion from employee compensation programs, plans and agreements, and their payment of Defendants' expenses. Plaintiffs are committed to prosecuting this action. Plaintiffs have retained attorneys with significant class action experience.

36. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common business policies, as described herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

37. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Those common questions that predominate over any questions that may affect individual Class members include: (i) whether Plaintiffs and class members have been misclassified as independent contractors and actually were or are employees of Defendant; and (ii) whether Defendant has violated the rights of Plaintiffs and class members under Pennsylvania Wage Laws by making illegal deductions from their wages, depriving them of overtime and other benefits of being employees, and requiring them to pay Defendant's expenses.

## COUNT I – FLSA

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The FLSA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

40. Defendant Tastykake is an employer that is required to comply with the FLSA's overtime pay mandate, and Plaintiffs and the collective members are employees entitled to the mandate's protections.

41. Defendant Tastykake violated the FLSA by failing to pay Plaintiffs and the collective members' overtime premium compensation for hours worked over 40 per week.

42. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II – PWPCL

43. All previous paragraphs are incorporated as though fully set forth herein.

44. The Distributor's Agreement provides that Pennsylvania law applies. *See* Exhibit A at §16.5.

45. The PWPCL prohibits pay deductions except for those explicitly permitted by law or regulation. *See* 43 P.S. § 260.3; 34 Pa. Code § 9.1; *see generally Ressler v. Jones Motor Co., Inc.*, 487 A.2d 424 (Pa. Super. 1985).

46. Defendant Tastykake is an employer that is required to comply with the PWPCL, and Plaintiffs and other class members are employees entitled to the PWPCL's protections.

47. The various deductions that Defendant took from Plaintiffs and other class members, *see* ¶21 *supra*, are not permitted by the PWPCL and, therefore, violate the PWPCL.

## COUNT III – Unjust Enrichment

48. All previous paragraphs are incorporated as though fully set forth herein.

49. The Pennsylvania doctrine of unjust enrichment permits a plaintiff to recover from a defendant where (i) the plaintiff has conferred benefits on the defendant; (ii) such benefits have been appreciated by the defendant; and (iii) it would be inequitable for the defendant to retain such benefits without payment of value. Under such circumstances, the plaintiff must be compensated for the benefits unjustly received by the defendant.

50. Under the unjust enrichment doctrine, Plaintiffs and all class members seek the recovery of monies retained by Defendant due to Defendant's extra-contractual business practice of requiring Distributors to incur the types of operating expenses ordinarily incurred by

employers. These operating expenses include, *inter alia*, gasoline expenses, vehicle expenses, vehicle insurance, and liability insurance. Defendant has avoided such expenses by misclassifying Plaintiffs and the class members as non-employee contractors even though Defendant both retains and exercises the right to control the most significant aspects of the Distributor position. Under such circumstances, it is inequitable for Defendant to retain the benefits of the misclassification.

51.     Moreover, if the Court determines that any Plaintiff or group of class members is not in privity of contract with Defendant or that the pay deductions associated with the PWPCL claim are not governed by the contract, then such Plaintiff or group of class members will invoke the unjust enrichment doctrine to recover the value of the pay deductions that are the subject of the PWPCL claim. Under the circumstances alleged herein, it would inequitable for Defendant to retain the benefits associated with such claims.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and other members of the class/collective, seek the following relief:

      a.    the payment of all overtime wages;

      b.    the reimbursement of all improper pay deductions, fees, charges, and other out-of-pocket expenditures;

      c.    the value of Defendant's unpaid worker's compensation and unemployment insurance payments;

      d.    liquidated damages under the FLSA and PWPCL;

      e.    prejudgment interest;

      f.    all available declaratory or injunctive relief; and

      g.      such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial.

Dated:  May 14, 2019

Respectfully,

*/s/ Charles J. Kocher*

Simon B. Paris, Esq.
Patrick Howard, Esq. (PA ID – 88572)
Charles J. Kocher, Esq. (PA ID – 93141)
Jeffrey Goodman, Esq. (PA ID – 309433)
SALTZ, MONGELUZZI, BARRETT
& BENDESKY, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA  19103
Telephone:  (215) 496-8282
Facsimile:  (215) 496-0999
E-mail:  sparis@smbb.com
E-mail:  phoward@smbb.com
E-mail:  ckocher@smbb.com
E-mail:  jgoodman@smbb.com

***Attorneys for Plaintiffs and the Putative Class/Collective Members***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CADDICK, STEPHEN HOPKINS, individually and on behalf of all similarly situated individuals,<br><br>   *Plaintiffs*,<br>v.<br><br>TASTY BAKING COMPANY,<br><br>   *Defendant*. | Civil Action No. _____<br><br>Jury Trial Demanded |

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

William Caddick
Name (Printed)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CADDICK, STEPHEN HOPKINS, individually and on behalf of all similarly situated individuals,<br><br>*Plaintiffs*,<br>v.<br><br>TASTY BAKING COMPANY,<br><br>*Defendant*. | Civil Action No. _____<br><br>Jury Trial Demanded |

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action.

I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

Stephen Hopkins
Name (Printed)

12