IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM CADDICK and STEPHEN HOPKINS, individually and on behalf of all similarly situated individuals,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**TASTY BAKING COMPANY,**<br><br>*Defendant.* | Case No. 2:19-cv-02106-JDW |

## MEMORANDUM

William Caddick and Stephen W. Hopkins assert claims against Tasty Banking Company for unpaid overtime under the Fair Labor Standards Act ("FLSA") and for improper pay deductions under the Pennsylvania Wage Payment and Collection Law ("WPCL"), alleging that Tasty classified them as independent contractors when it should have classified them as employees. Caddick and Hopkins now seek conditional certification of their collective action. For the reasons that follow, the Court will conditionally certify the proposed class.

## I.  FACTUAL BACKGROUND

Tasty manufactures, distributes, and sells baked products. Tasty has entered into contracts with individual distributors, including Caddick and Hopkins, who pick up products from Tasty's warehouses, deliver these products to Tasty's retail customers, and perform basic merchandising tasks, such as stock shelves, at these locations. Caddick and Hopkins allege that most distributors work for Tasty on a long-term basis. Caddick has worked for Tasty since 1996, and Hopkins has worked for Tasty since 2003.

Caddick and Hopkins assert that Tasty exerts significant control over the distributors' work. Tasty, they allege, determines product prices, negotiates with retail customers regarding pricing and merchandising, adjusts orders, and dictates the manner in which distributors stock shelves and participate in marking initiatives, among other things. Caddick and Hopkins also allege that Tasty distributors are paid under a "complicated system" in which they purchase the products from Tasty at prices that Tasty sets. Once the products are sold to the customer, the distributors receive credit for the ultimate sale price of the products, plus a commission if applicable. Caddick and Hopkins contend that Tasty and the store customer negotiate this price without any meaningful input from distributors.

It is undisputed that Tasty makes various deductions to distributors' weekly pay. It is also undisputed that Tasty does not provide workers' compensation, unemployment insurance, or overtime pay to Caddick, Hopkins, or certain other distributors. What is disputed is whether Tasty was required to do so. Tasty alleges that Caddick, Hopkins, and other distributors are independent contractors and that Tasty's pay deductions and failure to pay overtime are thus lawful. Caddick and Hopkins allege that they are employees of Tasty and that Tasty has therefore violated its obligations under the FLSA and WPCL.

## II.     LEGAL STANDARD

The FLSA provides that an action may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" and that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The Third Circuit embraces a two-tiered certification process for FLSA collective

actions: a more lenient standard for conditional certification; and a stricter standard for final certification. *See Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 535 (3d Cir. 2012).

Conditional certification is not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process. *See id.* at 536 (citing *Hoffman–La Roche v. Sperling*, 493 U.S. 165 (1989)). The Court does not evaluate the merits of a case when ruling on a motion for conditional certification. *Garcia v. Vertical Screen, Inc.*, 387 F. Supp.3d 598, 604 (E.D. Pa. 2019). Rather, the "sole consequence" of conditional certification is the dissemination of court-approved notice to potential collective action members. *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)).

For conditional certification, the Third Circuit has adopted the "modest factual showing" standard, under which a named plaintiff must produce some evidence—beyond mere speculation—to demonstrate a "factual nexus" between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members. *Halle*, 842 F.3d at 224 (quoting *Zavala*, 691 F.3d at 536 n. 4). Relevant factors include, but are not limited to, whether the plaintiffs (1) are employed in the same department, division, and location; (2) advance similar claims; (3) seek substantially the same form of relief; and/or (4) have similar salaries and circumstances of employment. *See Carr v. Flowers Foods, Inc.*, No. CV 15-6391, 2019 WL 2027299, at *4 (E.D. Pa. May 7, 2019) (*citing Zavala*, 691 F.3d at 536–37).

Notably, at the initial certification stage, the Court need not determine conclusively whether the class is viable. In particular, the Court should defer questions about whether individualized determinations will predominate and render the case unsuitable for collective action

3

to the second step of the certification process. *See Rocha v. Gateway Funding Diversified Mortgage Servs., L.P.*, 2016 WL 3077936, at *9 (E.D. Pa. June 1, 2016). Accordingly, the Court will assess any dissimilarities among distributors, which might exclude a potential class member, at the second step of certification. *See, e.g.*, *Bowser v. Empyrean Servs., LLC*, 324 F.R.D. 346, 352 (W.D. Pa. 2018).

## III. ANALYSIS

### A. Conditional Certification

Caddick and Hopkins seek conditional certification of a collective class consisting of:

> All persons in the United States who, pursuant to a "Distributor Agreement" or a similar written contract, are or have performed work as "Distributors" for Tasty Baking Company during the period commencing three years prior to the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

(ECF No 29-1, at 5.) The Court concludes that they have made the modest factual showing necessary to for conditional certification of this class.

First, all members of the proposed class work as distributors for Tasty, and Plaintiffs have made the "modest factual showing" required to satisfy this Circuit's lenient conditional certification standard. They have provided some evidence, beyond mere speculation, of a "factual nexus" between Tasty's policy of not paying overtime to Caddick and Hopkins, and Tasty's policy of not paying overtime to other distributors. Tasty asks this Court to limit the collective to those distributors who work in the same geographic location as Caddick and Hopkins. However, nothing in Tasty's opposition establishes that distributors working in different geographic locations are subject to different work conditions or a different economic relationship. Thus, the Court will defer to the second stage of certification questions about whether differences in geographic locations impact the scope of a proper class.

4

Second, Caddick and Hopkins assert claims that are similar to the class that they seek to certify. They claim that Tasty has misclassified all of its distributors as independent contractors, rather than employees, that distributors routinely work more than forty hours in a week, and that Tasty has therefore avoided its obligation to pay distributors overtime by classifying them as independent contractors.

Third, Caddick and Hopkins seek substantially the same form of relief for themselves and for all members of the proposed class: reclassification and underpaid overtime wages.

Fourth, and finally, Caddick and Hopkins have made a modest showing that they have the same circumstances of employment as other distributors. Caddick and Hopkins claim that they have personal knowledge that all Distributors are subject to the same policies and standards, perform the same job duties, are uniformly classified by Tasty as independent contractors, and all work more than forty hours per week and have never been paid overtime. They also claim that Distributors all enter into materially identical Distributor Agreements with Tasty, which set forth the common terms, standards and practices to which Distributors must adhere.

On this final issue, Tasty argues that the Court should exclude from the class any distributors who have signed arbitration agreements with Tasty. The Court will not do so at this conditional stage. Instead, the Court concludes that any issues with distributors arguably subject to an arbitration clause are best resolved at the second stage of the case, when the parties can identify those distributors with particularity.

### B. Form of Notice and Opt-In Consent

Once a court conditionally certifies a collective action, it possesses the discretion to provide court-facilitated notice. *See Hoffmann-La Roche*, 493 U.S. at 170. District courts have broad discretion in the implementation of notice to proposed plaintiffs. *See id*. at 169; *see also*

*Drummond v. Herr Foods Inc.*, No. Civ.A. 13-5991, 2015 WL 894329, at *5 (E.D. Pa. Mar. 2, 2015). Taking both Parties' requests into account, the Court will impose certain conditions on the time limits and provision of the notice. Those conditions are set forth in the Order accompanying this Memorandum.

**IV.     CONCLUSION**

In light of the foregoing, Plaintiffs' Motion for Conditional Certification is granted. An appropriate Order follows, with conditions on time and provision of the notice set forth therein.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: January 24, 2020