# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| WILLIAM CADDICK and STEPHEN HOPKINS, Individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TASTY BAKING COMPANY<br><br>Defendant. | Case No. 2:19-cv-02106-JDW |

## IN THE UNITED STATES DISTRICT COURT FOR THE
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY F. BERTINO JR.,<br>*individually and on behalf of all similarly situated individuals,*<br><br>Plaintiffs,<br><br>v.<br><br>TASTY BAKING COMPANY,<br><br>Defendant. | Case No. 1:20-cv-03752-NLH-JS |

## CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

Subject to the approval of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure and § 216(b) of the Fair Labor Standards Act ("FLSA"), this Class and Collective Action Settlement Agreement and Release ("Settlement Agreement"), including the attached Exhibits, is entered into between: (a) Named Plaintiffs William Caddick, Stephen W. Hopkins, and Anthony F. Bertino, Jr. (collectively referred to as "Class Representatives," "Plaintiffs," or

"Named Plaintiffs"), on behalf of themselves and any business entities through which they operated, and on behalf of each of the Settlement Class Members; and (b) Tasty Baking Company ("Tasty" or "Defendant").[1] As provided below, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the Effective Date, these Actions shall be settled and compromised upon the terms and conditions set forth in this Settlement Agreement.  This Settlement Agreement is intended by the Parties to fully and finally compromise, resolve, discharge, release, and settle the Released Claims and to dismiss these Actions, subject to the Court's approval and to the terms and conditions set forth below, and without any admission or concession as to the merits of any claim or defense by any of the Parties.

NOW, THEREFORE, this Settlement Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and the Parties agree that upon the Effective Date: (1) the Actions shall be settled and compromised as between the Parties, and (2) the Proposed Final Approval Order and Judgment, in a form to be submitted by the Parties in connection with final approval, shall be entered dismissing the Actions, releasing all Released Claims, against all Releasees on all on the following terms and conditions:

---

[1] Capitalized terms used herein are defined in Section 3 below.

# 1.   Table of Contents

| | | |
|---|---|---|
| 1. | Table of Contents | 3 |
| 2. | Table of Exhibits | 4 |
| 3. | Definitions | 5 |
| 4. | Jurisdiction | 15 |
| 5. | Statement of No Admission | 17 |
| 6. | Claims of the Plaintiffs and Benefits of Settlement | 17 |
| 7. | Non-Monetary Relief and Other Options for Distributors | 18 |
| 8. | Waiver, Release and Dismissal | 19 |
| 9. | Required Events and Cooperation by the Parties | 21 |
| 10. | Settlement Administration | 23 |
| 11. | Notice to the Settlement Class, Objection, Exclusion and Withdrawal Rights | 28 |
| 12. | Payment from the Settlement Fund | 33 |
| 13. | Settlement Fund Allocation | 34 |
| 14. | Attorneys' Fees and Costs | 36 |
| 15. | Miscellaneous Provisions | 36 |
| 16. | Named Plaintiffs' Certifications | 41 |

## 2.    Table of Exhibits

Exhibit 1: Arbitration Agreement Packet .......................................................................................

Exhibit 2:  Pennsylvania Class Members……………………………………………………………

Exhibit 3:  Pennsylvania Distributors Who have Previously Signed an Arbitration Agreement With

a Class Action Waiver……………………………………………..........................................

Exhibit 4:  New Jersey Class Members ………………………………………………………………

Exhibit 5: New Jersey Distributors Who Have Previously Signed an Arbitration Agreement With

a Class Action Waiver …………………………………………………………………………...

Exhibit 6A: Notice to Current Distributors Who Are Rule 23 Class Members Only (Excludes FLSA collective members) ...........................................................................................

Exhibit 6B: Notice to Former Distributors Who Are Rule 23 Class Members Only (Excludes FLSA collective members).............................................................................................

Exhibit 7A: Notice to Current Distributors Who Are FLSA Collective Members And Who Also Have a Rule 23 Class Claim .............................................................................................

Exhibit 7B: Notice to Former Distributors Who Are FLSA Collective Members And Who Also Have a Rule 23 Class Claim .............................................................................................

Exhibit 8A: Notice to Current Distributors Who Are FLSA Collective Members Only (Who Are Not Also Rule 23 Class Members) ....................................................................................

Exhibit 8B: Notice to Former Distributors Who Are FLSA Collective Members Only (Who Are Not Also Rule 23 Class Members) ....................................................................................

Exhibit 9:  FLSA Collective Members …………………………………………………………..

Exhibit 10:   FLSA Collective Members Who Have Previously Entered Into a Distributor Agreement or Amendment Containing an Arbitration Agreement With a Class Action Waiver …………………………………………………………………………………...

Exhibit 11: Proposed Preliminary Approval Order .........................................................................

Exhibit 12: Non-Monetary Relief and Other Options for Distributor ..............................................

Exhibit 13: Distributor Review Panel ...............................................................................................

Exhibit 14: Distributor Advocate Position.........................................................................................

## 3.     Definitions

3.1.     <u>Actions</u>: means the above-captioned lawsuits: *William Caddick and Stephen Hopkins, individually and on behalf of all others similarly situated, v. Tasty Baking Company*, Case No. 2:19-cv-02106-JDW, pending in the United States District Court for the Eastern District of Pennsylvania, and *Anthony F. Bertino, Jr., individually and on behalf of all others similarly situated, v. Tasty Baking Company*, Case No. 1:20-cv-03752-NLH-JS, which was filed in the United States District Court for the District of New Jersey.[2]

3.2.     <u>Agreement or Settlement Agreement</u>: means this Class and Collective Action Settlement Agreement and Release, including all Exhibits attached hereto.

3.3.     <u>Amendment and Arbitration Agreement</u>: means the form of amendment included in the arbitration agreement packet attached hereto as Exhibit 1, which will be presented to all current distributor Class and FLSA Collective Members by the Settlement Administrator during the Notice Period.  Such current distributors shall receive a separate additional $3,500 check from the Settlement Fund and upon signing, dating, and cashing their settlement checks shall be bound by this Amendment and Arbitration Agreement, as more specifically discussed in Section 7.4 below.  Only current distributor Settlement Class Members, as defined herein, are eligible receive this additional payment as additional consideration for their agreement to the Amendment and Arbitration Agreement, which will be binding upon those who sign, date, and cash their settlement checks and do not opt out of or withdraw from the settlement. The settlement checks will specifically state that signing, dating, and cashing the settlement checks constitutes express acceptance of the Amendment and Arbitration Agreement.  Current distributor Settlement Class

---

[2] The Parties agree that they will jointly seek transfer of the *Bertino* lawsuit to the United States District Court for the Eastern District of Pennsylvania for purposes of consolidating *Bertino* into the *Caddick* lawsuit solely for purposes of Settlement.  If the Settlement is not granted final approval, the Parties agree to retransfer the *Bertino* lawsuit back to the United States District Court for the District of New Jersey.

Members who do not sign, date, and cash both settlement checks will be deemed excluded from the settlement, except that any Class Member who inadvertently fails to date the check in the pre-printed area on the check will be contacted by the Settlement Administrator to complete the date field.

3.4.     Attorneys' Fees and Costs: means such funds as may be awarded by the Court to Class Counsel to compensate them for their fees in the amount of $850.000.00 (which constitutes one-third of the Common Fund), plus costs, and expenses in connection therewith, as described more fully below. Upon approval of the Court, and within the specified period after the Effective Date, the Settlement Administrator will pay Class Counsels' Attorneys' Fees and Costs directly from the Settlement Fund.

3.5.     Class Counsel: means Simon Paris, Esq. of Saltz, Mongeluzzi & Bendesky, P.C.; and Charles J. Kocher, Esq. of McOmber, McOmber & Luber, P.C.

3.6.     Class Member:  means any individual who, either individually or on behalf of a business entity, operated under a distributor agreement with Tasty during a Covered Period out of a warehouse in either Pennsylvania or New Jersey; and who did not previously sign individually, or on behalf of a business entity, a distributor agreement or an amendment containing an arbitration agreement with a class action waiver.  The Class Members are identified in the attached exhibits.[3]

3.7.     Class Representatives, Plaintiffs, or Named Plaintiffs: William Caddick, Stephen W. Hopkins, and Anthony F. Bertino, Jr.

---

[3] A list of the Pennsylvania Class Members is attached hereto as Exhibit 2.  For reference, a list of those Pennsylvania distributors who have previously signed an arbitration agreement with a class action waiver is attached hereto as Exhibit 3.  A list of the New Jersey Class Members is attached as Exhibit 4.  For reference, a list of those New Jersey distributors who have previously signed an arbitration agreement with a class action waiver is attached hereto as Exhibit 5.

3.8.    Class Settlement Notice or Settlement Notice: means the form of notices attached as: (i) Exhibit 6A, to be disseminated to current distributor Class Members who are not Named Plaintiffs or FLSA Collective Members, informing them about the terms of the Settlement Agreement, including their rights to participate in the Settlement Agreement; to exclude themselves or to object to the same; to appear at the Fairness Hearing; and which provides a copy of the Amendment and Arbitration Agreement that will become effective upon signing, dating, and cashing the settlement checks; (ii) Exhibit 6B, to be disseminated to former distributor Class Members who are not Named Plaintiffs or FLSA Collective Members, informing them about the terms of the Settlement Agreement, including their rights to participate in the Settlement Agreement; to exclude themselves or to object to the same; and to appear at the Fairness Hearing; (iii) Exhibit 7A, to be disseminated to current distributor FLSA Collective Members who are also Class Members but not Named Plaintiffs, informing them about the terms of this Settlement Agreement, including their right to withdraw and exclude themselves from the Settlement; how to object; and which provides a copy of the Amendment and Arbitration Agreement that will become effective upon signing, dating, and cashing the settlement checks; (iv) Exhibit 7B, to distributed to former distributor FLSA Collective members who are also Class Members but not Named Plaintiffs, informing them of terms of this Settlement Agreement, their right to withdraw and exclude themselves from the Settlement; and how to object; (v) Exhibit 8A, to be distributed to current distributors who are FLSA Collective Members only (and not Named Plaintiffs or Class Members), informing them of the terms of the Settlement Agreement, their right to withdraw; how to object; and which provides a copy of the Amendment and Arbitration Agreement that  will become effective upon signing, dating, and cashing the settlement checks; and (vi) Exhibit 8B, to be distributed to former distributors who are FLSA Collective Members only (and not Named

Plaintiffs or Class Members) informing them of the terms of the Settlement Agreement and their right to withdraw; and how to object.

3.9. <u>Court</u>: means the United States District Court for the Eastern District of Pennsylvania.

3.10. <u>Covered Period</u>: means:

3.10.1. For FLSA claims, three years prior to the date each FLSA Collective Member filed their consent to join the FLSA portion of the lawsuit through September 10, 2020;

3.10.2. For Pennsylvania claims, from May 15, 2016 through September 10, 2020;

3.10.3. For New Jersey claims, from April 7, 2014 through September 10, 2020.

While the Covered Period encompasses the time frames outlined above, such Covered Period will be calculated on an individual basis using the dates during which each individual was a distributor. While the Covered Period ends on September 10, 2020, as set forth in Section 3.24 below the Released Claims shall extend up to and including the Preliminary Approval date.

3.11. <u>Defendant</u>: means the Defendant in this lawsuit, Tasty Baking Company.

3.12. <u>Defense Counsel</u>: means Kevin P. Hishta, Margaret Santen, and Clark Whitney, of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

3.13. <u>Effective Date</u>: shall be the first day after the first date on which all of the following have occurred:

3.13.1. Plaintiffs and Defendant's duly authorized representatives have executed this Agreement;

3.13.2. The Court has preliminarily approved this settlement;

3.13.3. Reasonable notice has been sent to Class Members and FLSA Collective Members as set forth herein;

3.13.4. The Court has held a Fairness Hearing under Rule 23(e), has entered an order granting final approval of the settlement that is the same in all material respects as that set forth in this Agreement, has entered final judgment, has awarded Named Plaintiffs any Service Awards, and has awarded Class Counsel their reasonable Attorneys' Fees and Costs; and

3.13.5. Only if there are written objections filed before the Fairness Hearing and those objections are not later withdrawn, the last of the following events to occur:

3.13.5.1. If no appeal is filed, then the date on which the time to appeal the Final Approval Order and Judgment has expired with no appeal or any other judicial review having been taken or sought; or

3.13.5.2. If an appeal of the Final Approval Order and Judgment has been timely filed or other judicial review was taken or sought, the date that Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeals or any other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

3.13.6. It is the intention of the Parties that the settlement shall not become effective until the Court's Final Approval Order and Judgment has become completely final and until there is no timely recourse by an appellant or objector who seeks to contest the settlement.

3.14. Exclusion Date: means the date, to be set by the Court, by which an Exclusion Request must be submitted to the Settlement Administrator for a Class Member, including a Class

DocuSign Envelope ID: 95ABD6E9-C7E1-43C2-A880-4AF9020CA974

Member who is also an FLSA Collective Member (but not a Named Plaintiff) to be excluded from the Settlement Class.

      3.15.   <u>Exclusion Request</u>: means the written communication that must be submitted to the Settlement Administrator and postmarked on or before the Exclusion Date by a Class Member, including a Class Member who is also an FLSA Collective Member (but not a Named Plaintiff) and who wishes to be excluded from the Settlement Class.  Class Members, including FLSA Collective Members who are also Class Members (but not Named Plaintiffs) who make an Exclusion Request are excluded from the litigation and not just the settlement.

      3.16.   <u>Fairness Hearing</u>: means the hearing to be conducted by the Court about its determination of the fairness, adequacy, and reasonableness of the Settlement Agreement in accordance with Rule 23(e) and the FLSA.

      3.17.   <u>Final Approval Order and Judgment or Final Approval</u>: means the final order to be entered by the Court that grants final approval of the settlement and enters judgment dismissing these Actions with prejudice and that: (i) conforms to this Settlement Agreement; (ii) approves the settlement and the Settlement Agreement as fair, adequate, and reasonable; (iii) confirms the certification of the Settlement Class for purposes of the settlement only; (iv) confirms that any Settlement Class Member who is a current distributor shall be deemed to have executed and agreed to be bound by the Amendment and Arbitration Agreement; and (v) issues such other determinations as the Court or the Parties deem necessary and appropriate in order to approve the settlement and implement the Settlement Agreement.

      3.18.   <u>FLSA Collective Members</u>: means those 53 individuals, plus the three (3) Named Plaintiffs, who under § 216(b) of the FLSA, filed signed, timely, and valid opt-in consent-to-join

forms, who had not previously signed a distributor agreement or an amendment containing an arbitration agreement with a class action waiver.[4]

3.20.   Notice Program: means the plan approved by the Court for disseminating the Settlement Notices as set forth herein.

3.21.   Objection Date: means the date, to be set by the Court, by which objections to the Settlement must be submitted by Class Members or any additional FLSA Collective Members (who are not also Class Members) who are not Named Plaintiffs.

3.22.   Party or Parties: means the Named Plaintiffs and/or Defendant.

3.23.   Preliminary Approval: means the order to be entered by the Court, substantially in the form of Exhibit 11, that:

(a)   preliminarily approves this Settlement Agreement;

(b)   sets the date of the Fairness Hearing;

(c)   appoints the Plaintiffs' Counsel as Class Counsel for the Settlement Class Members;

(d)   approves the forms of Settlement Notice and the Notice Program;

(e)   sets the date that Settlement Notices should issue;

(f)   sets the end of the Notice Period;

(g)   sets the Exclusion Date and Withdrawal Date; and

(h)   sets the deadline for filing objections to the settlement.

---

[4] A list of the FLSA Collective members is attached hereto as Exhibit 9. The Parties agree that any individual who filed an opt-in consent form and who previously entered into a distributor agreement or amendment containing an arbitration agreement with a class action waiver shall be dismissed from the *Caddick* lawsuit without prejudice within 10 days of Preliminary Approval. A list of such individuals is attached hereto as Exhibit 10. The Parties agree the applicable statute of limitations for claims heretofore asserted by the individuals identified in Exhibit 10 are tolled as of the date of their dismissal without prejudice until the Effective Date. Upon notice of intent to pursue arbitration from any individual identified in Exhibit 10 following the Effective Date, Defendant shall pay the filing fee necessary to commence arbitration within ten (10) days from receiving notice of payment due from AAA. The Actions shall otherwise be dismissed with prejudice.

3.24.  <u>Released Claims</u>: mean any and all claims, demands, causes of action, rights to relief, fees and liabilities of any kind, whether known or unknown, either that were asserted in or could have been asserted in the Actions, that the Settlement Class Members have or may have against any of the Releasees (as defined below), from the beginning of time through the Preliminary Approval date, including, but not limited to, all claims under common law contract, tort, or other law, as well as all claims under federal, state, local, or foreign laws, including but not limited to all claims arising under Pennsylvania, New Jersey, Maryland, Delaware, or other applicable state's Wage and Labor Laws; Pennsylvania, New Jersey, Maryland, Delaware or other applicable state's common law; Pennsylvania, New Jersey, Maryland, Delaware, or other applicable state's administrative law; or Pennsylvania, New Jersey, Maryland, Delaware or other applicable state's statutory law that are derivative of, or in any way related to, any wage and hour, overtime, benefits or other claims based on the Settlement Class Members' alleged misclassification as independent contractors; any other claim allegedly arising from the Settlement Class Members' alleged misclassification as independent contractor while performing services under a Distributor Agreement with Tasty or any predecessor entity; and any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described above under applicable federal, state or local laws, statutes, or regulations.[5]  Released Claims shall not include any FLSA claims of any Settlement Class Members who are not also Named Plaintiffs or FLSA Collective Members.[6] For Named Plaintiffs and for FLSA Collective Members who do not

---

[5] The Parties mutually agree that the claims asserted by VinKar, Inc., Northeast Snacks Inc., Mark Maloney, W. Jay Wescott, Jeff Pittsman, and Joseph Messana in *VinKar, Inc. et al. v. Tasty Baking Company*, now pending in Philadelphia Court of Common Pleas, Case No. 190501808, are excluded from this release and are not impacted or affected by this Settlement Agreement.
[6] The Parties mutually agree that the claims of the individuals identified in Exhibit 10 are excluded from this release and are not impacted or affected by this Settlement Agreement.

DocuSign Envelope ID: 95ABD6E9-C7E1-43C2-A89C-4AF8020CAD74

withdraw and exclude themselves, Released Claims shall include any and all FLSA claims in addition to all claims set forth in this Section above.

3.25.   <u>Releasees</u>: means Tasty and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, though, under, or in concert with any of these persons or entities and their successors and assigns.

3.26.   <u>Settlement Administrator</u>: means the notice provider and/or claims administrator appointed and approved by the Court in its Preliminary Approval order.

3.27.   <u>Settlement Class or Settlement Class Member</u>: any (a) Class Member who does not submit a valid Exclusion Request; (b) Named Plaintiff; (c) FLSA Collective Member who is also a Class Member (but not a Named Plaintiff) who does not withdraw by the Withdrawal Date and who does not submit a valid Exclusion Request; and (d) distributor who is an FLSA Collective Member only who does not contact Class Counsel to withdraw by the Withdrawal Date; provided, however, that Settlement Class or Settlement Class Member does not include any Class Member or FLSA Collective Action member who is a current distributor and who does not sign, date, and cash both his/her settlement checks (such inaction shall be deemed the equivalent of excluding and/or withdrawing from the settlement), except that any Class Member who inadvertently fails to date the check in the pre-printed area on the check will be contacted by the Settlement Administrator to complete the date field.

3.28.   Settlement Fund or Common Fund: A qualified settlement fund established under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1, to be funded by Defendant in the amount of $2.55 million dollars, which includes Attorneys' Fees in the amount of $850,000.00 (which constitutes one-third of the Common Fund) plus Costs awarded by the Court, and includes costs associated with notice and settlement administration, any Service Awards, and payments to current distributor Class and FLSA Collective Members in the amount of $3,500 in consideration for the Amendment and Arbitration Agreement that is required as a condition of settlement, established at a United States bank jointly selected by Defendant and the Settlement Administrator. The settlement shares will be calculated according to a formula more fully described in Section 13.2 below.  This qualified Settlement Fund shall be non-reversionary except for the $3,500.00 allocated as consideration for the Amendment and Arbitration Agreement set forth in Section 3.3 from those Class Members who are: (1) Class Members only (and are not also FLSA Collective Members or Named Plaintiffs) who file a valid Exclusion Request by the Exclusion Date; (2) FLSA Collective Members who are also Class Members (but not Named Plaintiffs) who file a valid Exclusion Request and contact Class Counsel to withdraw from the Action by the Withdrawal Date; (3) FLSA Collective Members only (who are not also Class Members or Named Plaintiffs) who contact Class Counsel to withdraw from the Action by the Withdrawal Date; and (4) current distributors who do not sign, date, and cash their settlement checks.  The $3,500.00 payable to all such individuals shall revert to Defendant. The Settlement Administrator shall pay all monies payable to the Settlement Class Members (including any Service Awards and consideration for the required Amendment and Arbitration Agreements from current distributor Settlement Class Members), and Attorneys' Fees and Costs to Class Counsel under this Settlement Agreement from the Settlement Fund, and costs of the Settlement

Administrator of the settlement fund. Unclaimed funds of former distributors shall not revert to Defendant, but will be payable to Court-approved *cy pres* beneficiaries if less than $35,000.00; otherwise, a *pro rata* second distribution to Settlement Class Members shall occur from these unclaimed funds.

3.29.   <u>Settlement Notice Period or Notice Period</u>: means the Period Set by the Court for Class Members to review the Settlement Notice, determine whether they want to participate or exclude themselves or object, as applicable.

3.30.   <u>Service Award</u>: means the $5,000.00 payment to each Named Plaintiff to be paid from the Settlement Fund to compensate them for their efforts on behalf of the Class Members and FLSA Collective Members.

3.31.   <u>Withdrawal Date</u>: means the date to be set by the Court by which an FLSA Collective Member, including FLSA Collective Members who are also Class Members, must contact Class Counsel to withdraw from the Action.

## 4.   Jurisdiction

4.1.   The Court has jurisdiction over the Parties and the subject matter of these Actions, which includes both federal and state-law claims.

4.2.   If the Settlement Agreement is fully and finally approved, the Court will dismiss the Actions with prejudice, with the exception of the opt-in Plaintiffs in the *Caddick* lawsuit who had previously signed an arbitration agreement with a class action waiver (who are identified in Exhibit 10). The claims of such opt-ins shall be dismissed without prejudice. In the event there is a dispute concerning the enforcement of the terms of this Settlement Agreement, the Parties agree to confer in good faith in an attempt to resolve any such dispute before initiating any subsequent enforcement action.

DocuSign Envelope ID: 95ABD6E9-C7E1-43C2-A89C-4AF8020CA974

4.3.    The Parties stipulate that, for settlement purposes only, the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and Section 216(b) of the FLSA, and therefore approval of this Settlement Agreement is appropriate. In so stipulating, Defendant does not waive or abandon any arguments they may have that decertification of the FLSA collective action is proper or that certification of the Rule 23 class is improper. Defendant's consent to certification for settlement purposes only is in no way an admission that Rule 23 or Section 216(b) certification would be proper absent a settlement.

4.4.    Failure to obtain the Preliminary or Final Approval of this Settlement Agreement in the same or substantially similar formats proposed to the Court, including, but not limited to, any failure as a result of any appeal of the Court's Final Approval Order and Judgment, will cause this Settlement Agreement to be void and unenforceable and to have no further force and effect.

4.5.    Tasty has the right to withdraw from this Agreement at any time prior to the Final Order and Judgment if 20% or more of the total of: (i) the Class Members who are current distributors and, (ii) FLSA Collective members (who are not Class Members) and who are current distributors, exclude themselves from the settlement and/or withdraw from this Action. If Tasty exercises its right to withdraw, it shall be solely responsible for the Administrator's fees and costs incurred to that time.

4.6.    In the event that Tasty withdraws from the settlement as provided in paragraph 4.5 above or this Settlement Agreement otherwise becomes void or unenforceable, any monies in the Settlement Fund shall remain the property of and shall be returned to Defendant, the Parties' litigation positions shall revert to the *status quo ante* prior to the execution of this Settlement Agreement, and the Parties will not be deemed to have waived, limited, or affected in any way any

of their claims, defenses, or objections in the Actions, including arguments for or against class certification or decertification.

## 5.    Statement of No Admission

5.1.    Defendant denies liability upon any claim or cause of action presented or alleged or that could have been presented or alleged in the Actions, and Defendant denies that the Settlement Class is entitled to relief of any kind in these Actions.

5.2.    This Settlement Agreement does not constitute an admission by Defendant as to the merits, validity, or accuracy of the allegations or claims made against them in the Actions and may not be construed as or deemed an admission of liability, culpability, negligence, willfulness, or wrongdoing on the part of Defendant.

5.3.    Nothing in this Settlement Agreement is intended by the Parties or may be used by anyone for any purpose inconsistent with this Settlement Agreement, or may be introduced in any way as evidence, to show or establish any misconduct, or improper practices, plans, or policies, or any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.  Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in this Court that has as its purpose the enforcement of the Settlement Agreement.

## 6.    Claims of the Plaintiffs and Benefits of Settlement

6.1.    Plaintiffs believe that the claims asserted in the Actions have merit and that the evidence supports their claims. However, the Parties recognize and acknowledge the expense, complexities, and length of continued proceedings necessary to prosecute the Actions through trial and through appeals, along with the uncertain nature of certain damages and affirmative defenses.

6.2.    The Parties have considered the uncertain outcome and the risk of these Actions, especially the multi-party, collective, and class action components of these Actions, as well as the difficulties, delays, and risks of collection inherent in litigation.

6.3.    Plaintiffs and Class Counsel believe that the Settlement Agreement confers substantial benefits upon Plaintiffs and the Settlement Class Members and is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class Members.

## 7.    Non-Monetary Relief and Other Options for Distributors

7.1.    Defendant will implement certain changes and modifications to the independent distributor model at Tasty in accordance with Exhibit 12. These changes and modifications confer a substantial benefit on Settlement Class Members that they would not be entitled to absent this Settlement Agreement.

7.2.    Defendant will establish a Distributor Review Panel for Tasty distributors that will operate in accordance with Exhibit 13.

7.3.    Defendant will establish the position of Distributor Advocate for distributors with Tasty, as explained more fully in Exhibit 14, which will operate in accordance with the International Ombudsman Association's Standards of Practice and Code of Ethics where operationally feasible (e.g., Defendant will not maintain confidentiality as suggested by the International Ombudsman Association because the distributor's identity must be shared with management in order to understand the context and each party's business interests).

7.4.    As a condition of Settlement, Settlement Class Members who are current Tasty distributors agree to an Amendment to the Distributor Agreement with an accompanying Arbitration Agreement and class action waiver.  The Amendment will modify or eliminate certain provisions in the Distributor Agreement that are inconsistent with the Arbitration Agreement.  Any

current distributor who signs, dates, and cashes his/her settlement checks and does not exclude him/herself and/or withdraw shall be deemed to have executed and agreed to be bound by the Amendment and Arbitration Agreement included in Exhibit 1.  The Settlement Administrator will present each current distributor with the Amendment and the Arbitration Agreement during the Notice Period.  The Settlement Administrator will also present an agreed-upon summary of the Amendment and Arbitration Agreement at that time.  These documents are contained in the arbitration agreement packet (Exhibit 1).  These individuals shall receive a separate additional $3,500 check from the Settlement Fund as additional consideration for the Amendment and Arbitration Agreement.  Current distributor Settlement Class Members who do not sign, date, and cash both settlement checks will be deemed excluded from the settlement, except that any Class Member who inadvertently fails to date the check in the pre-printed area on the check will be contacted by the Settlement Administrator to complete the date field.

## 8. **Waiver, Release and Dismissal**

8.1.    Upon the Effective Date, all Settlement Class Members will be bound by the terms and conditions of this Settlement Agreement.

8.2.    Upon the Effective Date, each Settlement Class Member, on behalf of themselves and their respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns shall be deemed to have forever released and discharged the Releasees from any and all Released Claims, shall covenant not to sue the Releasees with respect to any Released Claims, and will be permanently and forever barred from suing or otherwise asserting any Released Claim against any of the Releasees.

8.3.    In exchange for this release of claims by the Settlement Class, Defendant will pay the sum of $2.55 million into the Settlement Fund within ten (10) business days after the Effective Date. At their discretion, Defendant may pay this amount into the Settlement Fund earlier.

8.4.    Notwithstanding any other provision of this Settlement Agreement, nothing in this Settlement Agreement is intended to restrict any Settlement Class Member from contacting, assisting, or cooperating with any government agency; provided, however, that no Settlement Class Member shall seek or accept damages, reinstatement, or similar personal relief as to any Released Claim.

8.5.    Named Plaintiffs represent and warrant that they have not sold, assigned, pledged, or otherwise transferred any Released Claims.

8.6.    It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement Agreement.  The Settlement Notice will advise all Settlement Class Members of the binding nature of the release, and Named Plaintiffs' signing of this Settlement Agreement, when approved by the Court and such approval has become final, fully effectuates the above releases on behalf of all Settlement Class Members.  The checks issued to all Settlement Class Members shall also have appropriate agreed-upon release language on the back of each check as well as the statement: "This check cannot be negotiated without a signature."  Checks issued to Settlement Class Members who are current distributors shall also have the following language: "Signing, dating, and cashing this settlement check constitutes your express acceptance of, and signature on, both the Amendment and the Arbitration Agreement."  Current distributor Settlement Class Members who do not sign, date, and cash both settlement checks will be deemed excluded from the settlement, except that

any Class Member who inadvertently fails to date the check in the pre-printed area on the check will be contacted by the Settlement Administrator to complete the date field.

8.7.    The Parties agree to seek an order dismissing the Actions with prejudice and such other and additional orders upon the Final Approval Order and Judgment.

## 9.    Required Events and Cooperation by the Parties

9.1.    Defendant shall provide notice of this proposed Settlement in compliance with the Class Action Fairness Act of 2005 ("CAFA") within 10 days of filing of the motion for preliminary approval.  As soon as reasonably practicable after execution of the Settlement Agreement, the Parties shall submit the Settlement Agreement, including all Exhibits, to the Court for its Preliminary Approval and shall jointly move the Court for entry of an order, substantially in the form of Exhibit 11, which by its terms shall:

9.1.1.   Determine preliminarily that this Settlement Agreement and the terms set forth herein fall within the range of reasonableness meriting possible Final Approval and dissemination of Settlement Notices as set forth herein;

9.1.2.   Schedule the Fairness Hearing to: (i) determine finally whether the proposed settlement satisfies the applicable requirements of Rule 23; (ii) review objections, if any, regarding the Settlement Agreement; (iii) consider the fairness, reasonableness, and adequacy of the Settlement Agreement and its terms; (iv) consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; (v) determine the validity of any Exclusion Requests and exclude from the Class those persons who are eligible to exclude themselves under the terms set forth herein and who validly and timely exclude themselves by the Exclusion Date; and (vi) consider whether the Court shall issue the Final Approval Order and Judgment, approving the settlement and dismissing the Actions with prejudice;

9.1.3.   Set a briefing schedule for: (i) a joint motion for final approval; (ii) Class Counsel's motion for attorneys' fees and costs; and (iii) Named Plaintiffs' motion for any Service Awards;

9.1.4.   Approve the proposed Settlement Notices and Notice Program;

9.1.5.   Direct the Settlement Administrator to cause the Settlement Notice to be disseminated in the manner set forth in the Notice Program on or before the Settlement Notice Deadline;

9.1.6.   Determine that the Settlement Notices and the Notice Program: (i) meet the requirements of Rule 23(c)(3) and due process; (ii)  are the best practicable notice under the circumstances; (iii) are reasonably calculated, under the circumstances, to apprise applicable Class Members of the pendency of the Action(s), their right to object to the proposed Settlement, exclude themselves from the settlement, or participate within the timeframe provided herein; and (iv) are reasonable and constitute due, adequate, and sufficient notice to all those entitled to receive notice.

9.1.7.   Require each Class Member who is not also a Named Plaintiff or FLSA Collective Member who wishes to exclude himself or herself from the Settlement to submit a timely and valid written Exclusion Request, on or before the Exclusion Date, to the Settlement Administrator;

9.1.8.   Require each FLSA Collective Member who is also a Class Member (but not a Named Plaintiff) who wishes to exclude himself or herself from the Settlement to submit a timely and valid written Exclusion Request, on or before the Exclusion Date, to the Settlement Administrator and contact Class Counsel to withdraw from the *Caddick* lawsuit by the Withdrawal Date.

9.1.9.   Require each FLSA Collective Member (who is not also a Class Member or Named Plaintiff) who does not wish to participate in the Settlement to contact Class Counsel to withdraw from the *Caddick* lawsuit by the Withdrawal Date.

9.1.10.   Order that all Settlement Class Members will be bound by all proceedings, orders, and judgments in the Actions;

9.1.11.   Require any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, to the award of Attorneys' Fees and Expenses, or to any Service Awards, to submit to the Court, Class Counsel, and Defense Counsel by the Objection Date a statement of his or her objection; and

9.1.12.   Establish the following:

9.1.12.1.   The date and time of the Fairness Hearing, which the Parties agree shall not be on a date or time that is less than 90 days after notice is sent to the appropriate officials under CAFA;

9.1.12.2.   The date by which the Settlement Notices shall issue;

9.1.12.3.   The date by which any Exclusion Request, any objections, and any withdrawal request are due.

9.2.   The Parties represent and acknowledge that each intends to implement the Settlement Agreement.  The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement.

## 10.   Settlement Administration

10.1.   Subject to approval by the Court, the Settlement Administrator shall be responsible for mailing the Settlement Notices; receiving and logging and Exclusion Requests; researching

DocuSign Envelope ID: 95ABD6E9-C7E1-43C2-A88C-4AF8020CAD74

and updating addresses through skip-traces and similar means; answering questions from Settlement Class Members; reporting on the status of the claims administration to counsel for the Parties; sending the notices required by CAFA within the appropriate time period; preparing a declaration regarding its due diligence in the claims administration process; providing the Parties with data regarding Exclusion Requests; distributing settlement checks; reporting and paying, as necessary, applicable taxes on settlement payments; and doing such other things as the Parties may direct.

10.2.    Within seven (7) days after the Court's Preliminary Approval, Defendant will provide to the Settlement Administrator a database listing of the names, last known addresses, dates contracted by Tasty as distributors during a Covered Period, and social security numbers or dates of birth of the Named Plaintiffs, FLSA Collective Members, and Class Members.

10.3.    The Settlement Administrator will perform the following functions in accordance with the terms of this Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order and Judgment:

10.3.1.    Provide for the Settlement Notices (with the Fairness Hearing dates) to be sent by mail to all applicable Class and FLSA Collective Members that can be identified through a reasonable effort;

10.3.2.    Provide to Defense Counsel and Class Counsel, 14 days after the first mailing of the Settlement Notices and then updated every 14 days thereafter: (i) a list of the names and addresses of all Class Members or FLSA Collective Members whose Settlement Notices have been returned to the Settlement Administrator as undeliverable along with a report indicating steps taken by the Settlement Administrator to locate updated address information for such Class Members and FLSA Collective Members and to resend the Settlement Notices, and/or whose

DocuSign Envelope ID: 95ABD6E9-C7E1-43C2-A880-4AF8020CAD74

Settlement Notices have been forwarded to an updated address by the United States Postal Service; (ii) a separate list of the names and addresses of all Settlement Class Members who are not Named Plaintiffs who have submitted documents indicating that they wish to object to the settlement; and (iii) a separate list of the names and addresses of all Settlement Class Members who are not Named Plaintiffs who have submitted documents indicating that they wish to challenge the payment calculations along with copies of all such documents.

10.3.3.    Process challenges to the payment calculations and process objections to the Settlement in accordance with this Settlement Agreement;

10.3.4.    Mail settlement payments to Settlement Class Members, as ordered by the Court in the Proposed Final Approval Order, in accordance with this Settlement Agreement, including but not limited to: (i) ensuring that the checks issued to all Settlement Class Members shall have appropriate agreed-upon release language on the back of each check as well as the statement: "This check cannot be negotiated without a signature."; (ii) ensuring that the additional $3,500 checks issued to Settlement Class Members who are current distributors have the following language: "Signing, dating, and cashing this settlement check constitutes your express acceptance of, and signature on, both the Amendment and the Arbitration Agreement."; and (iii) ensuring that current distributor Settlement Class Members who do not sign, date, and cash both settlement checks are excluded from the settlement.[7]

10.3.5.    Convey payment(s) for Attorneys' Fees and Costs to Class Counsel by wire transfer to Saltz, Mongeluzzi, & Bendesky, P.C., as ordered by the Court in the Final Approval Order, in accordance with the Settlement Agreement;

---

[7] Except that any Class Member who inadvertently fails to date the check in the pre-printed area on the check will be contacted by the Settlement Administrator to complete the date field.

10.3.6.    Mail Service Awards to Named Plaintiffs, as ordered by the Court in the Final Approval Order;

10.3.7.    Establish, designate, and maintain a Settlement Fund for the Lawsuit as a "qualified settlement fund" under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1;

10.3.8.    Maintain the assets of the Settlement Fund in a non-interest-bearing escrow account segregated from the assets of Defendant and any person related to Defendant;

10.3.9.    Obtain employer identification numbers for the Settlement Fund pursuant to Treasury Regulation § 1.468B-2(k)(4);

10.3.10.  Prepare and file federal income tax returns for the Settlement Fund, as well as any other tax filings the Class Settlement Fund must make under federal, state, or local law;

10.3.11.  Prepare, file, and issue all necessary tax reporting forms for the Settlement Fund, including Form W-2 Statutory Employees and IRS Forms 1099 regarding the distribution of payments to the Settlement Class Members, Class Counsel, and Named Plaintiffs as set forth herein;

10.3.12.  Provide Defendant with copies of all tax reporting and filings made for the Settlement Fund, including copies of the checks and the Form W-2 Statutory Employees and IRS Forms 1099 issued to Settlement Class Members and Named Plaintiffs, and any other documentation to show that the tax reporting and filings were timely transmitted to the claimants and the applicable taxing authorities;

10.3.13. Pay any additional tax liabilities (including penalties and interest) that arise from the establishment and administration of the Settlement Fund solely from the assets of the Settlement Fund without any recourse against Defendant for additional monies;

10.3.14. Liquidate any remaining assets of the Settlement Fund after all payments to the Settlement Class Members, Class Counsel, and Named Plaintiffs have been made and all tax obligations have been satisfied, and distribute all unclaimed funds to the court-designated *cy pres* beneficiar(ies) if less than $35,000.00; otherwise, a *pro rata* second distribution to Settlement Class Members shall occur from the se unclaimed funds.  To the extent a *cy pres* beneficiary is necessary, the Parties suggest the court designate the following organizations to share equally in any residual funds: The Pennsylvania IOLTA Board and Legal Services of New Jersey;

10.3.15. Provide Defendant with copies of all signed, dated, and cashed settlement checks; and

10.3.16. Notify the Parties that the Settlement Fund will be terminated unless the Parties contact the Settlement Administrator within ten business days.

10.4. The Parties will be jointly responsible for providing the Settlement Administrator with the necessary information to facilitate notice and claims administration (including, but not necessarily limited to, the full legal name, last known address, and dates of contract of each Named Plaintiff, FLSA Collective Member, and/or Class Member).

10.5. In the event a Settlement Class Member disputes the accuracy of information upon which settlement payments are calculated, the Parties agree that Defendant's business records will be conclusive as to the dates a Settlement Class Member was a distributor.

10.6.    Class Counsel will calculate settlement payments to each Settlement Class Member under this Settlement Agreement and provide this information to the Settlement Administrator for purposes of processing the settlement checks.

10.7.    Defendant acknowledges that it is responsible for ensuring that timely notice is mailed to the appropriate entities pursuant to CAFA and agree to work diligently with the Settlement Administrator, who will be responsible for actually sending the required notices, to ensure this notice is sent timely and in the manner prescribed by law.

10.8.    The costs of notice and administration of the settlement will be paid from the Settlement Fund.

## 11.    Notice to the Settlement Class, Objection, Exclusion and Withdrawal Rights

11.1.    Within two weeks of the date the Court grants Preliminary Approval of the Settlement, as the Court may direct, the Parties shall cause the Settlement Notices to be disseminated via U.S. Mail with Tracking pursuant to the Notice Program, in a manner that comports with constitutional due process and the requirements of Rule 23, as set forth below:

11.1.1. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 6A to be sent to current distributor Class Members who are not Named Plaintiffs or FLSA Collective Members;

11.1.2. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 6B to be sent to former distributor Class Members who are not Named Plaintiffs or FLSA Collective Members;

11.1.3. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 7A to be sent to current distributor FLSA Collective Members who are also Class Members but not Named Plaintiffs.

DocuSign Envelope ID: 95ABD6E9-C7E1-43C2-A89C-4AF8020CA874

11.1.4. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 7B to be sent to former distributor FLSA Collective Members who are also Class Members but not Named Plaintiffs.

11.2.   The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 8A to be sent to current distributors who are FLSA Collective Members only (and not also Class Members or Named Plaintiffs).

11.3.   The Settlement Administrator shall cause the Settlement Notices in form of Exhibit 8B to be sent to former distributors who are FLSA Collective Members only (and not also Class Members or Named Plaintiffs).

11.4.   The Parties agree that all Class Members and FLSA Collective Members who are not Named Plaintiffs but who are also Class Members who receive Settlement Notices in the form of Exhibit 6A, 6B, 7A and 7B shall have a period of forty-five (45) days to file any Exclusion Request or objection.

11.5.   The Parties agree that all FLSA Collective Members, including those who are or are not Class Members (but are not Named Plaintiffs), shall have a period of forty-five (45) days to contact Class Counsel to withdraw from the Action and not participate in the Settlement should they wish to do so.

11.6.   Claims administration expenses and notice expenses shall be paid from the Settlement Fund.

11.7.   The Settlement Notices attached in the form of Exhibits 6A, 6B, 7A and 7B shall comply with the requirements of Rule 23 and shall:

11.7.1. contain a short, plain statement of the background of the Actions and the proposed Settlement;

DocuSign Envelope ID: 95ABD6E9-C7E1-43C2-A89C-4AF8020CAD74

11.7.2. describe the proposed Settlement relief as set forth in this Settlement Agreement, including the requests of Class Counsel for Attorneys' Fees and Costs and Service Awards as described in this Settlement Agreement;

11.7.3. inform Class Members that, if they do not exclude themselves from the Settlement, they may be eligible to receive relief;

11.7.4. describe the procedures for participating in the Settlement and advising recipients of this Notice of their rights, including their right to exclude themselves from the settlement, or object to the Settlement;

11.7.5. explain the scope of the Release, and the impact of the proposed Settlement Agreement on any existing litigation, arbitration or other proceeding;

11.7.6. state that any relief to Class Members under the Settlement Agreement is contingent on the Court's Final Approval of the proposed Settlement Agreement;

11.7.7. explain that Counsel for the Parties may not advise on the tax consequences of participating or not participating in the Settlement;

11.7.8. explain the procedures for opting out of the Settlement and specify that so-called "mass" or "class" opt-outs shall not be allowed; and

11.7.9. provide that any objection to the Settlement Agreement and any papers submitted in support of said objection will be considered only if the Settlement Class Member making an objection is not a Named Plaintiff and has submitted timely notice of his or her intention to do so, with the grounds for the objection, and has served copies of such papers he or she proposes to submit at the Fairness Hearing on Class Counsel and Defense Counsel on or before the Objection Date, as specified in the Settlement Notice.

11.8.    Any Settlement Class Member who intends to object to any aspect of the settlement, including the requested Attorneys' Fees and Costs, or Service Award, must do so on or before the Objection Date. To object, the Settlement Class Member must file a written objection with the Court on or before the Objection Date and serve it via first-class mail on Class Counsel and Defense Counsel and include: the name, address, telephone number, and email address of the Person objecting and, if represented by counsel, of his/her counsel. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections and must state whether he/she intends to appear at the Fairness Hearing, either with or without counsel. Any Settlement Class Member who fails to file and timely submit and serve a written objection in accordance with this Agreement shall not be permitted to object to the approval of the Settlement Agreement at the Fairness Hearing. The Parties may take discovery on an expedited basis regarding the objection from the objector and related third parties.

11.9.    Prior to the Fairness Hearing, Class Counsel shall provide to the Court documentation that the Settlement Notices were provided in accordance with the Notice Program.

11.10.  A Class Member, including an FLSA Collective Member who is also a Class Member (but who is not a Named Plaintiff) who wishes to file an Exclusion Request must do so on or before the Exclusion Date. To exclude himself or herself, the applicable Class Member must complete and send to the Settlement Administrator an Exclusion Request as set forth herein that is post-marked no later than the Exclusion Date. The Exclusion Request must be personally signed by the applicable Class Member requesting exclusion; contain the Class Member's full name, address, and phone number; and contain a statement that indicates a desire to be excluded from the Settlement Class. So-called "mass" or "class" exclusions on behalf of multiple individuals or groups shall not be allowed.

11.11. An FLSA Collective Member, including FLSA Collective Members who are also Class Members (but who are not Named Plaintiffs), who does not want to participate in the settlement must contact Class Counsel and notify them that they want to withdraw by the Withdrawal Date. FLSA Collective Members who are also Class Members (but not Named Plaintiffs) must both file a valid Exclusion Request by the Exclusion Date as discussed above and contact Class Counsel to withdraw by the Withdrawal Date discussed herein to exclude themselves from the settlement.

11.12. Except for those Class Members and applicable FLSA Collective Members who are also Class Members who timely and properly file an Exclusion Request, as applicable, and all FLSA Collective Members who submit a notice of intent to withdraw to Class Counsel by the Withdrawal Date, all other Class Members and FLSA Collective Action Members, including those who do not respond to the Notice, will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms and conditions and the release of claims described therein and will be bound by the judgment dismissing these Actions on the merits.

11.13. Any Class Member, including any FLSA Collective Member who is also a Class Member, who is not also a Named Plaintiff who properly files an Exclusion Request excluding him or herself from the Settlement Class shall: (a) not be bound by any orders or judgments entered relating to the settlement, including but not limited to the Release of Claims; (b) not be entitled to relief under, or be affected by, the Settlement Agreement; (c) not gain any rights by the Settlement Agreement; or (d) not be entitled to object to any aspect of the Settlement. For any Class Member who files an Exclusion Request, the statute of limitations for the Class Member's claims will begin to run again upon the Effective Date. The statute of limitations will similarly begin to run for any

FLSA Collective Member who withdraws from the *Caddick* lawsuit as well as any FLSA Collective/Class Member who both withdraws from the *Caddick* lawsuit and files an Exclusion Request.

## 12.   Payment from the Settlement Fund

12.1.   All settlement payments made to Settlement Class Members under this Settlement Agreement shall be considered non-employee compensation.

12.2.   For tax reporting purposes, except as provided in 12.3 below, Defendant, or as applicable the Settlement Administrator, shall report all settlement payments made to Settlement Class Members as non-employee compensation to the Settlement Class Members receiving settlement payments.

12.3.   For any Settlement Class Members whose distributorships are incorporated on the Effective Date, no reporting for tax purposes of the settlement payments is required.

12.4.   Settlement Class Members will be responsible for reporting such amounts on their tax returns and paying all applicable taxes on such amounts.  Settlement Class Members agree to indemnify and hold Class Counsel, the Parties and the Settlement Administrator harmless from any and all liability that may result from, or arise in connection with their failure to file and pay such taxes on any amounts received pursuant to this settlement.  No Settlement Funds shall be disbursed from the Settlement Fund until the Effective Date, except for costs payable to the Settlement Administrator for dissemination of Settlement Notice pursuant to the Notice Plan.

12.5.   In the event the Actions are not finally dismissed or are vacated or reversed on appeal, all Settlement Funds shall be immediately returned to Defendant.

## 13.    Settlement Fund Allocation

13.1.    No Settlement Class Member will be required to submit a claim form to receive a share of the Settlement Fund.

13.2.    The Parties agree to allocate the Settlement Fund as follows:

13.2.1. "Initial Payment Amount" means, for each Class Member, the amount calculated through the following formula: [Net Settlement Amount] **multiplied by** [the percentage generated from individual Class Member's workweeks during the Covered Period *divided by* the total combined workweeks of all Class Members during the Covered Period].  This estimated Initial Payment Amount shall be stated in each Class Member's Settlement Notice.

13.2.2. "Net Settlement Amount" means the net amount calculated through the following formula: [\$2,550,000.00 ("Settlement Amount")] **minus** [the sum of all Court-approved attorneys' fees and costs, including the estimated cost of notice and administration] **minus** [the sum of all Court-approved Service Awards to Named Plaintiffs] **minus** [\$3,500 *multiplied by* the number of Class Members offered the Amendment and Arbitration Agreement].

13.2.3.  "Final Payout Amount" means the amount to the payment actually paid to Class Members calculated by the formula in Section 13.2.1 **plus** the "Initial Payment Amount" for all Class Members' who are properly excluded from the Class that is to be recalculated and distributed pro rata to the Class Members pursuant to the formula in Section 13.2.1. without the excluded Class Members.

13.3.    Settlement Class Members who operate multiple territories shall collect monies allocated to alleged overtime on only one territory, which will be the territory that has the highest total overtime damages during the recovery period as determined by Class Counsel;

13.4.    Checks will be negotiable for 180 days. Ninety (90) days and one hundred and twenty (120) days after mailing, the Settlement Administrator will review the Settlement Fund account for uncashed checks and attempt to contact Settlement Class Members who have not cashed their checks to remind them of the negotiable period.   If the Settlement Class Member requests a new check, the Settlement Administrator will void the original check and reissue a check negotiable for forty-five (45) days.   Checks that are not cashed within the negotiable period will not result in unclaimed property under state-law.   Any unclaimed funds shall be paid to the court-approved *cy pres* beneficiaries if less than $35,000.00; otherwise, a *pro rata* second distribution to Settlement Class Members shall occur from these unclaimed funds.

13.5.    The Named Plaintiffs may petition the Court for approval of Service Awards in the amount of $5,000.00 per Named Plaintiff in recognition of their time and efforts in serving the Class and FLSA Collective by helping Class Counsel formulate claims and assisting in the Actions and settlement process.   Defendant will not object to the Named Plaintiffs' petition for Service Awards.   These Service Awards are separate from and in addition to the shares of the Settlement Fund that the Named Plaintiffs may be eligible to receive as Settlement Class Members, although the payments will be made from the Settlement Fund.   As a condition of receiving such Service Awards, Named Plaintiffs agree that they may not exclude themselves from this settlement and agree to sign a general release of all claims.   Final approval of the Agreement is not contingent upon the Court granting the requested Attorneys' Fees and Costs and Service Awards in full.

13.6.    Except as otherwise noted, the allocations described in 13.2 will be performed solely by Class Counsel and are subject to Court approval.

13.7.    Defendant and Defense Counsel will cooperate with Class Counsel to provide information from Defendant's records for purposes of locating persons in the Class and in

DocuSign Envelope ID: 95ABD6E9-C7E1-43C2-A880-4AF8020CAD74

determining the values to be used in calculating each Settlement Class Member's share of the Settlement Fund.

## 14.    Attorneys' Fees and Costs

14.1.    Class Counsel agrees to make an application to the Court for an award of Attorneys' Fees and Expenses in the Actions, and Defendant agrees not to oppose such application.  This application shall be filed prior to the objection deadline, and supplemented prior to the Final Approval Hearing.  If awarded by the Court, the Settlement Administrator shall pay Class Counsel directly within ten (10) days of the Effective Date.

## 15.    Miscellaneous Provisions

15.1.    The Parties agree to take all steps as may be reasonably necessary to secure approval of the Settlement Agreement, to the extent not inconsistent with its terms, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval of the Settlement Agreement in all respects.

15.2.    This Settlement Agreement, and any payments made pursuant to it, including payments made pursuant to the claim procedures set forth herein, will have no effect on the eligibility or calculation of benefits of current or former distributors of Tasty not covered by this Settlement Agreement.

15.3.    The Named Plaintiffs and Defendant's signatory hereby represent that they are fully authorized to enter this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

15.4.    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.

The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to implement and support this Settlement Agreement and the terms and conditions set forth herein.

15.5.    Class Counsel will use their best efforts for, will cooperate with Defense Counsel on, and will exercise good faith in obtaining the most participation possible in the settlement and to otherwise implement and support this Settlement Agreement and the terms and conditions set forth herein.

15.6.    As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and Defense Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

15.7.    The Parties agree to a stay of all proceedings in the Action(s), except such proceedings as may be necessary to complete and implement the Settlement Agreement, pending Final Court Approval of the Settlement Agreement.

15.8.    This Settlement Agreement shall be interpreted and enforced under federal law and under the laws of the State of Pennsylvania without regard to its conflicts of law provisions.

15.9.    Defendant will not communicate with Settlement Class Members about the settlement, except to direct questions to Class Counsel or the Settlement Administrator.

15.10.  Upon stipulation or with Court approval, the Parties may alter the above dates or time periods. The Parties may also make other non-substantive revisions to the Settlement Notice or other documents as necessary.

15.11.  All the Parties acknowledge that they have been represented by competent, experienced counsel throughout all arms-length negotiations which preceded the execution of this

DocuSign Envelope ID: 95ABD6E9-C7E1-43C2-A88C-4AF9020CAD74

Settlement Agreement and that this Settlement Agreement is made with advice of counsel who have jointly prepared this Settlement Agreement.

15.12.  The terms of this Settlement Agreement are confidential until it is filed in the Court. Even after the Settlement Agreement is filed with the Court, the Parties agree to keep the amounts paid to each individual Settlement Class Member confidential. This includes not publicizing or disclosing the specific monetary amounts each individual is to receive under this settlement, either directly or indirectly, that is, through agents, attorneys, or any other person or entity, either in specific or as to general existence or content, to any media, including on the internet and social media including, but not limited to Facebook, Twitter, MySpace, personal blogs and websites, the public generally, or any individual or entity. Notwithstanding the above, counsel for any party may take actions to implement this Settlement Agreement, including publicly filing it with the Court and issuing Court-approved Notice. Further, notwithstanding the foregoing, Settlement Class Members and Class Counsel may also disclose information concerning this Settlement Agreement to their respective immediate families, counsel, and tax advisors who have first agreed to keep said information confidential and to not disclose it to others, and Class Counsel may disclose information to courts in connection with declarations supporting adequacy as class counsel.  The foregoing shall not prohibit or restrict such disclosure as is required by law or as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement Agreement and shall not prohibit or restrict Settlement Class Members or Class Counsel from responding to any inquiry about this Settlement Agreement or the Action(s) or its underlying facts and circumstances by any governmental agency, or any regulatory organization. To the extent permitted by law, with respect to any such disclosure pursuant to the foregoing sentence, each Settlement Class Members and Class Counsel shall provide Defendant with as much notice as

possible of any request to make any above-described disclosure, and will use best efforts to ensure that if such disclosure occurs it will occur in a manner designed to maintain the confidentiality of this Settlement Agreement to the fullest extent possible. Finally, notwithstanding the foregoing, Defendant may disclose the specific financial terms of this Agreement for legal, accounting, and legitimate business purposes, in accordance with their usual business practice, and otherwise as required by law.

15.13.  The Parties to this Settlement Agreement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction will apply against any Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

15.14.  The terms and conditions of this Settlement Agreement constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Actions.  The Named Plaintiffs, on their own behalf and on behalf of the Settlement Class they represent, and Defendant accept entry of this Agreement based solely on its terms, and not in reliance upon any representations or promises other than those contained in this Settlement Agreement.  This Settlement Agreement may be modified only by writing and signed by the original Named Plaintiffs and by a duly authorized representative of Defendant and approved by the Court.

15.15.  This Settlement Agreement and the attachments hereto contain the entire agreement between the Parties relating to the Settlement Agreement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or a party's legal counsel, are merged in this Settlement Agreement. No rights may be waived except in writing. Notwithstanding the foregoing,

however, nothing in this Settlement Agreement shall otherwise affect or alter the rights and obligations of the Parties or Settlement Class Members, as set forth in their Distributor Agreements.

15.16.  This Settlement Agreement may be executed in one or more actual or electronically reproduced counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

15.17.  In the event one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect the same shall not affect any other provision of this Settlement Agreement but this Settlement Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

15.18.  This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

15.19.  In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the settlement, the terms of the Settlement Agreement supersede and control. Captions in this Settlement Agreement are for convenience and do not in any way define, limit, extend, or describe the scope of this Agreement or any provision in it.

15.20.  Unless otherwise stated herein, any notice to the Parties required or provided for under this Settlement Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

If to Class Counsel
Simon Paris
Saltz, Mongeluzzi & Bendesky, P.C.
1650 Market St., Floor 52
Philadelphia, PA 19103

If to Defense Counsel
Kevin P. Hishta, Esq.
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
191 Peachtree Street N.E., Suite 4800
Atlanta, GA 30303

## 16. Named Plaintiffs' Certifications

The Named Plaintiffs hereby certify that:

a)      They have signed this Settlement Agreement voluntarily and knowingly in exchange for the consideration described herein, which Named Plaintiffs acknowledge is adequate and satisfactory and beyond that to which Named Plaintiffs are otherwise entitled;

b)      They have been advised by Class Counsel and have consulted with Class Counsel before signing this Settlement Agreement; and

c)      They have been given adequate time to review and consider this Settlement Agreement and to discuss it with Class Counsel; Neither Defendant nor any of the Releasees have made any representations to Named Plaintiffs concerning the terms or effects of this Settlement Agreement other than those contained herein.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**CLASS COUNSEL:**

DATED: *10 - 8 - 2020*

Simon Paris, Esq

Saltz, Mongeluzzi & Bendesky, P.C.

Charles J. Kocher, Esq.

McOmber, McOmber & Luber, P.C.

**NAMED PLAINTIFFS:**

Plaintiff William Caddick

Dated: 10-9-2020 _____

_____

Plaintiff Stephen W. Hopkins

Dated: _____

_____

Plaintiff Anthony F. Bertino, Jr.

Dated: _____

_____

**DEFENDANT:**

DocuSign Envelope ID: 95ABD5E9-C7E1-43C2-A880-4AF8020CA974

**NAMED PLAINTIFFS:**

Plaintiff William Caddick

Dated: _____

_____

Dated: _10-9-2020_

Plaintiff Stephen W. Hopkins

_____

Plaintiff Anthony F. Bertino, Jr.

Dated: _____

_____

**FENDANT:**

**NAMED PLAINTIFFS:**

Plaintiff William Caddick

Dated: _____

_____

Plaintiff Stephen W. Hopkins

Dated: _____

_____

Plaintiff Anthony F. Bertino, Jr.

Dated: __10- 8 - 20__

**DEFENDANT:**

DocuSign Envelope ID: 95ABD6E0-C7E1-43C2-A880-4AF9020CAD74

Dated: 10/09/2020 | 6:45:56 PM EDT

Defendant Tasty Baking Company

By: Stephanie B. Tillman
36656FCD19F640B...

Its: Assistant Secretary

**DEFENSE COUNSEL:**

Dated: 10/08/20

Clark Whitney, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Kevin P. Hishta, Esq
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Margaret Santen, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

44507325.1

## **Exhibit 1**

## **Arbitration Agreement Packet**

# Arbitration Agreement Packet

This Arbitration Packet includes the following documents:

1. **Summary of the Arbitration Agreement and Related Amendment to your Distributor Agreement;**

2. **Amendment to Distributor Agreement; and**

3. **Arbitration Agreement.**

# Summary of the Arbitration Agreement and Related Amendment to your Distributor Agreement

As part of the settlement, by remaining in the settlement and by signing, dating, and cashing your settlement checks, you will be deemed to have signed and agreed to both the attached Amendment to your Distributor Agreement and the Arbitration Agreement (both of which are also attached as Exhibit 1 to the Settlement Agreement).  In exchange for your agreement to the attached Amendment and Arbitration Agreement, you will be paid $3,500 in addition to your allocated settlement amount under the Settlement Agreement.  If you do not want to agree to the Amendment and Arbitration Agreement, you must exclude yourself from the settlement entirely as outlined in the Notice – Excluding Yourself from the Settlement.

Arbitration is an alternative method of resolving disputes in which two parties present their individual sides of a dispute to an arbitrator, instead of filing a lawsuit or being part of a class action. An arbitrator is a neutral person selected by the parties in accordance with rules established by the American Arbitration Association.  The Association was founded in 1926 and specializes in resolving disputes.  Arbitrators generally have a business background which assists them in understanding disputes that arise in the distributor context.  The arbitrator weighs the facts and arguments of both parties and makes a binding decision.  The arbitrator's decision is not public and other distributors will not benefit from the decision.

The Arbitration Agreement requires you and Tasty to submit any dispute that may arise between you and Tasty to binding arbitration.  **This arbitration is limited to individual claims and you waive your right to sue in court and participate in any class action lawsuit or receive payment from a government action.**  This means that in the future, you would not be able to sue Tasty in court, or be part of a class action, for example, to challenge your independent contractor status like you are in this case.  You would be able to challenge your independent contractor status in front of an arbitrator, and bring other individual claims you may have.  Importantly, in arbitration, you can recover the same damages and relief as you could in court if you win.

Tasty will pay all fees and costs customarily associated with arbitration including arbitrator compensation, except for your attorney fees (if you choose to hire an attorney).  However, if you win, the arbitrator may award you costs and attorneys' fees to the same extent costs and attorneys' fees may be awarded in court.

Whether to agree to arbitration is an important decision.  There are pros and cons of arbitration that you should carefully consider and discuss with your attorney.

Some pros of arbitration in comparison to going to court include: it may be less expensive and Tasty pays all costs and fees associated with arbitration up front (subject to the arbitrator's ability to later award costs/fees to the prevailing party if permitted under the law), it may be faster, it may be more flexible, the rules of evidence and procedure are simplified, it is less formal, you and Tasty can mutually select an arbitrator best suited to your case, it is private, and you can recover the same types of damages you could recover in court. Another benefit is that you can challenge, at Tasty's expense, legal claims arising out of your relationship with Tasty that may be too small to seek a remedy for in court.

Some of the cons of arbitration in comparison to going to court include: the same procedural rules do not apply, the arbitrator's decision is binding with a very limited right to appeal, there is no jury, the rules of evidence are not strictly applied, awards in arbitrations may be inconsistent, you cannot benefit from a class action filed by others without filing suit yourself, and there is less transparency because the proceeding is not public. Additionally, this arbitration agreement requires you to waive your right to participate in future class action lawsuits, which means you will not be able to join with other distributors in claims against the company.

**AMENDMENT TO DISTRIBUTOR AGREEMENT**

**IF YOU SIGN, DATE, AND CASH YOUR SETTLEMENT CHECKS, YOU ARE DEEMED TO HAVE SIGNED AND AGREED TO THIS AMENDMENT, WHICH CONTAINS A MANDATORY AND BINDING ARBITRATION PROVISION.**

Whereas, TASTY BAKING COMPANY ("COMPANY") and DISTRIBUTOR (either individually or as a business entity) have previously entered into a Distributor Agreement ("Agreement") pursuant to which DISTRIBUTOR acquired certain Distribution Rights; and

Whereas, the parties agree that it is desirable to submit claims and disputes on an individual basis to binding arbitration and to allow an arbitrator to award all relief available under the law;

Whereas, the parties agree that certain other amendments to the Agreement are mutually beneficial;

Therefore, in consideration of these premises, and the terms contained herein, the parties mutually agree as follows:

1.  To the extent DISTRIBUTOR has any of the following provisions in his/her/its Distributor Agreement, they are hereby deleted in their entirety:

    a.  The Right of First Refusal provision;
    b.  Payment Upon Termination and Sole Remedy provision;
    c.  Statute of Limitations provision;
    d.  Covenant Not To Compete provision;
    e.  Damages provision waiving or limiting potential damages in any way;
    f.  Waiver of Jury Trial provision, excluding the jury trial waiver in the attached Arbitration Agreement as all claims shall be submitted to binding arbitration; or
    g.  Governing Law and Jurisdiction.

2.  The following Choice of Law provision is hereby incorporated in the Agreement:

    Choice of Law: This Agreement shall be governed by and construed in accordance with the laws of the state of Pennsylvania both as to interpretation and performance, without regard to such state's conflict-of-laws rules.

3.  Any Company Breach provision in the Agreement is hereby amended to read as follows:

    **Company Breach:** If DISTRIBUTOR maintains that COMPANY is in breach of this Agreement, DISTRIBUTOR should notify COMPANY in writing of the alleged breach. Such written notice should include the specific section of this Agreement DISTRIBUTOR maintains has been breached and sufficient facts to provide reasonable notice to COMPANY of the action or failure to act which DISTRIBUTOR maintains is a breach of this Agreement.

> Upon receipt of the DISTRIBUTOR's notice of breach, COMPANY shall have ten (10) business days to investigate and cure any breach.  Any failure to comply with this provision shall not affect DISTRIBUTOR's right to submit a claim to mandatory and binding arbitration.

4.   Any Dispute Resolution provision in the Agreement is hereby amended as follows:

> Any provision allowing either party to initiate litigation is hereby deleted in its entirety as all claims shall be submitted to binding arbitration.

> The confidentiality provision is changed to read: All negotiations and mediation pursuant to this Article are confidential and shall be treated as compromise and settlement negotiations for the purposes of the Federal Rules of Evidence and any similar state rules of evidence.

> The tolling provision is changed to read:  All applicable statutes of limitation and defenses based upon the passage of time shall be tolled during the negotiation and mediation procedures specified in the Article. All deadlines specified in such procedures may be extended by mutual agreement of the parties.

5.   The following Notice provision is hereby incorporated into the Agreement, if not already present:

> **Notice:** Any notice required or permitted under this Agreement shall be deemed properly given and received on the date received if hand delivered; on the next business day after deposit with a nationally recognized overnight courier service for overnight delivery; or three (3) days after deposited in the mails, return receipt requested, registered or certified mail postage pre-paid, to the respective address set forth at the beginning of this Agreement or at such other address as either party may designate by written notice given pursuant to this section.

6.   The following Mandatory and Binding Arbitration provision is hereby incorporated in the Agreement:

> **MANDATORY AND BINDING ARBITRATION:**   All claims, disputes, and controversies arising out of or in any manner relating to this Agreement or any other agreement executed in connection with this Agreement, or to the performance, interpretation, application or enforcement hereof, including, but not limited to breach hereof and/or termination hereof, which has not been resolved pursuant to any negotiation and mediation provisions in the Agreement or otherwise, shall be submitted to individual binding arbitration in accordance with the terms and conditions set forth in the Arbitration Agreement attached hereto as **Exhibit 1**, excepting only such claims, disputes, and controversies as specifically excluded therein.

7.      Should any portion, word, clause, sentence or paragraph of this Amendment be declared void or unenforceable, including any portion, word, or clause of the Arbitration Agreement attached hereto, such portions shall be modified or deleted in such a manner as to make this Agreement as modified legal and enforceable to the fullest extent permitted under applicable law.

8.      Except as specifically set forth herein, the Agreement, including any prior amendments thereto, remains in full force and effect except as specifically amended by the terms herein. Such Agreement, including any prior amendments thereto, and this Amendment set forth the entire agreement between the parties as of the date this Amendment is executed and may not be modified except by written agreement of the parties or as otherwise set forth in the Agreement.

The parties acknowledge that each has entered this Amendment voluntarily, that each understands the provisions herein, and that no promise or inducement not contained herein has been made regarding this Amendment.

DISTRIBUTOR is deemed to have signed and agreed to this Amendment and the attached Arbitration Agreement by signing, dating, and cashing the settlement checks pursuant to the Settlement Agreement and court order associated with the settlement of *William Caddick and Stephen Hopkins, individually and on behalf of all others similarly situated, v. Tasty Baking Company*, Case No. 2:19-cv-02106-JDW,  and *Anthony F. Bertino, Jr., individually and on behalf of all others similarly situated, v. Tasty Baking Company*, Case No. 1:20-cv-03752-NLH-JS.

| DISTRIBUTOR, individually and on behalf of any business entity through which he or she performs services under the Distributor Agreement | COMPANY |
|---|---|
| By: _/S/ Distributor signature appears on settlement checks (copy attached)_ | By:_____ |
|  | Its: _____ |
|  | Print Name: _____ |
| Date: _Effective date appears on settlement checks._ | Date: _____ |

**EXHIBIT 1**

**ARBITRATION AGREEMENT**

The parties agree that any claim, dispute, and/or controversy except as specifically excluded herein, that either DISTRIBUTOR (which for purposes of this Arbitration Agreement includes its owner(s), director(s), officer(s), member(s), manager(s), employee(s), and agent(s)) may have against COMPANY (and/or its affiliated companies and its and/or their directors, officers, managers, employees, and agents and their successors and assigns) or that COMPANY may have against DISTRIBUTOR, arising from, related to, or having any relationship or connection whatsoever with the Distributor Agreement between DISTRIBUTOR and COMPANY ("Agreement"), including the termination of the Agreement, services provided to COMPANY by DISTRIBUTOR, or any other association that DISTRIBUTOR may have with COMPANY ("Covered Claims") shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.) ("FAA") in conformity with the Commercial Arbitration Rules of the American Arbitration Association ("AAA" or "AAA Rules"), or any successor rules, except as otherwise agreed to by the parties and/or provided herein. Such arbitration shall be conducted before a single arbitrator unless all parties to the arbitration agree otherwise in writing. Copies of AAA's Rules are available on AAA's website (www.adr.org).

COMPANY shall pay for all arbitration fees and costs that are customarily associated with AAA arbitration, including the Initial Filing Fee and the Final Fee as set forth in the AAA Rules and all arbitrator compensation. COMPANY shall receive any refunds of any fees for settled or withdrawn cases, less any non-refundable portion thereof, in accordance with the AAA Rules. Each party may be represented by legal counsel of their own choosing. Each party shall pay its own attorneys' fees, provided that an Arbitrator may award attorney's fees and costs to the prevailing party under any applicable statute or written agreement to the same extent that attorney's fees and costs could be awarded in court. The arbitration shall be subject to the same burdens of proof and statutes of limitations as if the Covered Claims were being heard in court. The Arbitrator shall issue a written decision within forty-five (45) days of the later of: (1) the arbitration hearing; or (2) submission of the parties' post-arbitration briefs. The Arbitrator's written decision shall include findings of fact and conclusions of law. The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law had the Covered Claim been brought on an individual basis in such forum, including attorneys' fees and costs. Subject to the parties' right to appeal, the decision of the arbitrator will be final and binding. The Arbitrator shall not have the authority to add to, amend, or modify, existing law. No arbitration award or decision will have any preclusive effect as to any issues or claims in any dispute, arbitration, or court proceeding where any party was not a named party in the arbitration.

All Covered Claims against COMPANY must be brought by DISTRIBUTOR on an individual basis only and not as a plaintiff or class member in any purported class, collective, representative, or multi-plaintiff action. DISTRIBUTOR further agrees that if it is within any such class, collective, representative, or multi-plaintiff action, it will take all steps necessary to opt-out of the action or refrain from opting in or joining, as the case may be, and DISTRIBUTOR expressly waives any right to recover any relief from any such class, collective, representative, or multi-plaintiff action. Similarly, all Covered Claims by COMPANY against DISTRIBUTOR may not be brought as a plaintiff or class member in any purported class, collective, representative, or multi-plaintiff action. The parties understand that there is no right or authority for any Covered Claim to be heard or arbitrated on a multi-plaintiff, collective, or class action basis, as a private attorney

general, or any other representative basis.  The parties understand that there are no bench or jury trials and no class, collective, representative, or multi-plaintiff actions are permitted and such rights are waived under this Arbitration Agreement.  The Arbitrator shall not consolidate claims of different distributors into one proceeding, nor shall the Arbitrator have the power or authority to hear arbitration as a class, collective, representative, or multi-plaintiff action. The Arbitrator may award damages on an individual basis only.

**TO THE MAXIMUM EXTENT PERMITTED BY LAW, BOTH PARTIES EXPLICITLY WAIVE ANY RIGHT TO: (1) INITIATE OR MAINTAIN ANY COVERED CLAIM ON A CLASS, COLLECTIVE, REPRESENTATIVE, OR MULTI-PLAINTIFF BASIS EITHER IN COURT OR ARBITRATION; (2) SERVE OR PARTICIPATE AS A REPRESENTATIVE OF ANY SUCH CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION; (3) SERVE OR PARTICIPATE AS A MEMBER OF ANY SUCH CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION; OR (4) RECOVER ANY RELIEF FROM ANY SUCH CLASS, COLLECTIVE, REPRESENTATIVE, OR MULTI-PLAINTIFF ACTION.**

Any dispute concerning the validity or enforceability of this prohibition against class, collective, representative, or multi-plaintiff action arbitration shall be decided by a court of competent jurisdiction, and no arbitrator shall have any authority to consider or decide any issue concerning the validity or enforceability of such prohibition. Any issues concerning arbitrability of a particular issue or claim under this Arbitration Agreement (except for those concerning the validity or enforceability of the prohibition against class, collective, representative, or multi-plaintiff action arbitration and/or applicability of the FAA) shall be resolved by the arbitrator, not a court.  In any case in which (1) the dispute is filed as a class, collective, or multi plaintiff action and (2) there is a final judicial determination that all or part of the class action waiver is unenforceable, the class, collective, or multi-plaintiff litigation must be litigated in a civil court of competent jurisdiction, and not in arbitration.

The Arbitrator shall have the authority to consider and rule on dispositive motions in accordance with AAA Rule 33.  The Arbitrator will allow the parties to conduct adequate discovery including, but not limited to, issuing subpoenas to compel the attendance of witnesses at the arbitration hearing in accordance with AAA Rule 34(d); exchanging documents in accordance with AAA Rule 22; and taking depositions.

Covered Claims covered under this Arbitration Agreement include, but are not limited to: breach of contract, any claims challenging the independent contractor status of DISTRIBUTOR, claims alleging that DISTRIBUTOR was misclassified as an independent contractor, any other claims premised upon DISTRIBUTOR's alleged status as anything other than an independent contractor, tort claims, discrimination claims, retaliation claims, and claims for alleged unpaid compensation, civil penalties, or statutory penalties under either federal or state law.

This Arbitration Agreement does not cover claims relating to whistleblowers and/or unlawful retaliation arising under the Sarbanes-Oxley Act; disputes involving any ERISA-based benefit plans that provide for arbitration; or any other claim that must be excluded from arbitration by applicable federal or state law.  This Arbitration Agreement also does not preclude either DISTRIBUTOR or COMPANY from seeking provisional remedies such as temporary restraining orders or preliminary injunctions in accordance with applicable law. A party's seeking or obtaining

such provisional remedies shall not be considered a waiver of that party's right to arbitration under this Arbitration Agreement.

Nothing in this Arbitration Agreement is intended to affect or limit DISTRIBUTOR's right to file an administrative charge or otherwise seek relief from any administrative or federal or state government agencies (although if DISTRIBUTOR chooses to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to the provisions of this Arbitration Agreement).

Subject to applicable law limiting confidentiality, the parties agree that arbitration proceedings under this Arbitration Agreement are to be treated as confidential. The parties agree that neither they nor their counsel will reveal or disclose the substance of the arbitration proceedings, or the result, except (a) as required by subpoena, court order, or other legal process, or (b) as otherwise necessary or appropriate in the prosecution or defense of the case, or (c) as required by law. If disclosure is compelled of one party by subpoena, court order or other legal process, or as otherwise required by law, the party agrees to notify the other party as soon as practicable after notice of such process is received and before disclosure takes place. The parties may, however, disclose such information to their legal representatives, accountants, tax advisors, or members of their immediate families as necessary so long as they agree to maintain such information in strict confidence. COMPANY may also disclose such information to individuals in affiliated companies for legal reporting purposes and other legitimate business reasons.

Any request for arbitration must be in writing and provided to the other party and to AAA by certified or registered mail, return receipt requested, within the time period provided for by the statute(s) of limitations applicable to the claim(s) asserted. The request must set forth a statement of the nature of the dispute, including the alleged act or omission at issue; the names of all persons involved in the dispute who are known to the claimant at the time of filing; the amount in controversy, if any; and the remedy or remedies sought. The parties agree that either the filing or the service of a request for arbitration shall toll all applicable statutes of limitation and other time limitations to the same extent that a filing in court would toll applicable statutes of limitation and other time limitations in an action in court.

**DISTRIBUTOR acknowledges that this is an important document that affects its legal rights and that the DISTRIBUTOR has been given the opportunity to discuss this Arbitration Agreement with private legal counsel.** If any provision of AAA's Rules or of this Arbitration Agreement are determined to be unlawful, invalid, or unenforceable, such provisions shall be enforced to the greatest extent permissible under the law, or, if necessary, severed, and all remaining terms and provisions shall continue in full force and effect.  This Arbitration Agreement may be modified or terminated by COMPANY after thirty (30) days written notice to DISTRIBUTOR.  Any modifications or terminations shall be prospective only and shall not apply to any claims or disputes that are pending in arbitration or that have been initiated by either party pursuant to the AAA Rules. The parties also agree that nothing herein is intended to, or does, affect or otherwise change the independent contractor relationship between them and that adequate and sufficient consideration has been provided for in this Arbitration Agreement, including but not limited to the  consideration from the Settlement Agreement requiring this Arbitration Agreement, the various other amendments to the Distributor Agreement as set forth in the Amendment that accompanies this Arbitration Agreement, and each party's promise to resolve their claims by arbitration. Finally, this Arbitration Agreement is the complete agreement of the parties on the subject of arbitration of disputes and supersedes any prior or contemporaneous oral or written

agreement or understanding on the subject. Any agreement contrary to the foregoing must be in writing signed by the COMPANY.

DISTRIBUTOR and COMPANY agree that this Agreement shall be governed by the FAA to the fullest extent permitted by private agreement, regardless of whether the FAA would apply in the absence of the parties' agreement that it does apply. The parties further agree that if any court determines that the FAA does not apply for any reason (notwithstanding the parties' express adoption of the FAA and agreement that it shall apply), then this Agreement shall be governed by the law of Pennsylvania, where COMPANY is headquartered, it being the express intent of the parties to allow for arbitration of claims to the maximum extent possible. If neither the FAA nor Pennsylvania law can be applied, the arbitration law of the state where DISTRIBUTOR resides shall apply.[1]

**DISTRIBUTOR acknowledges that he/she/it has received and read and specifically agrees to be bound by this Arbitration Agreement. DISTRIBUTOR understands that this Arbitration Agreement requires that disputes that involve matters subject to the Agreement be submitted to arbitration pursuant to the Arbitration Agreement rather than to a judge or jury in court and that such disputes must be brought on an individual basis only.**

DISTRIBUTOR is deemed to have signed and agreed to this Arbitration Agreement by signing, dating, and cashing the settlement checks pursuant to the Settlement Agreement and court order associated with the settlement of *William Caddick and Stephen Hopkins, individually and on behalf of all others similarly situated*, *v. Tasty Baking Company*, Case No. 2:19-cv-02106-JDW, and *Anthony F. Bertino, Jr., individually and on behalf of all others similarly situated, v. Tasty Baking Company*, Case No. 1:20-cv-03752-NLH-JS.

| DISTRIBUTOR, individually and on behalf of any business entity through which he or she performs services under the Distributor Agreement | COMPANY |
|---|---|
| By: */S/ Distributor signature appears on settlement checks (copy attached).* | By:_____ |
| | Its: _____ |
| Date: *Effective date appears on settlement checks.* | Print Name: _____ |
| | Date: _____ |

---

[1] In the event that Maryland law applies, the Maryland Uniform Arbitration Act shall be applied.

# EXHIBIT 2

## PENNSYLVANIA CLASS MEMBERS

The following chart lists those distributors who operate out of a Pennsylvania warehouse who have not previously signed an arbitration agreement with a class action waiver and who are not also FLSA opt-ins. This group of distributors, along with those Pennsylvania distributors without arbitration agreements who opted into the *Caddick* lawsuit, constitute the Pennsylvania Class Members. (In other words, the Pennsylvania Class Members consist of those distributors listed in Exhibit 2 and those Pennsylvania distributors that are in listed in Exhibit 9.)

PA Class – *3 years from date complaint filed (5/15/2016)

| Type | TOTAL | Current | Former |
|------|-------|---------|--------|
| PA – Not Opt-In | 119 | 83 | 36 |
| PA – Opt-in | 36 | 30 | 6 |
| **TOTAL** | 155 | 113 | 42 |

The chart below lists the PA Class. PA opt-ins are included in Exhibit 9.

| | DISTRIBUTOR | Corp Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 1. | Fies, Andrew | Fies, Inc. | 5684 | 10/30/2011 | | LEBANON |
| 2. | Brogna, Anthony | Brogna Boys, Inc. | 5872 | 2/9/2019 | | WILKES BARRE |
| 3. | Mitchell, Antonio | 1145 Enterprise Corporation | 2689 | 7/14/2013 | | NORTH WALES |
| 4. | Keller, Barry | | 5639 | 1/1/1989 | | HEREFORD |
| 5. | Brodt, Barry | BJ BRODT DISTRIBUTORS INC. | 5653 | 3/11/2012 | 7/17/2016 | BETHLEHEM |
| 6. | Guzick, III, Bernard | Hunter Distributing, Inc. | 8967 | 4/28/2013 | | SUNBURY |
| 7. | Totillo, Brian | Totillo Distributing Inc. | 5518 | 3/19/2001 | | ALTOONA |
| 8. | Myers, Brion | Kakes & More, Inc. | 3752 | 6/6/2010 | | 26TH STREET |
| 9. | Vachon, Bryan | BB Vachon, Inc. | 5654 | 7/22/2012 | | HARRISBURG |
| 10. | Pascale, Carmen | Fresh 69 | 3402 | 2/15/2015 | | 26TH STREET |
| 11. | Kehm, Dalton | | 5716 | 8/5/2002 | | READING |
| 12. | Nell, Daniel | | 5372 | 10/16/1989 | | YORK |
| 13. | Ioquinto, Danielle | Leylicia Inc. | 2508 | 6/29/2014 | 10/4/2018 | 26TH STREET |
| 14. | Yarwood, Danny | Yarwoods Snack Delivery Service | 5518 | 3/19/2001 | 10/29/2017 | ALTOONA |
| 15. | Baer, David | Four Baers Distribution, Inc. | 3386 | 8/4/2013 | | 26TH STREET |
| 16. | Confer, David | David D. Confer | 5688 | 8/29/1988 | 10/14/2018 | BETHLEHEM |
| 17. | Walters, David | | 5728 | 12/30/1985 | | SCRANTON |
| 18. | Nathan, David | Mancol, Inc | 5379 | 11/20/2011 | | HANOVER |
| 19. | Oakes, David | DCN Distributing, Inc. | 5637 | 2/11/2007 | | WILLIAMSPORT |
| 20. | Barner, Jr., David | DRB Distribution, Inc. | 5629 | 5/11/2008 | | BATH |
| 21. | Rager, Dean | | 5683 | 6/30/2003 | | LEBANON |
| 22. | Hess, Dennis | Hess Distributors Inc. | 3057 | 12/8/2019 | | NORTH WALES |
| 23. | Shearer, Derrick | Snack Food Company | 5382 | 3/3/2019 | | HANOVER |

| | DISTRIBUTOR | Corp Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 24. | Allen, DeVont | Legacy Distribution Inc. | 2134 | 04/12/15 | 6/8/2019 | 26TH STREET |
| 25. | Black, Douglas | D. L. Black, Inc. | 4373 | 7/18/2005 | | HANOVER |
| 26. | Muthler, Dukane | 2D Dist, Inc. | 5688 | 10/14/2018 | | WILLIAMSPORT |
| 27. | Pfirman, Dustin | DLP Distributing, Inc. | 5692 | 8/27/2006 | | WILLIAMSPORT |
| 28. | Bartashus, Edward | Woody Enterprise Inc. | 5742 | 1/22/2006 | 7/24/2016 | HAZLETON |
| 29. | Frees, Eric | Frees Incorporated | 4388 | 2/11/2007 | | LANCASTER |
| 30. | Carvalho, Eric | | 5713 | 8/13/2001 | | READING |
| 31. | Emrey, Eric | EJE Enterprises, Inc. | 4652 | 1/11/2015 | | LANCASTER |
| 32. | Gaida, Eric | E.R.G. Group Inc. | 5706 | 11/12/1990 | | NORTH WALES |
| 33. | Arroyo, Fernando | Arroyo Distributors, Inc | 5632 | 11/3/2019 | | BATH |
| 34. | Streibig, III, Francis | Von Streibig Corp. | 2703 | 2/25/2002 | | NORTH WALES |
| 35. | Merris, Frank | | 4397 | 4/16/2001 | | LANCASTER |
| 36. | Moritz, Gary | LG Distributions, Inc. | 5651 | 5/27/1996 | | BATH |
| 37. | Boyle, George | KOAK Enterprises, Inc. | 5678 | 7/23/1990 | | WILKES BARRE |
| 38. | Haupt, Glenn | A&B Distributors | 5638 | 4/1/2012 | | WILLIAMSPORT |
| 39. | Patel, Harshil | Jigar, Inc. | 2339 | 5/6/2012 | | 26TH STREET |
| 40. | Park, Hi | Surf City Distributors Inc. | 2334 | 10/4/2015 | | NORTH WALES |
| 41. | Radakovitz, James | Radakovitz, Inc. | 5682 | 2/11/2007 | | LEBANON |
| 42. | Shakespeare, James | JGS Cakes Inc | 2341 | 1/1/2006 | 11/19/2017 | PHILLY SOUTH |
| 43. | Sheard, James | | 2137 | 11/28/1994 | | NORTH WALES |
| 44. | Bosar, James | JamBar Distribution, Incorporated | 5519 | 9/11/2011 | | EAST FREEDOM |
| 45. | Gansel, Jason | JSG Distributing Inc. | 5707 | 5/23/2010 | 5/28/2017 | NORTH WALES |
| 46. | Flexer, Jason | JFLEX Corp. | 5643 | 4/17/2011 | | HEREFORD |
| 47. | Nogle, Jay | Elgon Enterprises | 5378 | 5/24/2004 | 12/8/2019 | YORK |
| 48. | Barnes, Jeffrey | J & M Barnes Distribution, Inc. | 3406 | 3/22/2014 | | WEST CHESTER |
| 49. | Cummings, Jeffrey | JTC Liberty, Inc. | 5389 | 1/6/2008 | | BATH |
| 50. | Fagan, Jeremy | J. Profit Co. | 2333 | 10/27/2019 | | 26TH STREET |
| 51. | Foulkrod, Jeremy | Jeremy Foulkrod Enterprises, Inc. | 5382 | 2/22/2015 | 3/3/2019 | HANOVER |
| 52. | Diamond, Jerimiah | Diamond Distributing, Inc. | 5739 | 9/23/2012 | 1/1/2017 | WILLIAMSPORT |
| 53. | Price, Joanne | Fernard Inc | 5703 | 2/21/2005 | 12/2/2018 | SPRING CITY |
| 54. | Dierwechter, John | | 5718 | 12/1/1991 | | LEBANON |
| 55. | Dougherty, John | IS.40:31, Inc. | 5664 | 10/25/2015 | 3/31/2019 | HARRISBURG |
| 56. | Curley, John | Aloha Inc. | 3383 | 11/18/2015 | | NORTH WALES |
| 57. | Broxton, Johnny | J & C Express Inc | 3753 | 9/20/2015 | 1/28/2019 | 26TH STREET |
| 58. | Park, Jong | JP Distribution, Inc. | 2053 | 12/2/2007 | | 26TH STREET |
| 59. | Ford, Joseph | Delicious Delivery Inc. | 3414 | 3/18/1996 | 1/15/2017 | NORTH WALES |
| 60. | Gallagher, Jr., Joseph | Gals Delivery Express | 3637 | 12/15/2003 | | 26TH STREET |
| 61. | Miller, Joshua | JM DISTRIBUTION INC. | 5876 | 11/9/2014 | 1/8/2017 | WILLIAMSPORT |
| 62. | Kauffman, Keith | KLK Distributing, Inc | 5373 | 7/18/2005 | 1/6/2019 | YORK |
| 63. | Kokinda, Kendra | Kokinda, Inc | 5743 | 3/17/2019 | | WILKES BARRE |
| 64. | Dowell, Kenneth | Do-Well Delivery Corporation | 4394 | 3/5/1990 | | LANCASTER |
| 65. | Smith, Kevin | LKKD Inc. | 3379 | 4/23/2017 | 2/18/2018 | NORTH WALES |

| | DISTRIBUTOR | Corp Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 66. | Edwards, Kyle | Kedwards, Inc. | 2343 | 1/18/2006 | | 26TH STREET |
| 67. | Hoban, Lawrence | LG Lynd Inc. | 2138 | 5/21/2006 | 4/30/2017 | PHILLY SOUTH |
| 68. | Mancini, Mark | JRS Distribution Inc. | 2139 | 10/11/2015 | | 26TH STREET |
| 69. | Kaylor, Mark | Mark Kaylor, Inc. | 5681 | 4/30/2006 | | LEBANON |
| 70. | Lamberti, Mark | NORTHeast Snacks Inc. | 5697 | 4/2/2006 | | SCRANTON |
| 71. | Nearhoof, Jr., Melvin | Butchs Snack Foods Inc. | 5621 | 4/25/2010 | | EAST FREEDOM |
| 72. | Garofalo, Michael | Garofalo Enterprises, Inc. | 5726 | 4/16/2006 | | SCRANTON |
| 73. | Garman, Michael | | 5704 | 3/31/1986 | | SUNBURY |
| 74. | Goodman, Michael | Mike's Delight's, Inc | 4393 | 8/18/2013 | 1/7/2018 | LANCASTER |
| 75. | Piscotty, Michael | | 5792 | 1/2/1995 | | WILKES BARRE |
| 76. | Rippy, Michael | Rippy's Distribution, Inc. | 5622 | 1/20/2013 | 11/28/2016 | WILLIAMSPORT |
| 77. | Bullers, Michael | Mike J. Bullers, Inc. | 5381 | 6/17/2007 | | HANOVER |
| 78. | Schaffer, Michael | Mick Dunk It, Inc. | 5388 | 2/24/2003 | | BATH |
| 79. | Bucks, Michael | MK Bucks, Inc. | 5717 | 1/22/2012 | | READING |
| 80. | Grassmyer, Nathan | Grassmyer Distributing, Inc. | 5878 | 04/22/18 | 7/26/2019 | WILLIAMSPORT |
| 81. | Immel, Nevin | NEVSHAR Inc. | 5709 | 11/2/2011 | | NORTH WALES |
| 82. | Whalen, Patrick | P. T. Whalen, Inc. | 5649 | 1/13/2008 | | BATH |
| 83. | Stepka, Patryk | Pats Distribution Incorporated | 2359<br>3378 | 7/22/2012<br>5/12/2019 | | 26TH STREET<br>26th STREET |
| 84. | Montgomery, Paul | | 3069 | 12/30/1985 | 9/17/2017 | PHILLY NORTH |
| 85. | Perea, Petrocelli | Apleo, Inc | 3387 | 3/15/2020 | | NORTH WALES |
| 86. | Milia, Philip | Pmilia Distributors Inc. | 5632 | 9/1/2013 | 11/3/2019 | BATH |
| 87. | Beam, Jr., Richard | REBEAMCO, Inc. | 5689 | 10/18/2009 | | HARRISBURG |
| 88. | Diamond, Ricky | R Diamond Distribution, Inc | 5878 | 3/29/2015 | 4/22/2018 | WILLIAMSPORT |
| 89. | Simmers, Robb | | 5387 | 4/29/2002 | | BATH |
| 90. | Leidy, Robert | Robert F Leidy Inc. | 3058 | 12/30/1985 | 6/18/2017 | NORTH WALES |
| 91. | Clunk, Robert | Rob Clunk Enterprises, Inc. | 5708 | 8/24/2014 | | NORTH WALES |
| 92. | Dando, Robert | Bobby Weston Cakes Inc | 3394 | 1/17/2016 | 12/31/2017 | 26TH STREET |
| 93. | Jones, Robert | Devon Deliveries | 3401 | 3/6/1989 | | 26TH STREET |
| 94. | Myers, Robert | MOE Cakes, Inc. | 3407 | 10/6/2013 | | WEST CHESTER |
| 95. | Paolino, Robert | CRM, Inc. | 3404 | 3/13/2000 | | WEST CHESTER |
| 96. | Seifert, Jr., Robert | R.W.S. Enterprises, Inc. | 5394 | 2/24/2003 | | BATH |
| 97. | Smith, Ronald | Smitty's Boys Distributing, Inc. | 2333 | 4/20/2014 | 10/27/2019 | 26TH STREET |
| 98. | Batista, Rowin | Kelwin Distributors Inc. | 2328 | 3/25/2012 | | 26TH STREET |
| 99. | Connaghan, Sean | Conn Inc | 3373 | 6/29/2008 | 3/18/2018 | NORTH WALES |
| 100. | Jackson, Shawn | SRK Treasures Inc. | 3414<br>2134 | 1/15/2017<br>7/28/2019 | | 26TH STREET<br>26TH STREET |
| 101. | Sebastian, Jr, Stephen | Stephen F. Sebastian, Jr | 5872 | 6/19/1995 | 2/10/2019 | WILKES BARRE |
| 102. | Geary, Stephen | L & S Distributing Inc. | 3393 | 3/4/2012 | 7/30/2017 | North Wales |
| 103. | Bademan, Steven | Fleming Bademan, Inc. | 3382 | 1/6/1992 | | NORTH WALES |
| 104. | Neider, Jr., Steven | | 5719 | 7/31/2000 | | READING |
| 105. | Kempski, Terrence | K & T Distributors, Inc. | 3757 | 2/6/2011 | 9/15/2019 | WEST CHESTER |
| 106. | Davey, Jr., Thomas | T.R.D Inc | 2337 | 2/20/1989 | 5/19/2019 | 26TH STREET |
| 107. | Wasley, Thomas | Thomas J. Wasley, Inc. | 5793 | 2/8/1988 | | WILKES BARRE |

3

|  | DISTRIBUTOR | Corp Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
|  |  |  | 5794 | 9/1/1997 |  | WILKES BARRE |
| 108. | Burcicki, Thomas |  | 5677 | 2/23/2014 |  | WILKES BARRE |
| 109. | Wasley, Jr., Thomas | Thomas J. Wasley Jr., Inc. | 5873 | 9/1/1997 |  | WILKES BARRE |
| 110. | Jessee, Timothy |  | 5374 | 8/6/2001 |  | YORK |
| 111. | Eastman, Troy | TROHN, Inc. | 2507 | 3/8/2015 |  | 26TH STREET |
| 112. | Pasquale, Vincent |  | 5711 | 4/3/2000 | 6/11/2017 | Reading |
| 113. | Rawa, Jr, Vincent |  | 5694 | 6/3/1991 |  | SUNBURY |
| 114. | Pontry, Vincent | VJP Enterprise, Inc. | 5734 | 2/12/2006 |  | WILKES BARRE |
| 115. | Rubino, Vincent | VinKar, Inc | 5731 | 9/16/2007 |  | SCRANTON |
| 116. | Wescott, W |  | 5727 | 6/4/1990 |  | SCRANTON |
| 117. | Ferschke, William | WM J Ferschke Inc. | 3757 | 9/15/2019 |  | WEST CHESTER |
| 118. | Funk, Jr., William | J & L Snacks Inc. | 5644 | 2/19/2012 |  | BATH |
| 119. | Kelly, William | Tanyakake, Inc. | 4653 | 4/12/2015 | 6/3/2018 | LANCASTER |

44506274.1

4

# EXHIBIT 3

## PENNSYLVANIA DISTRIBUTORS WHO HAVE PREVIOUSLY SIGNED AN ARBITRATION AGREEMENT WITH A CLASS ACTION WAIVER

The following chart lists those distributors who operate(d) out of a Pennsylvania warehouse who have previously signed an arbitration agreement with a class action waiver and who are not also FLSA opt-ins.  Per the terms of the Settlement Agreement, these distributors are excluded from the settlement.

PA Class – *3 years from date complaint filed (5/15/2016)
 (distributors with Arbitration Agreements)

| Type | TOTAL | Current | Former |
|------|-------|---------|--------|
| PA – Not Opt-In | 97 | 56 | 41 |

The chart below lists PA distributors.  PA opt-ins are included in Exhibit 10.

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 1 | Keefe, John | | 5686 | 12/30/1985 | | BATH, PA |
| 2 | Nell, John | | 5377 | 4/18/1988 | | YORK, PA |
| 3 | Gemberling, Mark | | 5733 | 9/30/1996 | | SUNBURY, PA |
| 4 | Long, Todd | | 5631 | 1/7/1991 | | BATH, PA |
| 5 | Olah, John | | 5881 | 8/19/2002 | | STROUDSBURG, PA |
| 6 | Priestley, Charles | Charles E. Priestley Jr., Inc. | 3413 | 12/30/1985 | | 26TH STREET, PA |
| 7 | MacKay, Brian | Brian Mackay, Inc. | 3409 | 8/4/2003 | | WEST CHESTER, PA |
| 8 | McKim, Ernest | E. C. McKim, Inc. | 3751 | 11/12/2006 | | SPRING CITY, PA |
| 9 | Rottkamp, Marielin | NIKASHBRY Enterprises, Inc. | 4398 | 2/26/2012 | | LANCASTER, PA |
| 10 | Miller, Derek | Miller's Distribution, Inc. | 5791 | 3/3/2013 | | WILKES BARRE, PA |
| 11 | Jr., Wesley | Wes Carl, Inc. | 5736 | 8/25/2013 | | SUNBURY, PA |
| 12 | Wood, Dennis | SaLiJo,Inc. | 5369 | 2/16/2014 | | YORK, PA |
| 13 | Fahler, Brian | G & E Distribution, Inc. | 5386 | 11/23/2014 | | BATH, PA |
| 14 | Derk, John | Jak-T Distribution Inc. | 5738 | 3/15/2015 | | SUNBURY, PA |
| 15 | Peart, Jason | J Peart Enterprises, Inc. | 2702 3058 5703 3754 | 6/7/2015 11/4/2018 12/2/2018 9/2/2019 | | SPRING CITY, PA NORTH WALES, PA SPRING CITY, PA NORTH WALES, PA |
| 16 | Giraldo, Fabian | Gerardos Fabian Inc. | 2331 | 12/27/2015 | | 26TH STREET, PA |
| 17 | McCormick, James | KEELAY Incorporated | 3978 3782 | 1/24/2016 3/25/2018 | | WEST CHESTER, PA |
| 18 | Zellner, Wayne | W. Zellner Inc. | 5687 | 2/7/2016 | | BATH, PA |
| 19 | Arnao, Antonio | Tony's Treats Corporation | 3368 | 5/1/2016 | | NORTH WALES, PA |
| 20 | Perry, Stacey | Verrykakes Inc. | 3408 | 5/8/2016 | | 26TH STREET, PA |

1

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 21 | Vargas, Alexander | Alvarg Inc. | 3389 | 7/3/2016 | | 26TH STREET, PA |
| 22 | Wolfe, Richard | R & J Distribution Inc. | 5742 | 7/24/2016 | | SUNBURY, PA |
| 23 | Saracino, Joseph | JOETSAR Inc. | 5789 | 8/14/2016 | | WILKES BARRE, PA |
| 24 | Seong, Cheol | Pung Seong H, Inc. | 2704 | 8/21/2016 | | NORTH WALES, PA |
| 25 | Amspacher, Randall | RA Distribution, Inc. | 5376 | 9/18/2016 | | YORK, PA |
| 26 | Kiscadden, William | Kiscadden, LLC | 4384 | 9/25/2016 | | LANCASTER, PA |
| 27 | Elmeaze, Dawood | Dawood Elmeaze, Inc. | 2054 2338 | 10/30/2016 10/30/2016 | | 26TH STREET, PA 26TH STREET, PA |
| 28 | Auman, Vickie | Paisley Distributing, Inc. | 5739 | 1/1/2017 | | SUNBURY, PA |
| 29 | Allen, Jeffrey | JRA Delivery, Inc. | 4389 | 1/8/2017 | | LANCASTER, PA |
| 30 | James, Grace | Grace James Heavenly Angels Pageant | 5876 | 3/19/2017 | | WILLIAMSPORT, PA |
| 31 | Beaver, Shane | Shaner Snacks, Inc. | 5741 | 5/7/2017 | | SUNBURY, PA |
| 32 | Zaorski, Joseph | J & J Distribution Inc. | 5711 | 6/11/2017 | | READING, PA |
| 33 | Pinto, Eric | TNJ Cakes Inc. | 3069 | 9/17/2017 | | NORTH WALES, PA |
| 34 | Fisher, Andrew | AF Distribution, Inc | 5642 | 10/1/2017 | | SPRING CITY, PA |
| 35 | Schmidt, Matthew | Schmidtys Sales Inc. | 5874 | 1/20/2008 | | JOHNSTOWN, PA |
| 36 | Wertman, Terry | Tdub's Cakes, Inc. | 5517 5693 | 11/5/2017 4/29/2018 | | ALTOONA, PA |
| 37 | Bracken, William | WAB Snack Food Inc. | 5679 | 5/31/1988 | | JOHNSTOWN, PA |
| 38 | Yilmaz, Omer | Philly Cakes Inc. | 3394 | 12/31/2017 | | 26TH STREET, PA |
| 39 | Eckman, John | Kimba Kakes, Inc | 4653 | 6/3/2018 | | LANCASTER, PA |
| 40 | Checo-Estevez, Aurelio | Acca Checos Delivery Inc. | 2329 | 6/25/2018 | | 26TH STREET, PA |
| 41 | Dzanis, Wendy | NW Delivery Service Inc. | 5724 | 7/1/2018 | | SCRANTON, PA |
| 42 | Garcia, Oscar | MMM Kakes Inc. | 5722 | 7/29/2018 | | READING, PA |
| 43 | Hand, Edward | EEA Distributing, Inc | 5373 | 1/6/2019 | | YORK, PA |
| 44 | Traveras, Hector | Double T Inc. | 3374 | 3/31/2019 | | NORTH WALES, PA |
| 45 | Stepka, Patryk | Pats Distribution Incorporated | 3378 | 5/12/2019 | | 26TH STREET, PA |
| 46 | Scott, Daniel | DSDK Management Inc. | 2337 | 5/19/2019 | | 26TH STREET, PA |
| 47 | Adam, James | Adam Distribution Company, Inc. | 5624 | 5/12/2019 | | BATH, PA |
| 48 | Alhaj, Aiatallah | ABUATEF Distribution | 2336 | 6/16/2019 | | 26TH STREET, PA |
| 49 | Morrison, Kendall | Jkstrong Inc. | 2344 | 06/23/19 | | 26TH STREET, PA |
| 50 | Frey, Todd | Frey's Sweet Treats, Inc | 4387 | 06/23/19 | | LANCASTER, PA |

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 51 | Duarte, Joseph | J Duarte Distributors, Inc | 5384 | 06/30/19 | | BATH, PA |
| 52 | Balascick, Kurt | Balascik's Breads | 4369 | 09/01/19 | | CHAMBERSBURG, PA |
| 53 | Fulmer, Steven | Fulmer Enterprises, Inc | 5669 | 10/13/19 | | HARRISBURG, PA |
| 54 | Bowers, Helen | Helens Cakes Inc. | 5712 | 10/20/19 | | READING, PA |
| 55 | Shearer, Preston | Presron Shearer, Inc. | 5877 | 12/29/19 | | WILLIAMSPORT, PA |
| 56 | Blatnik, Tyler | Ty's Kakes, Inc | 5623 | 01/26/20 | | BATH, PA |
| 57 | Serencsits, Mark | | 5623 | 1/6/1992 | 1/26/2020 | BATH, PA |
| 58 | Leck, Peter | | 5712 | 4/30/2001 | 10/20/2019 | READING, PA |
| 59 | Henne, Richard | | 2332 | 3/28/1988 | 4/16/2017 | Philly South, PA |
| 60 | Long, Ted | | 5393 | 3/28/1988 | 3/3/2019 | Bethlehem, PA |
| 61 | Miller, Jimmy | | 5679 | 5/31/1988 | 11/5/2017 | Altoona, PA |
| 62 | Shearer, Chester | | 5877 | 4/15/1996 | 12/29/2019 | WILLIAMSPORT, PA |
| 63 | Jenkins, Vicky | | 4389 | 3/30/1998 | 1/8/2017 | LANCASTER, PA |
| 64 | Garber, Kenneth | King Congo Quakes, Inc | 5642 | 6/6/2005 | 10/1/2017 | NORTH WALES, PA |
| 65 | Swisher, Clifford | Clifford J. Swisher, Inc. | 4387 | 5/21/2006 | 6/23/2019 | LANCASTER, PA |
| 66 | Upshur, Darrell | Donna & Darrell Inc. | 2636 | 12/13/2009 | 6/16/2019 | 26TH STREET, PA |
| 67 | Mitchley, James | Mitchley Enterprises Inc. | 5874 | 1/20/2008 | 11/12/2017 | WILLIAMSPORT, PA |
| 68 | Pyne, Gregory | G & J Cakes, Inc. | 4369 | 4/27/2008 | 9/1/2019 | CHAMBERSBURG, PA |
| 69 | McDonnell, Diane | D & T Distribution Inc | 2694 | 2/14/2010 | 7/16/2018 | NORTH WALES, PA |
| 70 | McHugh, John | JPM Distribution, Inc. | 5657 | 5/22/2011 | 3/18/2018 | HARRISBURG, PA |
| 71 | Pennepacker, Jeremy | Pennepacker Distributing, Inc. | 5737 | 5/28/2017 | 9/9/2018 | Altoona, PA |
| 72 | LaBella, Joseph | Joecat, Inc | 5624 | 6/7/2015 | 5/12/2019 | Bethlehem, PA |
| 73 | Resick, William | WC Resick Distributors. Inc. | 5693 | 10/27/2013 | 1/1/2017 | Altoona, PA |
| 74 | Kwiatkowski, Lori | Daves Kake Inc | 5724 | 11/3/2013 | 7/1/2018 | READING, PA |
| 75 | McDonough, Sean | Round 6 Inc. | 2701 | 6/1/2014 | 1/1/2017 | NORTH WALES, PA |
| 76 | Phillips, Scott | S E Phillips Inc. | 5721 | 2/28/2016 | 5/1/2016 | READING, PA |
| 77 | Hamm, Tyler | Hamm Bros., Inc. | 3978 | 6/22/2014 | 1/24/2016 | WEST CHESTER, PA |
| 78 | Weaver, Terry | T.W. Weaver, Inc. | 5687 | 4/29/2007 | 2/7/2016 | Bethlehem, PA |
| 79 | Holts, Robin | ALEAHS TASTI TREATS | 3394 | 4/19/2015 | 1/17/2016 | NORTH WALES, PA |
| 80 | Colone, Bernard | Colone Distributing, Inc. | 5656 | 1/19/2014 | 2/28/2016 | HARRISBURG, PA |
| 81 | Brown, Patrick | L&P Distributors, Inc. | 5659 | 6/1/2014 | 3/27/2016 | HARRISBURG, PA |
| 82 | Bujak, Sr., Michael | MR-SR, Inc. | 3408 | 3/9/2008 | 5/8/2016 | NORTH WALES, PA |
| 83 | Tribendis, Ronald | NA | 5789 | 7/30/1990 | 8/14/2016 | WILKES BARRE, PA |

3

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 84 | Hines, Mark | Irish 431 Inc. | 2704 | 5/12/2013 | 8/21/2016 | NORTH WALES, PA |
| 85 | Baker, Christine | Bakers Dozen & Company | 5517 | 9/15/2013 | 8/21/2016 | Altoona, PA |
| 86 | Scherden, Deborah | Blair Cake, Inc. | 5517 | 8/21/2016 | 11/5/2017 | Altoona, PA |
| 87 | Duarte, Mark | DUARTE DISTRIBUTION INC. | 5384 | 8/8/2010 | 9/18/2016 | Bethlehem, PA |
| 88 | Schlosser, Christopher | CJ Schlosser Distributers Inc. | 5384 | 9/18/2016 | 6/30/2019 | BATH, PA |
| 89 | Drust, Daniel | | 5376 | 1/1/2001 | 9/18/2016 | YORK, PA |
| 90 | Warden, Carl | Warden Enterprises, Inc | 4384 | 6/15/1998 | 9/25/2016 | Lebanon, PA |
| 91 | Cofer, James | C. Cofer, Inc. | 4104 | 1/1/2017 | 5/20/2018 | NORTH WALES, PA |
| 92 | Noel, Donstell | Clockwork Distribution Inc | 3058 | 6/18/2017 | 11/4/2018 | NORTH WALES, PA |
| 93 | Mohn, James | Dalee Sweets Dist. Inc | 5722 | 12/3/2017 | 7/29/2018 | READING, PA |
| 94 | Heberling, Adam | Heberling Distribution, Inc. | 5657 | 3/18/2018 | 12/8/2019 | HARRISBURG, PA |
| 95 | Johnson, Stephen | Johnson General Services, Inc | 5383 | 3/17/2019 | 12/29/2019 | HANOVER, PA |
| 96 | Huffman, Cameron | RCL Huffman, Inc | 5879 | 02/11/18 | 03/28/19 | STROUDSBURG, PA |
| 97 | Richard, Jason | LewesRich, Inc | 5737 | 09/09/18 | 10/06/18 | STATE COLLEGE, PA |

44506321.1

4

# EXHIBIT 4

## NEW JERSEY CLASS MEMBERS

The following chart lists those distributors who operate(d) out of a New Jersey warehouse who have not previously signed an arbitration agreement with a class action waiver and who are not also FLSA opt-ins. This group of distributors, along with those New Jersey distributors without arbitration agreements who opted into the *Caddick* lawsuit, constitute the New Jersey Class Members. (In other words, the New Jersey Class consists of those distributors listed in Exhibit 4 and those New Jersey distributors that are in Exhibit 9.)

NJ Class - *6 years from date complaint filed (4/7/2014)
(distributors without Arbitration Agreements

| Type | TOTAL | Current | Former |
|------|-------|---------|--------|
| NJ – Not Opt-In | 54 | 31 | 23 |
| NJ – Opt-in | 9 | 7 | 2 |
| **TOTAL** | 63 | 38 | 25 |

The chart below lists NJ distributors. NJ opt-ins are included in Exhibit 9.

| | Distributor | Corp Name | Route # | Start Date | End Date | Warehouse |
|---|-------------|-----------|---------|------------|----------|-----------|
| 1. | Falzone, Anthony | Zone Distributors Inc. | 6022 | 9/15/2019 | | FARMINGDALE |
| 2. | Stola, Anthony | ALOTS Incorporated | 5937 | 5/17/2009 | 7/26/2015 | CHERRY HILL |
| 3. | Brandow, Barry | TVB Snacks Inc | 5919 | 7/7/2013 | 9/9/2018 | CHERRY HILL |
| 4. | Bernal, Benedicto | B Bernal Corporation | 5987 | 11/14/2010 | 6/25/2017 | PATERSON |
| 5. | Casalnova, Brian | B. Casalnova Inc. | 5932 | 4/20/2014 | | CHERRY HILL |
| 6. | Reichert, Brian | J P Kate Company | 6032 | 8/9/2004 | | TRENTON |
| 7. | Shareshian, David | D.E.S. Sky Enterprise, LLC | 5913 | 2/24/2003 | | FARMINGDALE |
| 8. | Kubiak, Dennis | CCKDAK, Inc. | 5962 | 8/9/1999 | | PATERSON |
| 9. | Rosa, Jr., Dominick | | 6051 | 6/3/2002 | | VINELAND |
| 10. | Pine, Edward | | 5928 | 2/10/1997 | | CHERRY HILL |
| 11. | Frnachetti, Eric | Efran Services Inc. | 5923 | 1/6/2019 | | CHERRY HILL |
| 12. | Manno, Eric | E & M Distributing Corporation | 6014 | 3/5/2018 | | PATERSON |
| 13. | Sharp, Ernest | Vase, Inc. | 5943 | 2/24/2008 | | CHERRY HILL |
| 14. | Teti, Eugene | GMA513 INC | 5964 | 8/14/2011 | 11/20/2016 | PATERSON |
| 15. | Setran, Gary | CBGB CORPORATION | 6023 | 2/12/2001 | 7/19/2015 | FARMINGDALE |
| 16. | Kocher, Gary | GRK, Inc. | 5953 | 8/10/2008 | 7/5/2015 | WILDWOOD |
| 17. | Esling, Glenn | Glenn H. Esling, Inc. | 6043 | 2/10/1997 | | TRENTON |
| 18. | Rehanna, Ilyas | Rehana Company | 6058 | 2/21/2005 | 7/31/2016 | PISCATAWAY |
| 19. | Brisbin, Jacob | Brisbin Distributing Inc. | 5901 | 12/15/2019 | | FARMINGDALE |
| 20. | Ortiz, Jennifer | O & J Dominguez, Inc. | 6011 | 3/23/2014 | | PATERSON |

| | Distributor | Corp Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 21. | Aristone, John | JARISTONE CORPORATION | 5934 | 10/18/2004 | 7/12/2015 | CHERRY HILL |
| 22. | Campbell, Jr., John | | 5933 | 1/29/2001 | | CHERRY HILL |
| 23. | Doyle, John | | 5898 | 11/10/1986 | | FARMINGDALE |
| 24. | Stuffo, John | JNS Kakes, Inc. | 5951 | 8/17/2014 | | CHERRY HILL |
| 25. | Petrullo, Joseph | Jay Petrullo, Inc. | 6029 | 2/16/2004 | 2/22/2015 | TRENTON |
| 26. | Ancona, Joseph | AKLB SNACKS DISTRIBUTION INC. | 6034 | 9/8/2013 | 6/14/2015 | TRENTON |
| 27. | Frank, Joshua | S & N Distribution Inc. | 5902 | 3/1/2015 | | FARMINGDALE |
| 28. | Beshay, Kamel | Abaly Inc. | 6059 | 7/26/2015 | | PISCATAWAY |
| 29. | Huchko, Kenneth | KFH Enterprises, Inc. | 5904 | 7/29/2012 | | FARMINGDALE |
| 30. | Rosenbaum, Leo | C & R Distributors Inc. | 5984 | 12/28/2014 | 3/19/2017 | PATERSON |
| 31. | Schmid, Marianne | MBSV Incorporated | 5976 | 11/6/2011 | 2/28/2016 | PATERSON |
| 32. | Makowski, Mark | | 5952 | 5/12/1997 | | WILDWOOD |
| 33. | Stanewich, Mark | | 5907 | 4/29/2002 | | ATLANTIC CITY |
| 34. | Gorgodian, Mark | MC DISTRIBUTOR INC. | 5963 | 11/30/2008 | 5/17/2015 | PATERSON |
| 35. | Kravil, III, Matthew | | 5923 | 10/13/2003 | 1/6/2019 | CHERRY HILL |
| 36. | Peralta, Melissa | DOM-PE, Inc. | 5971 | 3/23/2014 | 12/11/2019 | PATERSON |
| 37. | Usman, Mian | Usman Enterprises Inc. | 5903 | 1/6/2013 | 5/21/2017 | FARMINGDALE |
| 38. | Kenney, Michael | Mime and Son, Inc. | 6033 | 11/2/2014 | 3/22/2015 | TRENTON |
| 39. | Jenkins, Michael | | 5918 | 3/20/1995 | | CHERRY HILL |
| 40. | Zeh, Michael | MY THREE SONS INC | 5998 | 8/24/2014 | 10/8/2017 | PISCATAWAY |
| 41. | Gloway, Michael | Cumberland Kake Corporation | 6044 | 6/17/2007 | | VINELAND |
| 42. | Heller, Mitchell | R & A Snacks Inc. | 5948 | 6/15/2014 | | CHERRY HILL |
| 43. | Sullivan, Patrick | PATTY KAKES INC. | 5999 | 5/1/2011 | 10/16/2016 | PISCATAWAY |
| 44. | Slack, Paul | Slack Track3 Inc. | 5937 | 7/26/2015 | | CHERRY HILL |
| 45. | Mulhern, Robert | | 5941 | 4/22/2002 | | CHERRY HILL |
| 46. | Aimes, Robert | R. A. Distributors, Inc. | 5901 | 3/23/2014 | 12/15/2019 | FARMINGDALE |
| 47. | Zeno, Sergio | SAS Worldwide Import & Export, Inc. | 5957 | 1/12/2014 | | PISCATAWAY |
| 48. | Johnson, Sherrone | Kerri Kristi Services Inc. | 5947 | 6/13/2005 | 10/8/2017 | CHERRY HILL |
| 49. | Garzone, Stephen | RMG BREAD DISTRIBUTING INC | 6058 | 5/21/2017 | 8/14/2017 | PISCATAWAY |
| 50. | Wolfmeyer, Thomas | | 5938 | 1/25/1999 | | CHERRY HILL |
| 51. | Feehan, Thomas | TEFCO, Inc. | 5917 | 5/19/2013 | | CHERRY HILL |
| 52. | Wood, Jr., Thomas | | 5949 | 6/26/2000 | | CHERRY HILL |
| 53. | Donovan, William | Pops Pies and Cakes Inc. | 6004 | 6/1/1987 | 9/4/2016 | PATERSON |
| 54. | O'Connell, William | BOC Distribution System Inc. | 5973 | 11/18/2012 | | PISCATAWAY |

44506414.1

# EXHIBIT 5

## NEW JERSEY DISTRIBUTORS WHO HAVE PREVIOUSLY SIGNED AN ARBITRATION AGREEMENT WITH A CLASS ACTION WAIVER

The following chart lists those distributors who operate(d) out of a New Jersey warehouse who have previously signed an arbitration agreement with a class action waiver and who are not also FLSA opt-ins.  Per the terms of the Settlement Agreement, these distributors are excluded from the settlement.

NJ Class - *6 years from date complaint filed (4/7/2014)

| Type | TOTAL | Current | Former |
|---|---|---|---|
| NJ – Not Opt-In | 58 | 39 | 19 |

The chart below lists NJ distributors.  NJ opt-ins are included in Exhibit 10.

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 1 | Brown, John J | | 6063 | 2/18/1991 | | VINELAND, NJ |
| 2 | Selzer, John M | | 5927 | 7/25/1994 | | CHERRY HILL, NJ |
| 3 | Ryan, James T | Gert-Sull, Inc. | 3064 | 1/4/1988 | | TRENTON, NJ |
| 4 | Loffredo, Michael A | J.D.L., Inc. | 6042 | 3/24/1997 | | TRENTON, NJ |
| 5 | Palmer, Nancy Allen | Nancys Cake Delivery Service Corporation | 6054 | 11/15/2004 | | VINELAND, NJ |
| 6 | Reilly, Thomas A | Thomas A. Reilly, Inc. | 6002 | 10/21/2007 | | PISCATAWAY, NJ |
| 7 | Larrabee, William | B. Larrabee, Inc. | 5967 6053 | 11/13/2005 9/08/2019 | | VINELAND, NJ |
| 8 | Greco, Diane S | B & D Distributors, Inc. | 5977 | 1/1/2006 | | ATLANTIC CITY, NJ |
| 9 | Presgraves, III, Paul P | Akaat, Inc. | 5914 6062 | 5/6/2007 5/6/2007 | | VINELAND, NJ |
| 10 | Kane, James | Kane Kake Distributors, Inc. | 6052 | 5/11/2008 | | VINELAND, NJ |
| 11 | Sheehys, Andrew | A.E.S. Corp. OF N.J.,Inc. | 6021 | 10/25/2009 | | PISCATAWAY, NJ |
| 12 | Suppa, Louis J | Suupa Incorporated | 6013 | 11/22/2009 | | VINELAND, NJ |
| 13 | Kell, Michael J | MEJAK INC. | 5979 | 2/14/2010 | | ATLANTIC CITY, NJ |
| 14 | Klatte, Eric V | EVKNJ Inc. | 5924 | 1/16/2011 | | CHERRY HILL, NJ |
| 15 | Presgraves, Jr., Edward E | ECDP Inc. | 5929 | 1/16/2011 | | CHERRY HILL, NJ |

1

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 16 | Suppa, Anthony J | Suppa Delivery Inc | 5936 | 3/6/2011 | | VINELAND, NJ |
| 17 | Mattera, Peter J | Serenity Kakes, Inc. | 5939 | 5/26/2013 | | CHERRY HILL, NJ |
| 18 | Bisbing, Michael S | 5andGrace, Inc. | 5911 | 5/4/2014 | | WILDWOOD, NJ |
| 19 | Bektas, Deniz A | Bektas Distributors, Inc. | 6034 | 6/14/2015 | | TRENTON, NJ |
| 20 | Zagiel, Kimberly A | KAZZIG, Inc. | 5953 | 7/5/2015 | | WILDWOOD, NJ |
| 21 | Addis, John B | JBA Kakes Incorporated | 6041 | 1/10/2016 | | TRENTON, NJ |
| 22 | Ramanis, Satish | PALAK Corp | 6024 | 8/28/2016 | | VINELAND, NJ |
| 23 | Roses, Anthony | TR Snacks, Inc. | 6057 | 9/25/2016 | | VINELAND, NJ |
| 24 | Dedioss, Kenny | Poe & Ace Sweets Inc. | 5964 | 11/20/2016 | | PATERSON, NJ |
| 25 | Duddy, John M | JMD Distributors, Inc. | 5988 | 1/1/2017 | | PATERSON, NJ |
| 26 | Carson, John R | JRC Distributors Inc | 5922 | 4/16/2017 | | CHERRY HILL, NJ |
| 27 | Roberts, Richard M | ARRGH Inc. | 5903 | 5/21/2017 | | FARMINGDALE, NJ |
| 28 | Nasatka, Leonard J | S & S Snack Foods, Inc. | 5942 | 8/20/2017 | | VINELAND, NJ |
| 29 | McGehean, James E | MACDADDYS Distributors, Inc. | 5906 | 9/17/2017 | | ATLANTIC CITY, NJ |
| 30 | Lebron, Amantina M | A & W Distributors Inc. | 5947 | 10/8/2017 | | CHERRY HILL, NJ |
| 31 | Lupo, Jeffrey M | DBLJ Distributing Inc. | 5961 5989 | 12/10/2017 01/19/2020 | | PATERSON, NJ |
| 32 | Alvarezs, Rosa | R Mar Alvz Inc | 5963 | 1/28/2018 | | PATERSON, NJ |
| 33 | Venturas, Junior | Juelz Distributor Inc | 5987 | 5/21/2018 | | PATERSON, NJ |
| 34 | Dugans, Keith | K & A Distributing Inc. | 5919 | 9/9/2018 | | CHERRY HILL, NJ |
| 35 | Kisseberths, Kevin | K & N Snacks Inc. | 6023 | 9/16/2018 | | FARMINGDALE, NJ |
| 36 | Sweeneys, Neil | Biddys Distribution Inc. | 5972 | 12/30/2018 | | FARMINGDALE, NJ |
| 37 | Woites, Ronald | CJWW Corp. | 5931 | 08/18/19 | | VINELAND, NJ |
| 38 | Almontes, Justin | MJA Distributors Corp | 5991 | 09/08/19 | | PATERSON, NJ |
| 39 | Brisbins, Jacob | Brisbin Distrinuting Inc. | 5901 | 12/15/19 | | FARMINGDALE, NJ |
| 40 | Dougherty, Philip J | Sweet Treats by PJD Inc | 5942 | 1/8/2006 | 8/20/2017 | VINELAND, NJ |

|  | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 41 | Calandrillos, John | All in Distribution Incorporated | 5972 | 1/15/2006 | 12/30/2018 | FARMINGDALE, NJ |
| 42 | Woite, Claire J | RDCJ Corp | 5931 | 4/9/2006 | 8/18/2019 | VINELAND, NJ |
| 43 | Bergens, Kurt | K.Bergen LLC | 6053 | 6/29/2014 | 4/29/2018 | VINELAND, NJ |
| 44 | Burrell, Timothy W | TWB DISTRIBUTORS NJ INC. | 5922 | 9/21/2014 | 4/16/2017 | CHERRY HILL, NJ |
| 45 | Fonte, Bart A | Fonte Holding Corp | 6003 | 9/13/2015 | 1/21/2018 | PISCATAWAY, NJ |
| 46 | McCulloughs, Bryant | SNACK IN FAITH INC. | 6041 | 12/4/2005 | 1/10/2016 | TRENTON, NJ |
| 47 | Inselbergs, Scott | RAYMADS INC. | 5993 | 1/11/2009 | 1/17/2016 | PISCATAWAY, NJ |
| 48 | Sanseverino, Theodore M | KE & T INC | 5993 | 1/17/2016 | 12/11/2016 | PISCATAWAY, NJ |
| 49 | Shrubsall, Edward J | Ed's Tasty Route Corp | 6058 | 7/31/2016 | 5/21/2017 | PISCATAWAY, NJ |
| 50 | Gaimari, Sr., John |  | 6024 | 1/15/2001 | 8/28/2016 | VINELAND, NJ |
| 51 | Ruffo, Travis N | Ruffo & Sons Distributing Inc. | 6604 | 9/4/2016 | 7/23/2017 | PATERSON, NJ |
| 52 | Struckos, David |  | 6057 | 6/9/2003 | 9/25/2016 | VINELAND, NJ |
| 53 | Gonzalezs, Nelson | NGR Inc. | 5976 | 2/28/2016 | 10/2/2016 | PISCATAWAY, NJ |
| 54 | Yatsko, Jason A | JADY KAKES INC. | 5999 | 10/16/2016 | 3/26/2017 | PISCATAWAY, NJ |
| 55 | Lingards, Jess | AJACS Distributing, Inc. | 6029 6033 | 11/2/2016 11/2/2016 | 8/30/2018 8/30/2018 | TRENTON, NJ |
| 56 | Reyess, Elvin | Buenos Distributors Inc | 5987 | 6/25/2017 | 5/20/2018 | ATLANTIC CITY, NJ |
| 57 | Finizios, Michael | Irish Trinity Inc | 5991 | 1/28/2018 | 9/8/2019 | PATERSON, NJ |
| 58 | Villagrans, Eddie | E. Villagran Inc. | 6053 | 4/29/2018 | 9/8/2019 | VINELAND, NJ |

44506445.1

3

**EXHIBIT 6A**

**Notice to Current Distributors Who Are Rule 23 Class Members Only (Excludes FLSA Collective Members)**

## SETTLEMENT NOTICE

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)
*Anthony F. Bertino, Jr., et al. v. Tasty Baking Company*, No. 1:20-cv-03752 (E.D. Pa.)[1]

# Because You Are A Current Tasty Distributor And Operated Out of A Warehouse Located in Pennsylvania or New Jersey During the Period Specified Below, You Could Get A Payment From A Class Action Settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. Because you are a current distributor, you will also receive an additional $3,500 for the Amendment and Arbitration Agreement as outlined below. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuits.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who were formerly, or are, Tasty distributors who operated out of warehouses located in Pennsylvania or New Jersey within the time period specified below and who do not exclude themselves from the settlement (discussed further below).  Your estimated share is listed above, plus $3,500.

  - Pennsylvania:   May 15, 2016 - September 10, 2020; or
  - New Jersey:       April 7, 2014 – September 10, 2020.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SIGN, DATE, AND CASH SETTLEMENT CHECKS** | You will get a payment for settlement of your Pennsylvania or New Jersey state claims and an additional payment for the Amendment and Arbitration Agreement. Both checks must be signed, dated, and cashed. In exchange, you will give up any claims that you may have against Defendant that were or could have been brought in the lawsuits except for any Fair Labor Standards Act (FLSA) claim. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payments and will not participate in this settlement. You also will not give up any claims that you may have against Defendant, or be bound by the Amendment and Arbitration Agreement. To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by [date]. Please see the instructions below under "Excluding Yourself from the Settlement."  Failure to sign, date, and |

---

[1] The *Bertino* case was initially filed in the District of New Jersey, but was subsequently consolidated with the *Caddick* case in the Eastern District of Pennsylvania for judicial review and approval of this Settlement.

| | cash both checks will also result in you being excluded from the settlement. |
|---|---|
| **AMENDMENT TO DISTRIBUTOR AGREEMENT AND ARBITRATION AGREEMENT** | You will receive an additional settlement check in in the amount of $3,500 in exchange for your agreement to the Amendment and Arbitration Agreement. If you do not exclude yourself from the settlement and you sign, date, and cash both settlement checks, you will be deemed to have signed and agreed to both the Amendment and the Arbitration Agreement. If you do not sign, date, and cash both settlement checks, you will be deemed excluded from the settlement. Please see the enclosed Arbitration Agreement Packet for more information. |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not exclude yourself but instead stay in the Settlement Class. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# Table of Contents

Table of Contents ........................................................................................................................... 2

**Basic Information** ....................................................................................................................... 3
   **1. Why did I receive this notice?** ............................................................................................ 3
   **2. What are these lawsuits about?** ........................................................................................... 3
   **3. What is a class action and who is involved?** ....................................................................... 3

**Who is in the Settlement?** ......................................................................................................... 4
   **4. Who is included in the class under the settlement?** ............................................................. 4

**The Settlement Benefits—What do you get?** ............................................................................ 4
   **5. What does the settlement provide?** ..................................................................................... 4
   **6. What can I get from the settlement?** ................................................................................... 4

**How You Get A Payment** .......................................................................................................... 5
   **7. How can I get a payment?** .................................................................................................. 5
   **8. When would I get my payment?** ......................................................................................... 5
   **9. What am I giving up by staying in the class and getting a payment?** ................................... 5

**Amendment and Arbitration Agreement.** .................................................................................. 5
   **10. What is the Amendment and Arbitration Agreement for current distributors?** ................... 5

**Excluding Yourself from the Settlement** .................................................................................. 6
   **11. How do I get out of this settlement?** .................................................................................. 6
   **12. If I don't exclude myself, may I later sue Defendant for the same claims in this settlement?** .......... 6
   **13. If I exclude myself, will I get money from this settlement?** ................................................ 6

**The Lawyers Representing You** ................................................................................................. 6

14. Do I have a lawyer in this case?..................................................................................................6

**Objecting to the Settlement** ......................................................................................................7
15. How do I tell the Court that I don't like the settlement? ...........................................................7
16. What's the difference between objecting and excluding? ..........................................................7

**The Court's Fairness Hearing** ...................................................................................................8
17. When and where will the Court decide whether to approve the settlement? ...............................8
18. Do I have to come to the hearing? ...........................................................................................8
19. May I speak at the hearing? ....................................................................................................8

**Getting More Information** .........................................................................................................8
20. Are there more details about the settlement? ...........................................................................8

# Basic Information

### 1. Why did I receive this notice?

You are an individual who, either individually or through a business entity owned by you, was a party to a Distributor Agreement with Tasty and operating out of a warehouse located in: (a) **Pennsylvania** - between May 15, 2016 and September 10, 2020; or (b) **New Jersey** - between April 7, 2014 and September 10, 2020 ("class member"). The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement of these class actions.  The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. What are these lawsuits about?

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law ("state law claims").

Defendant opposes the lawsuits and denies all of the allegations. Defendant contends that it complied with all applicable federal, state, and local laws and regulations at all times and has asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the distributors affected will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

### 3. What is a class action and who is involved?

Certain laws allow multiple claimants to sue together for the same relief. For the state law claims, this is known as a class action.

In a class action, one or more people called Class Representatives (in these cases William Caddick and Stephen Hopkins for the Pennsylvania claims and Anthony F. Bertino, Jr. for the New Jersey claims) sue on behalf of people who they

contend have similar claims. The people together are a "Class" or "Class Members." The distributors who sued—and all Class Members like them—are called Plaintiffs. The company sued (in this case Tasty) is called the Defendant.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to exclude themselves from the Settlement Class in the manner described in this Notice. People who do not exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Page __ of this Notice explains how to exclude yourself from the Class.

# Who is in the Settlement?

| **4. Who is included in the class under the settlement?** |
|---|

Except as noted immediately below, any individual who, either individually or through a business entity he or she owned, was a party to a Distributor Agreement with Tasty and operated out of a warehouse located in Pennsylvania or New Jersey in the following time periods:

- Pennsylvania: May 15, 2016 – September 10, 2020; or
- New Jersey: April 7, 2014 – September 10, 2020.

However, this settlement excludes those who previously entered into an arbitration agreement with a class action waiver.

# The Settlement Benefits—What do you get?

| **5. What does the settlement provide?** |
|---|

Defendant has agreed to pay money to Settlement Class Members and to make certain enhancements to the distributor program.

Specifically, Defendant has agreed to create a total settlement fund of $2,550,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel in the approximate amount of $850,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for the Amendment and Arbitration Agreement.

| **6. What can I get from the settlement?** |
|---|

Defendant agrees to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and the costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement; and (3) after payments are made, any adjustments that might be made due to former distributors not cashing their settlement check. However, your estimated settlement share is approximately $_____.

The portion of the settlement fund payable to Settlement Class Members will be allocated using the following formula:

Net Settlement Amount **multiplied by** the percentage generated from individual Class Member's workweeks during the Covered Period *divided by* the total combined workweeks of all Class Members during the Covered Period.

In addition to the above settlement payments, you will receive an additional $3,500 payment as additional consideration for the Amendment and Arbitration Agreement required by the Settlement Agreement.  Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# How You Get A Payment

## 7. How can I get a payment?

You do not need to do anything other than remain in the lawsuit (that is, you do not exclude yourself) to receive payment from the settlement.  However, you must sign, date, and cash both settlement checks or you will be deemed excluded from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

## 8. When would I get my payment?

The Court will hold a hearing on _____ to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in _____. However, if there are appeals, it may take time to resolve them, perhaps more than a year. Please be patient.

## 9. What am I giving up by staying in the class and getting a payment?

Unless you exclude yourself (including if you do not sign, date, and cash both of your settlement checks), you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any lawsuit against Defendant about the legal claims resolved by this settlement. This is because, by staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including a Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at _____.

# Amendment and Arbitration Agreement

## 10. What is the Amendment and Arbitration Agreement for current distributors?

In exchange for an additional payment of $3,500, current distributors are required to enter into an Amendment to the Distributor Agreement and Arbitration Agreement in the form attached as Exhibit 1 to the Settlement Agreement and reproduced as Exhibit 1 to this Notice.  If you sign, date, and cash your settlement checks, you will be deemed to have signed and agreed to both the Amendment and Arbitration Agreement.  If you do not sign, date, and cash both of your

settlement checks, you will be deemed excluded from the settlement and you will not receive a Settlement Payment or be bound by any terms of this Settlement Agreement.

# Excluding Yourself from the Settlement

If you do not want to receive a Settlement Payment and if you want to keep the right to sue or continue to sue Tasty on your own about the legal issues resolved by this settlement, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class. If you do not sign, date, and cash both settlement checks, you will be deemed excluded from the settlement.

**11. How do I get out of this settlement?**

To exclude yourself from the settlement prior to the issuance of any checks, you must send a letter by mail to the Settlement Administrator at the following address, postmarked on or before [__]:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from the settlement; (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If, before the deadline, you request to be excluded from the settlement, you will not receive any Settlement Payment and you will not be bound by anything that happens in this case. Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

You will also be deemed excluded from the settlement if you fail to sign, date, and cash your settlement checks.  However, if you do not want to be part of this settlement, for ease of administration of the settlement, please exclude yourself prior to the issuance of any checks.

**12. If I don't exclude myself, may I later sue Defendant for the same claims in this settlement?**

No.

**13 . If I exclude myself, will I get money from this settlement?**

No.

# The Lawyers Representing You

**14. Do I have a lawyer in this case?**

The Court has decided that the law firms of Saltz, Mongeluzzi & Bendesky PC; and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling class actions and similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **15. How do I tell the Court that I don't like the settlement?** |
|---|

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, and you will still receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Exclusion/Objection Deadline]:

Clerk of the Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

| | |
|---|---|
| Simon Paris, Esq. | K. Clark Whitney |
| Saltz, Mongeluzzi & Bendesky P.C. | Ogletree, Deakins, Nash, Smoak |
| One Liberty Place, 52nd Floor | & Stewart, P.C. |
| 1650 Market Street | 1735 Market Street, Suite 3000 |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see case names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number.  Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.  In addition, the objecting Class Member must identify any previously filed objections filed by the Class Member and his/her counsel in any state or federal court.  This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted and as set forth above, you will be barred from seeking review of the settlement terms at any other time.

| **16. What's the difference between objecting and excluding?** |
|---|

Objecting means simply telling the Court that you don't like something about the settlement.  You may object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you may no longer object because the result in this case will no longer affect you.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.  Class Counsel will represent your interests at the hearing.

| **17. When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change without further notice but shall be updated by the Settlement Administrator on the settlement website: https://www._____.com/_____.

| **18. Do I have to come to the hearing?** |
| --- |

No.  Class Counsel will address any questions the Court may have.  However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **19. May I speak at the hearing?** |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 15 above. If you have requested exclusion from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

| **20. Are there more details about the settlement?** |
| --- |

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the settlement website: https://www._____.com/_____.

44506640.1

## **EXHIBIT 6B**

## **Notice to Former Distributors Who Are Rule 23 Class Members Only (Excludes FLSA Collective Members)**

## SETTLEMENT NOTICE

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)

*Anthony F. Bertino, Jr, et al. v. Tasty Baking Company*, No. 1:20-cv-03752 (E.D. Pa.)[1]

# Because You Are A Former Tasty Distributor and Operated out of a Warehouse Located in Pennsylvania or New Jersey During the Period Specified Below, You Could Get A Payment From A Class Action Settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuit.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who were formerly , or are, Tasty distributors working out of warehouses located in Pennsylvania or New Jersey within the time period specified below and who do not exclude themselves from the settlement (discussed further below).  Your estimated share is listed above.

  - Pennsylvania:   May 15, 2016 – September 10, 2020; or
  - New Jersey:      April 7, 2014 – September 10, 2020

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will get a payment for settlement of your Pennsylvania or New Jersey state law claims. In exchange, you will give up any claims that you may have against Defendant that were or could have been brought in the lawsuits, except for any Fair Labor Standards Act (FLSA) claim. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement. You also will not give up any claims that you may have against Defendant. To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by [date]. Please see the instructions below under "Excluding Yourself from the Settlement." |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not exclude yourself but instead stay in the Settlement Class. |

---

[1]The *Bertino* case was initially filed in the District of New Jersey, but was subsequently consolidated with the *Caddick* case in the Eastern District of Pennsylvania for judicial review and approval of the Settlement.

| **Go to a Hearing** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |
|---|---|

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# Table of Contents

Table of Contents ........................................................................................................................... 2

**Basic Information** .......................................................................................................................... 3
  **1. Why did I receive this notice?** ................................................................................................ 3
  **2. What is this lawsuit about?** .................................................................................................... 3
  **3. What is a class action and who is involved?** ......................................................................... 3

**Who is in the Settlement?** ............................................................................................................ 4
  **4. Who is included in the class under the settlement?** ............................................................. 4

**The Settlement Benefits—What do you get?** ............................................................................ 4
  **5. What does the settlement provide?** ....................................................................................... 4
  **6. What can I get from the settlement?** ..................................................................................... 4

**How You Get A Payment** ............................................................................................................ 5
  **7. How can I get a payment?** ..................................................................................................... 5
  **8. When would I get my payment?** ............................................................................................ 5
  **9. What am I giving up by staying in the class and getting a payment?** ................................. 5

**Excluding Yourself from the Settlement** .................................................................................. 5
  **10. How do I get out of this settlement?** ................................................................................... 5
  **11. If I don't exclude myself, may I later sue Defendant for the same claims in this settlement?** ........................... 6
  **12. If I exclude myself, will I get money from this settlement?** .............................................. 6

**The Lawyers Representing You** ................................................................................................ 6
  **13. Do I have a lawyer in this case?** .......................................................................................... 6

**Objecting to the Settlement** ...................................................................................................... 6
  **14. How do I tell the Court that I don't like the settlement?** ................................................... 6
  **15. What's the difference between objecting and excluding?** .................................................. 7

**The Court's Fairness Hearing** .................................................................................................. 7
  **16. When and where will the Court decide whether to approve the settlement?** ..................... 7
  **17. Do I have to come to the hearing?** ...................................................................................... 7
  **18. May I speak at the hearing?** ................................................................................................ 7

**Getting More Information** .......................................................................................................... 8
  **19. Are there more details about the settlement?** ..................................................................... 8

# Basic Information

| **1. Why did I receive this notice?** |
| --- |

You are an individual who, either individually or through a business entity owned by you, was a party to a Distributor Agreement with Tasty working out of warehouses located in: (a) **Pennsylvania** - between May 15, 2016 and September 10, 2020; or (b) **New Jersey** - between April 7, 2014 and September 10, 2020 ("class member"). The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement of these class actions.  The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| **2. What is this lawsuit about?** |
| --- |

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law ("state law claims").

Defendant opposes the lawsuits and denies all of the allegations. Defendant contends that it complied with all applicable federal, state, and local laws and regulations at all times and has asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the distributors affected will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

| **3. What is a class action and who is involved?** |
| --- |

Certain laws allow multiple claimants to sue together for the same relief. For the state law claims, this is known as a class action.

In a class action, one or more people called Class Representatives (in these cases William Caddick and Stephen Hopkins for the Pennsylvania claims and Anthony F. Bertino, Jr. for the New Jersey claims) sue on behalf of people who they contend have similar claims. The people together are a "Class" or "Class Members." The distributors who sued—and all Class Members like them—are called Plaintiffs. The company they sued (in this case Tasty) is called the Defendant.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to exclude themselves from the Settlement Class in the manner described in this Notice. People who do not exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Page ▢ of this Notice explains how to exclude yourself from the Class.

# Who is in the Settlement?

| 4. Who is included in the class under the settlement? |
| --- |

Except as noted immediately below, any individual who, either individually or through a business entity he or she owned, was a party to a Distributor Agreement with Tasty and operated out of a warehouse located in Pennsylvania or New Jersey in the following time periods:

- Pennsylvania:   May 15, 2016 – September 10, 2020; or
- New Jersey:   April 7, 2014 – September 10, 2020.

However, this settlement excludes those who previously entered into an arbitration agreement with a class action waiver.

# The Settlement Benefits—What do you get?

| 5. What does the settlement provide? |
| --- |

Defendants have agreed to pay money to Settlement Class Members and to make certain enhancements to the distributor program.

Specifically, Defendants have agreed to create a total settlement fund of $ 2,550,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel  in the approximate amount of  $850,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for  the Amendment to their Distributor Agreement and accompanying Arbitration Agreement.

| 6. What can I get from the settlement? |
| --- |

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and the costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement; and (3) after payments are made, any adjustments that might be made due to former distributors not cashing their settlement check.   However, your estimated settlement share is approximately $_____.

The portion of the settlement fund payable to Settlement Class Members will be allocated using the following formula:

Net Settlement Amount **multiplied by** the percentage generated from individual Class Member's workweeks during the Covered Period **divided by** the total combined workweeks of all Class Members during the Covered Period.

Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# How You Get A Payment

| **7. How can I get a payment?** |
| --- |

You do not need to do anything other than remain in the lawsuit (that is, you do not exclude yourself) to receive a payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

| **8. When would I get my payment?** |
| --- |

The Court will hold a hearing on [_____] to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in [_____]. However, if there are appeals, it may take time to resolve them, perhaps more than a year. Please be patient.

| **9. What am I giving up by staying in the class and getting a payment?** |
| --- |

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any lawsuit against Defendant about the legal claims resolved by this settlement. This is because, by staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including a Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at [_____].

# Excluding Yourself from the Settlement

If you do not want to receive a Settlement Payment and if you want to keep the right to sue or continue to sue Tasty on your own about the legal issues resolved by this settlement, then you must take steps to get out. This is called excluding yourself— or is sometimes referred to as "opting out" of the Settlement Class.

| **10. How do I get out of this settlement?** |
| --- |

To exclude yourself from the settlement, you must send a letter by mail to the Settlement Administrator at the following address, postmarked on or before [__]:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from the settlement; (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If, before the deadline, you request to be excluded from the settlement, you will not receive any Settlement Payment and you will not be bound by anything that happens in this case. Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

| **11. If I don't exclude myself, may I later sue Defendant for the same claims in this settlement?** |
|---|

No.

| **12. If I exclude myself, will I get money from this settlement?** |
|---|

No.

# The Lawyers Representing You

| **13. Do I have a lawyer in this case?** |
|---|

The Court has decided that the law firms of Saltz Mongeluzzi & Bendesky PC; and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling class actions and similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **14. How do I tell the Court that I don't like the settlement?** |
|---|

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Exclusion/Objection Deadline]:

Clerk of the Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Simon Paris, Esq.                                    K. Clark Whitney

| | |
|---|---|
| Saltz Mongeluzzi Barrett & Bendesky P.C. | Ogletree, Deakins, Nash, Smoak |
| One Liberty Place, 52nd Floor | & Stewart, P.C. |
| 1650 Market Street | 1735 Market Street, Suite 3000 |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases, (see case names on the first page of this notice).; (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, the objecting Class Member must identify any previously filed objections filed by the Class Member and his/her counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted as set forth above, you will be barred from seeking review of the settlement terms at any other time.

### 15. What's the difference between objecting and excluding?

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you may no longer object because the result in this case will no longer affect you.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Class Counsel will represent your interests at the hearing.

### 16. When and where will the Court decide whether to approve the settlement?

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees and expenses to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change without further notice but shall be updated by the Settlement Administrator on the settlement website: https://www._____.com/_____.

### 17. Do I have to come to the hearing?

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

### 18. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 14 above. If you have requested exclusion from the settlement, however, you may not speak at the Fairness Hearing.

**Exhibit 6B**

# Getting More Information

| 19. Are there more details about the settlement? |
| --- |

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the settlement website: https://www._____.com/_____.

44506748.1

## EXHIBIT 7A

## Notice to Current Distributors Who Are FLSA Collective Members And Who Also Have a Rule 23 Class Claim

## SETTLEMENT NOTICE

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)
*Anthony F. Bertino, Jr, et al. v. Tasty Baking Company*, No. 1:20-cv-03752 (E.D. Pa.)[1]

# Because You Are A Current Tasty Distributor and Have Filed a Timely Consent Form, You Are Eligible to Receive a Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. Because you are a current distributor, you will also receive an additional $3,500 for the Amendment and Arbitration Agreement outlined below. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuits.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who have asserted claims under the Fair Labor Standards Act (FLSA) and for those individuals who were formerly, or are, Tasty distributors operating out of warehouses located in Pennsylvania or New Jersey within the time period specified below.  Your estimated share is listed above, plus $3,500.

  - Pennsylvania:   May 15, 2016 - September 10, 2020; or
  - New Jersey:     April 7, 2014 – September 10, 2020.

The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient. **PLEASE READ THIS NOTICE CAREFULLY**.

| **1. Why did I receive this notice?** |
|---|

You have filed a timely consent form to assert a claim under the FLSA. As such, you are a FLSA Collective Member. You are also eligible for settlement of a state law claim because you were a party to a Distributor Agreement with Tasty operating out of a warehouse located in: (a) Pennsylvania - between May 15, 2016 and September 10, 2020; or (b) New Jersey - between April 7, 2014 and September 10, 2020("class member"). The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement these class actions. The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

---

[1] The *Bertino* case was initially filed in the District of New Jersey, but was subsequently consolidated with the *Caddick* case in the Eastern District of Pennsylvania for judicial review and approval of this Settlement.

**2. What are these lawsuits about?**

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law ("state law claims").

Defendant opposes the lawsuit and denies all of the allegations. Defendant contends that it complied with all applicable federal, state, and local laws and regulations at all times and has asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the affected distributors will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

**3. What does the settlement provide?**

Defendant has agreed to pay money to Settlement Class Members and to make certain changes to the distributor program.

Specifically, Defendant has agreed to create a total settlement fund of $ 2,550,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel in the approximate amount of $850,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for the Amendment and Arbitration Agreement.

**4. What can I get from the settlement?**

Defendant agrees to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and the costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement; and (3) after payments are made, any adjustments that might be made due to former distributors not cashing their settlement check. However, your estimated settlement share is approximately $_____.

The portion of the settlement fund payable to Settlement Class Members will be allocated using the following formula:

Net Settlement Amount *multiplied by* the percentage generated from individual Class Member's workweeks during the Covered Period *divided by* the total combined workweeks of all Class Members during the Covered Period.

In addition to the above settlement payments you will receive an additional $ 3,500 payment as additional consideration for the Amendment and Arbitration Agreement required by the Settlement Agreement. Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# Amendment and Arbitration Agreement

**5. What is the Amendment and Arbitration Agreement for current distributors?**

In exchange for an additional payment of $3,500, current distributors are required to enter into an Amendment to the Distributor Agreement and Arbitration Agreement in the form attached as Exhibit 1 to the Settlement Agreement and reproduced as Exhibit 1 to this Notice. If you sign, date, and cash your settlement checks, you will be deemed to have signed and agreed to both the Amendment and Arbitration Agreement. If you do not sign, date, and cash both of your settlement checks, you will be deemed excluded from the settlement and you will not receive a Settlement Payment or be bound by any terms of this Settlement Agreement.

# Withdrawing and Excluding Yourself from the Settlement

Class members have the right to exclude themselves from a class. You are both a class member and an opt-in plaintiff. As part of the settlement, as an opt-in plaintiff, you are waiving your right to exclude yourself from the class. That means that you are being compensated for both your FLSA overtime claim and your state law claims but you cannot choose to participate in only one of the two. If you do not want to be part of the settlement, to exclude yourself prior to the issuance of any checks, you must do two things: (1) contact Class Counsel to withdraw from the FLSA portion of this Action; and (2) submit a written statement to the Settlement Administrator stating that you wish to exclude yourself from the class. The deadlines for withdrawing and excluding yourself are discussed below. If you do not sign, date, and cash both settlement checks, you will be deemed excluded from the settlement, and your claims will be dismissed without prejudice.

| **6. How do I get out of this settlement?** |
|---|

To exclude yourself from the settlement prior to the issuance of any checks, you must do two things:

(1) Contact Class Counsel to withdraw from the FLSA portion of this Action on or before [___]; **AND**

(2) Send a letter by mail to the Settlement Administrator at the following address, postmarked on or before [__]:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from the settlement; (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If you do not **withdraw and exclude** yourself in the manner outlined above, unless you fail to sign, date, and cash the settlement checks, you will remain in the settlement. If you do not want to be part of this settlement, for ease of administration of the settlement, please exclude yourself prior to the issuance of any checks.

| **7. If I don't withdraw and exclude myself, may I later sue Defendant for the same claims in this settlement?** |
|---|

No.

| **8. If I withdraw and exclude myself, will I get money from this settlement?** |
|---|

No.

# The Lawyers Representing You

### 9. Do I have a lawyer in this case?

The Court has decided that the law firms of Saltz, Mongeluzzi & Bendesky PC and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling class actions and similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

### 10. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, and you will still receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Simon Paris, Esq**                                    **K. Clark Whitney**
Saltz, Mongeluzzi & Bendesky P.C.           Ogletree, Deakins, Nash, Smoak
One Liberty Place, 52nd Floor                    & Stewart, P.C.
1650 Market Street                                      1735 Market Street, Suite 3000
Philadelphia, PA 19103                               Philadelphia, PA 19103

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see case names on the first page of this notice);; (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, if objecting to the settlement in this case, you must identify any previously filed objections filed by you and your counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted and as set forth above, you will be barred from seeking review of the settlement terms at any other time.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Class Counsel will represent your interests at the hearing.

### 11. When and where will the Court decide whether to approve the settlement?

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change without further notice but shall be updated by the Settlement Administrator on the settlement website: https://www._____.com/_____.

### 12. Do I have to come to the hearing?

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

### 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 10 above.

# Getting More Information

### 14. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the settlement website: https://www._____.com/_____.

44506801.1

**<u>EXHIBIT 7B</u>**

**<u>Notice to Former Distributors Who Are FLSA Collective Members And Who Also Have a Rule 23 Class Claim</u>**

**SETTLEMENT NOTICE**

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)
*Anthony F. Bertino, Jr, et al. v. Tasty Baking Company*, No. 1:20-cv-03752 (E.D. Pa.)

1

# Because You are A Former Tasty Distributor and Have Filed a Timely Consent Form, You Are Eligible to Receive a Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuits.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who have asserted claims under the Fair Labor Standards Act (FLSA) and for those individuals who were, or are, Tasty distributors operating out of warehouses located in Pennsylvania or New Jersey within the time period specified below. Your estimated share is listed above.

  - Pennsylvania:   May 15, 2016 – September 10, 2020
  - New Jersey:      April 7, 2014 – September 10, 2020

The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient. **PLEASE READ THIS NOTICE CAREFULLY**.

| 1. Why did I receive this notice? |
| --- |

You have filed a timely consent form to assert a claim under the FLSA.  As such, you are a FLSA Collective Member. You are also eligible for settlement of a state law claim because you were a party to a Distributor Agreement with Tasty operating out of warehouses located in: (a) Pennsylvania – between May 15, 2016 and September 10, 2020 or (b) New Jersey - between April 7, 2014 and September 10, 2020. ("class member"). The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement of these class actions. The Court sent you this notice because you have the right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

---

[1] The *Bertino* case was initially filed in the District of New Jersey, but was subsequently consolidated with the Caddick case in the Eastern District of Pennsylvania.

**2. What are these lawsuits about?**

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and, New Jersey wage-and-hour law ("state law claims").

Defendant opposes the lawsuits and denies all of the allegations. Defendant contend that it complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the distributors affected will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

**3. What does the settlement provide?**

Defendant has agreed to pay money to Settlement Class Members and to make certain changes to the distributor program.

Specifically, Defendant has agreed to create a total settlement fund of $2,550,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel in the approximate amount of $850,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for the Amendment and accompanying Arbitration Agreement.

**4. What can I get from the settlement?**

Defendant agrees to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and the costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement;; and (3) after payments are made, any adjustments that might be made due to former distributors not cashing their settlement check. However, your estimated settlement share is approximately $_____.

The portion of the settlement fund payable to Settlement Class Members will be allocated using the following formula:

Net Settlement Amount multiplied by the percentage generated from individual Class Member's workweeks during the Covered Period divided by the total combined workweeks of all Class Members during the Covered Period.

Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# Withdrawing and Excluding Yourself from the Settlement

Class members have the right to exclude themselves from a class. You are both a class member and an opt-in plaintiff. As part of the settlement, as an opt-in plaintiff, you are waiving your right to exclude yourself from the class. That means that you are being compensated for both your FLSA overtime claim and your state law claims but you cannot choose to participate in only one of the two. If you do not want to be part of the settlement, you must do two things: (1) contact Class Counsel to withdraw from the FLSA portion of this Action; and (2) submit a written statement to the Settlement

Administrator stating that you wish to exclude yourself from the class. The deadlines for withdrawing and excluding yourself are discussed below.

| **5. How do I get out of this settlement?** |
|---|

To exclude yourself from the settlement, you must do two things:

(1) Contact Class Counsel to withdraw from the FLSA portion of this Action on or before [___]; **AND**

(2) Send a letter by mail to the Settlement Administrator at the following address, postmarked on or before [__]:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from the settlement*;* (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If you do not **withdraw and exclude** yourself in the manner outlined above, you will remain in the settlement. You must do both things if you do not want to be part of this settlement.

| **6. If I don't withdraw and exclude myself, may I later sue Defendant for the same claims in this settlement?** |
|---|

No.

| **7. If I withdraw and exclude myself, will I get money from this settlement?** |
|---|

No.

# The Lawyers Representing You

| **8. Do I have a lawyer in this case?** |
|---|

The Court has decided that the law firms of Saltz Mongeluzzi & Bendesky PC; and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling class actions and similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **9. How do I tell the Court that I don't like the settlement?** |
| --- |

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, and you will still receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Simon Paris, Esq
Saltz Mongeluzzi & Bendesky P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103

K. Clark Whitney
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases, (see case names on the first page of this notice) ; (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, if objecting to the settlement in this case, you must identify any previously filed objections filed by you and your counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted as set forth above, you will be barred from seeking review of the settlement terms at any other time.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Class Counsel will represent your interests at the hearing.

| **10. When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____.The date, time or place of the hearing may change without further notice but shall but shall be updated by the Settlement Administrator on the settlement website: https://www._____.com/____.

**11. Do I have to come to the hearing?**

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

**12. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 9 above.

# Getting More Information

**13. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by from the settlement website: https://www._____.com/_____.

44506823.1

## **EXHIBIT 8A**

## **Notice to Current Distributors Who Are FLSA Collective Members Only (Who Are Not Also Rule 23 Class Members)**

## SETTLEMENT NOTICE

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)
*Anthony F. Bertino, Jr, et al. v. Tasty Baking Company*, No. 1:20-cv-03752 (E.D. Pa.)[1]

# Because You Are A Current Tasty Distributor and Have Filed a Timely Consent Form, You Are Eligible to Receive a Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. Because you are a current distributor, you will receive an additional $3,500 for the Amendment and Arbitration Agreement outlined below. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuit.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who have asserted claims under the Fair Labor Standards Act (FLSA) and for those individuals who were, or are, Tasty distributors operating out of warehouses located in Pennsylvania or New Jersey within the time period specified below. Your estimated share is listed above, plus $3,500.

  - Pennsylvania:   May 15, 2016 – September 10, 2020
  - New Jersey:     April 7, 2014 – September 10, 2020

The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient. **PLEASE READ THIS NOTICE CAREFULLY**.

---

| **1. Why did I receive this notice?** |
| --- |

You have filed a timely consent form to assert a claim under the FLSA.  The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement of these class actions. The Court sent you this notice because you have the right to know about this proposed settlement, and about your options, before the Court decides whether to grant final

---

[1]The *Bertino* case was initially filed in the District of New Jersey, but was subsequently consolidated with the *Caddick* case in the Eastern District of Pennsylvania.

approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2. What are these lawsuits about?**

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law ("state law claims").

Defendant opposes the lawsuit and denies all of the allegations. Defendant contends that it complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the distributors affected will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

**3. What does the settlement provide?**

Defendant has agreed to pay money to Settlement Class Members and to make certain changes to the distributor program.

Specifically, Defendant has agreed to create a total settlement fund of $ 2,550,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel in the approximate amount of $850,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for the Amendment and accompanying Arbitration Agreement.

**4. What can I get from the settlement?**

Defendant agrees to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and the costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement; and (3) after payments are made, and adjustments that might be made due to former distributors not cashing their settlement checks. However, your estimated settlement share is approximately $_____.

The portion of the settlement fund payable to Settlement Class Members will be using the following formula:

Net Settlement Amount **_multiplied by_** the percentage generated from individual Class Member's workweeks during the Covered Period **_divided by_** the total combined workweeks of all Class Members during the Covered Period.

In addition to the above settlement payments, you will receive an additional $ 3,500 payment as additional consideration for the Amendment and Arbitration Agreement required by the Settlement Agreement. Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# Amendment and Arbitration Agreement

**5. What is the Amendment and Arbitration Agreement for Current Distributors?**

In exchange for an additional payment of $3,500, current distributors are required to enter into an Amendment to the Distributor Agreement and Arbitration Agreement in the form attached as Exhibit 1 to the Settlement Agreement and reproduced here as Exhibit 1 to this Notice. If you sign, date, and cash your settlement checks, you will be deemed to have signed and agreed to both the Amendment and Arbitration Agreement.  If you do not sign, date, and cash both of your settlement checks, you will be deemed excluded from the settlement and you will not receive a Settlement Payment or be bound by any terms of this Settlement Agreement.

# Withdrawing from the Case and the Settlement

If you do not want to be part of the settlement, to exclude yourself prior to the issuance of any checks, you must contact Class Counsel to withdraw from this case as discussed below.  If you do not withdraw from this Action by contacting Class Counsel as discussed below on or before [  ], you will receive settlement checks and (assuming you sign, date, and cash those checks) you will give up the right to sue Defendant for the claims this settlement resolves.  If you do not sign, date, and cash both if your settlement checks, you will be deemed excluded from the settlement and your claims will be dismissed without prejudice.

**6. How do I get out of this settlement?**

To withdraw from this Action prior to the issuance of any checks, you must contact Class Counsel to withdraw on or before [ADD].

If you do not **withdraw by the withdrawal deadline**, unless you fail to sign, date, and cash your settlement checks, you will remain in the settlement.  If you do not want to be part of the settlement, for ease of administration of the settlement, please withdraw prior to the issuance of any checks.

**7. If I don't withdraw, may I later sue Defendant for the same claims in this settlement?**

No.

**8. If I withdraw, will I get money from this settlement?**

No.

# The Lawyers Representing You

**9. Do I have a lawyer in this case?**

The Court has decided that the law firms of Saltz Mongeluzzi & Bendesky PC and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling class actions and similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **10. How do I tell the Court that I don't like the settlement?** |
| --- |

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, and you will still receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Simon Paris, Esq                          K. Clark Whitney
Saltz Mongeluzzi & Bendesky P.C.          Ogletree, Deakins, Nash, Smoak
One Liberty Place, 52nd Floor             & Stewart, P.C.
1650 Market Street                        1735 Market Street, Suite 3000
Philadelphia, PA 19103                    Philadelphia, PA 19103

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see case names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, if objecting to the settlement in this case, you must identify any previously filed objections filed by you and your counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted as set forth above, you will be barred from seeking review of the settlement terms at any other time.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.  Class Counsel will represent your interests at the hearing.

**11. When and where will the Court decide whether to approve the settlement?**

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change without further notice but shall be updated by the Settlement Administrator on the settlement website: https://www._____.com/_____.

**12. Do I have to come to the hearing?**

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

**13. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 10 above.

# Getting More Information

**14. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by from the settlement website: https://www._____ _____.com/_____.

44506857.1

## **EXHIBIT 8B**

## **Notice to Former Distributors Who Are FLSA Collective Members Only (Who Are Not Also Rule 23 Class Members)**

## SETTLEMENT NOTICE

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)
*Anthony F. Bertino, Jr, et al. v. Tasty Baking Company*, No. 1:20-cv-03752 (E.D. Pa.)[1]

# Because You are A Former Tasty Distributor and Have Filed a Timely Consent Form, You Are Eligible to Receive a Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuit.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who have asserted claims under the Fair Labor Standards Act (FLSA) and for those individuals who were, or are, Tasty distributors operating out of warehouses located in Pennsylvania or New Jersey within the time period specified below.  Your estimated share is listed above.
  - Pennsylvania:   May 15, 2016 – September 10, 2020
  - New Jersey:       April 7, 2014 – September 10, 2020

The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient. **PLEASE READ THIS NOTICE CAREFULLY**.

---

### 1. Why did I receive this notice?

You have filed a timely consent form to assert a claim under the FLSA.  The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement of these class actions. The Court sent you this notice because you have the right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

---

[1] The *Bertino* case was initially filed in the District of New Jersey, but was subsequently consolidated with the *Caddick* case in the Eastern District of Pennsylvania.

| **2. What are these lawsuits about?** |
|---|

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania and New Jersey wage-and-hour law ("state law claims").

Defendant opposes the lawsuit and deny all of the allegations. Defendant contends that it complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the affected distributors will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

| **3. What does the settlement provide?** |
|---|

Defendant has agreed to pay money to Settlement Class Members and to make certain changes to the distributor program.

Specifically, Defendant has agreed to create a total settlement fund of $ 2,550,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel in the approximate amount of $850,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for the Amendment and accompanying Arbitration Agreement.

| **4. What can I get from the settlement?** |
|---|

Defendant agrees to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement; and (3) after payments are made, any adjustments that might be made due to former distributors not cashing their settlement checks. However, your estimated settlement share is approximately $_____.

The portion of the settlement fund payable to Settlement Class Members will be allocated using the following formula:

> Net Settlement Amount **multiplied by** the percentage generated from individual Class Member's workweeks during the Covered Period **divided by** the total combined workweeks of all Class Members during the Covered Period.

Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# Withdrawing from the Case and the Settlement

If you do not want to be part of the settlement, you must contact Class Counsel to withdraw from this case as discussed below.  If you do not withdraw from this Action by contacting Class Counsel as discussed below on or before [  ], you will receive a settlement check and you will give up the right to sue Defendant for the claims this settlement resolves.

| **5. How do I get out of this settlement?** |
|---|

To withdraw from this Action, you must contact Class Counsel to withdraw on or before [__].

If you do not **withdraw by the withdrawal deadline**, you will remain in the settlement.

| **6. If I don't withdraw, may I later sue Defendant for the same claims in this settlement?** |

No.

| **7. If I withdraw, will I get money from this settlement?** |

No.

# The Lawyers Representing You

| **8. Do I have a lawyer in this case?** |

The Court has decided that the law firms of Saltz Mongeluzzi & Bendesky PC and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **9. How do I tell the Court that I don't like the settlement?** |

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Simon Paris, Esq.                       K. Clark Whitney
Saltz Mongeluzzi & Bendesky P.C.        Ogletree, Deakins, Nash, Smoak
One Liberty Place, 52nd Floor           & Stewart, P.C.
1650 Market Street                      1735 Market Street, Suite 3000
Philadelphia, PA 19103                  Philadelphia, PA 19103

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases, (see case names on first page of this notice) ; (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, if objecting to the settlement in this case, you must identify any previously filed objections filed by you and your counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted as set forth above, you will be barred from seeking review of the settlement terms at any other time.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.  Class Counsel will represent your interests at the hearing.

**10. When and where will the Court decide whether to approve the settlement?**

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____.  The date, time or place of the hearing may change without further notice but shall be updated by the Settlement Administrator on the settlement website: https://www._____.com/_____.

**11. Do I have to come to the hearing?**

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

**12. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 9 above.

# Getting More Information

**13. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the settlement website: https://www._____.com/_____.

44506897.1

# EXHIBIT 9

## FLSA COLLECTIVE MEMBERS

The following chart lists distributors who have opted into the *Caddick* lawsuit who have not previously signed an arbitration agreement with a class action waiver, these distributors are defined as the FLSA Collective Members in the Settlement Agreement.

FLSA Collective - 3 Year - *Based off date consent filed

| WH State | TOTAL | Current | Former |
|----------|-------|---------|--------|
| PA | 36 | 30 | 6 |
| NJ | 9 | 7 | 2 |
| MD | 7 | 7 | 0 |
| DE | 4 | 3 | 1 |
| **TOTAL** | 56 | 47 | 9 |

| | DISTRIBUTOR | Corp. Name | Route | Start Date | End Date | Warehouse |
|---|-------------|-----------|-------|-----------|----------|-----------|
| 1. | Caddick, William | | 3372 | 12/9/1996 5/18/1998 | | North Wales, PA |
| 2. | Hopkins, Stephen W. | P&S Hop, Inc. | 3381 | 4/14/2003 | | North Wales, PA |
| 3. | Hopkins, Stephen J. | Rainin Kakes Inc. | 3054 | 1/26/2014 | | North Wales, PA |
| 4. | Maloney, Mark | | 5633 | 4/30/1990 | | Scranton, PA |
| 5. | Gaida, Tim W. | T.W.G. Enterprise, Inc. | 3387 | 5/4/1987 | 3/15/2020 | North Wales, PA |
| 6. | Pittsman, Jeff | | 5696 | 2/12/2001 | | Scranton, PA |
| 7. | Waller, Robert K. | Waldough Inc. | 2329 | 3/15/2004 | 6/25/2018 | 26th Street, PA |
| 8. | Persch, Richard L. | Two Dads, Inc. | 3979 | 4/19/2004 | | West Chester, PA |
| 9. | McAndrew, William P. | Macs Kakes, Inc. | 5788 | 4/23/2006 | | Wilkes Barre, PA |
| 10. | Oteri, Joseph | Joe Kakes, Inc. | 2136 2508 | 5/6/2007 10/8/2018 | | 26th Street, PA 26th Street, PA |
| 11. | Hamm, Jeffrey | Hamm Distributors, Inc. | 3784 | 7/18/2005 | | West Chester, PA |
| 12. | Baik, Seung Won | Wacomm Bakery Inc. | 3384 | 9/8/2019 | | North Wales, PA |
| 13. | Reesman, Charles E. | CPG Distributing Inc. | 5737 | 10/24/2013 | 5/28/2017 | Altoona, PA |
| 14. | Cosentino, David | Cosentino Ent. Ltd. | 4378 | 1/11/1993 | | Bel Air, MD |
| 15. | Bianchini, Mark | | 5978 | 6/1/1987 | | Bel Air, MD |
| 16. | Paolino, Robert S. | CRM, Inc. | 3404 | 3/13/2000 | | Bel Air, MD |
| 17. | Major, Sr., Joseph E. | J & S Major Inc. | 3063 | 7/29/2007 | | Bel Air, MD |
| 18. | Mastrodicasa, Peggy A. | P. A. Mastro, Inc. | 6022 | 7/20/2014 | 9/15/2019 | Farmingdale, NJ |
| 19. | Hill, Jason R. | Jason R. Hill, Inc. | 2358 | 5/9/2010 | | North Wales, PA |
| 20. | Whalley, Adam | AWHAL Distributors, Inc. | 3774 | 2/26/2012 | 9/17/2017 | Wilmington, DE |
| 21. | Kronbar, George | George Kronbar, Inc. | 3369 | 5/19/1986 | | North Wales, PA |
| 22. | Malmstrom, Per A. | Swede Kakes, Inc. | 5959 | 6/3/2007 | | Farmingdale, NJ |
| 23. | Feiler, James C. | | 3977 | 3/5/1990 | | West Chester, PA |

1

| | DISTRIBUTOR | Corp. Name | Route | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 24. | Bertino, Jr., Anthony F. | | 5981 | 8/8/1994 | | Atlantic City, NJ |
| 25. | Pribila, Matthew J. | | 5899 | 10/7/2002 | | Farmingdale, NJ |
| 26. | Stewart, Ted | Stewart Dist. | 4696 | 12/30/1985 | | Glen Burnie, MD |
| 27. | McBrearty, Kenneth | K MC B, Inc. | 2342 | 12/30/1985 | | 26th Street, PA |
| 28. | Toomey, Ralph | R.T. Kakes, Inc. | 4379 | 6/30/2013 | | Bel Air, MD |
| 29. | Donaway, Isaiah Jeremy | Try Cake Distributing, Inc. | 5203 | 1/5/2014 | | Bridgeville, DE |
| 30. | Myers, Jr., Joseph G. | Mojo Distributing, Inc. | 4704 | 6/29/2008 | | Glen Burnie, MD |
| 31. | Fitzpatrick, Joe | | 3388 | 2/27/1995 | | West Chester, PA |
| 32. | Jones, August C. | | 3779 | 12/30/1985 | | West Chester, PA |
| 33. | Concannon, Sean | Concannon Distribution, Inc. | 5658 | 12/8/2013 | | Harrisburg, PA |
| 34. | Valcante, Timothy J | Timothy J. Valcante, Inc. | 3764 | 5/18/1992 | | West Chester, PA |
| 35. | Linkhorst, Kevin | Linkhorst Enterprises, Inc | 5743 | 7/9/1990 | 3/17/2019 | Wilkes Barre, PA |
| 36. | Mackewicz, Yvonne H L | DM Distribution | 3749 | 11/8/2004 | | Spring City, PA |
| 37. | Kientzy, Thomas | F. C. Scraps, Inc. | 3057 | 10/30/2005 | 12/8/2019 | North Wales, PA |
| 38. | Lembo, Pasquale | | 5992 | 12/17/1990 | | Piscataway, NJ |
| 39. | Libbi, Robert | R. Libbi Inc. | 3783 | 8/29/2010 | | West Chester, PA |
| 40. | Wray, Patrick (Gertrude) | Purple Crown Distributors, Inc. | 5974 | 6/17/2007 | | Atlantic City, NJ |
| 41. | Leahy, Brian | Bleahy 44, Inc. | 5699 | 2/14/2005 | | Spring City, PA |
| 42. | Hicks, Craig | Hicks Business Systems, Inc. | 5044 | 8/2/2015 | | Bridgeville, DE |
| 43. | Kralick, Bruce | BVKJ Inc. | 5652 | 5/11/2008 | | Bath, PA |
| 44. | Messana, Joseph | | 5729 | 6/30/1997 | | Scranton, PA |
| 45. | Kaszuba, Edward | ZZUBAMAN, Inc. | 6023 | 7/19/2015 | 9/16/2018 | Farmingdale, NJ |
| 46. | Keeler, Raymond S. | R.S.K. Corp. Inc. | 4381 | 10/26/1998 | | Bel Air, MD |
| 47. | Ciervo, Robert | CERV, Inc. | 5714 | 1/7/2007 | | Reading, PA |
| 48. | Oliva, James F. | Rutgers Road Distribution | 5994 | 12/14/2014 | | Piscataway, NJ |
| 49. | Murphy, Thomas J. | T.J. Murf, Inc. | 3059 | 7/3/1989 | | North Wales, PA |
| 50. | Baldwin, Christy | Pearson Bros. Inc. | 3754 | 9/29/2013 | 9/2/2019 | North Wales, PA |
| 51. | Crosson, Jeffrey E. | JABOC Deliveries, LLC | 4683 | 3/15/2015 | | Washington, MD |
| 52. | Horst, Sr., Alan J. | | 4371 | 8/16/1999 | | Hagerstown, MD |
| 53. | Sipper, Martin | M.J. Sipper & Sons, Inc. | 5787 | 12/30/1985 | | Wilkes Barre, PA |
| 54. | Reed, Jr., James G. | D & J Distributors, Inc. | 3773 | 7/28/2013 | | Wilmington, DE |
| 55. | Koenig, Charles | Boulder Enterprises Inc. | 3068 | 4/3/2011 | | North Wales, PA |
| 56. | Rotz, Edward | ER Distribution, Inc. | 2693 | 6/28/2015 | | North Wales, PA |

NOTE: There is one (1) opt-in who is time-barred (Han. S. Kang). The parties agree to dismiss this claim without prejudice.

44506932.1

# EXHIBIT 10

# FLSA COLLECTIVE MEMBERS WHO HAVE PREVIOUSLY ENTERED INTO A DISTRIBUTOR AGREEMENT OR AMENDMENT CONTAINING AN ARBITRATION AGREEMENT WITH A CLASS ACTION WAIVER

The following chart lists distributors who have opted into the *Caddick* lawsuit and have previously signed an arbitration agreement with a class action waiver.  Per the terms of the Settlement Agreement, these distributors are excluded from the settlement and will be dismissed from the *Caddick* lawsuit without prejudice.

| WH State | TOTAL | Current | Former |
|----------|-------|---------|--------|
| PA | 28 | 17 | 11 |
| NJ | 8 | 6 | 2 |
| MD | 7 | 2 | 5 |
| DE | 3 | 1 | 2 |
| VA | 4 | 2 | 2 |
| TOTAL | 50 | 28 | 22 |

| | DISTRIBUTOR | Corp. Name | Route | Start Date | End Date | Warehouse |
|---|-------------|------------|-------|------------|----------|-----------|
| 1. | Marquez, Edinson | MG Distribution Inc. | 5989 | 10/14/18 | 3/30/2019 | Paterson, NJ |
| 2. | Lopez, Rafael A. | RP Lopez, Inc | 4163 | 7/16/2017 | 7/22/2018 | Washington, MD |
| 3. | Yannuzzi, Jeffrey | Kake King, Inc. | 5999 6003 | 3/26/2017 9/14/2003 | 9/13/2015 | Piscataway, NJ |
| 4. | Dando, Jr., Robert K. | Bobby Weston Cakes Inc | 3394 | 1/17/2016 | 9/13/2015 | 26th Street, PA |
| 5. | Garzone, Stephen | RMG BREAD DISTRIBUTING INC | 6058 | 5/21/2017 | 8/14/2017 | Piscataway, NJ |
| 6. | James (Cates), Brooke C. | Cates Cakes, Inc. | 9637 | 6/8/2014 | 10/14/2018 | Hampton Roads, VA |
| 7. | Monn, Terrance A. | Monn Distributions, Inc | 5383 | 12/29/2019 | | Hanover, PA |
| 8. | Maines, Linda L. | A Piece of Cake | 9227 | 10/30/2016 | | Williamsport, PA |
| 9. | Bushey, Kevin R. | | 5663 | 1/31/2006 | 12/3/2017 | Harrisburg, PA |
| 10. | Selmen, Joel | S & J Bright Spirit Inc. | 6003 | 1/21/2018 | | Piscataway, NJ |
| 11. | Hill, Robert | H&M Distributors, Inc. | 5363 | 3/10/2019 | 10/6/2019 | Salisbury, MD |
| 12. | Robinson, Craig A. | JoAl, Inc. | 5954 | 2/18/2002 | | Wildwood, NJ |
| 13. | Fink, David A. | D. A. Fink, Inc. | 3638 | 11/13/2005 | | West Chester, PA |

1

|  | **DISTRIBUTOR** | **Corp. Name** | **Route** | **Start Date** | **End Date** | **Warehouse** |
|---|---|---|---|---|---|---|
| 14. | Razzi, Robert A. | Friendly Bob's Premium Service | 3379 | 8/2/2004 | 4/23/2017 | North Wales, PA |
| 15. | Nolen, Thomas | TCMN Inc. | 3376 | 4/10/2016 |  | North Wales, PA |
| 16. | Neubaeur, Kyle | Neubauer Distribution, Inc. | 4382 5383 | 5/7/2017 | 3/17/2019 | Hanover, PA |
| 17. | Parker, John | John Parker Incorporated | 9641 | 6/15/2014 |  | Virginia Beach, VA |
| 18. | McFeaters, David | DMD, Inc | 5737 | 8/4/2019 | 11/9/2019 | State College, PA |
| 19. | Anderson, William C. | Fresh Ventures Incorporated | 5659 | 3/27/2016 |  | Harrisburg, PA |
| 20. | Baird, Jr., John B. | JB Buck Inc. | 2701 3376 | 4/29/2018 5/4/2013 | 4/10/2016 | North Wales, PA Philly Northeast, PA |
| 21. | Hughes, Michael | M.J Hughes Enterprises Inc. | 3378 2238 | 2/15/2009 2/15/2009 | 5/12/2019 6/3/2018 | 26th Street, PA 26th Street, PA |
| 22. | Millard, James | STPH8N Inc | 2701 | 5/31/2009 | 4/29/2018 | Washington, MD |
| 23. | Smiley, Jr., Kenneth G. | Sweettooth Jr., Inc. | 4649 | 10/18/2009 |  | Lancaster, PA |
| 24. | Shull, Kevin G. | Shull Enterprises Inc. | 5653 | 7/17/2016 |  | Bath, PA |
| 25. | Smith, Linda J. | CNS Cross, Inc | 4679 | 5/22/2016 | 12/2/2018 | Washington, MD |
| 26. | Fagan, Jennifer | JJ's Cakes Inc. | 3377 3379 | 6/14/2015 2/18/2018 | 6/14/2020 | North Wales, PA North Wales, PA |
| 27. | Benamar, Youssef | Youssef Distributing Inc. | 5378 5657 5663 5656 | 12/8/2019 12/8/2019 12/3/2017 2/28/2016 | 9/8/2019 | York, PA Harrisburg, PA Harrisburg, PA Harrisburg, PA |
| 28. | Fletcher, IV, William B. | M&A Distributors, Inc. | 5359 | 12/1/2003 |  | Salisbury, MD |
| 29. | Judy, David | DAVLAR Distributing, Inc. | 5663 | 9/8/2019 |  | Harrisburg, PA |
| 30. | Breeding, Brian | Breeding's Distribution Inc. | 5049 | 5/13/2018 |  | Bridgeville, DE |
| 31. | Espinal, Edwin A. | EAE Distribution, Inc. | 5958 | 11/16/2014 |  | Piscataway, NJ |
| 32. | Justis, Keith | 5J's, Inc. | 5366 | 9/24/2017 |  | Salisbury, MD |
| 33. | Santos, Charles | Santos Distributing Inc | 5993 | 3/11/2018 |  | Piscataway, NJ |
| 34. | Powell, Corey L | Corey L. Powell, Inc. | 9631 | 6/22/2014 |  | Portsmouth, VA |
| 35. | Nicholson, III, George W. | NickNack, Inc. | 2353 | 9/28/2008 |  | North Wales, PA |

2

|  | DISTRIBUTOR | Corp. Name | Route | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 36. | Rife, Anthony J. | Toniki, Inc | 4393 | 1/7/2018 | 2/9/2020 | Lancaster, PA |
| 37. | Sharpe, Jacqueline | JAKTONES, Inc | 8558 | 8/28/2016 | 4/1/2018 | Bridgeville, DE |
| 38. | Gittens, III, David | DHG3RD Corp. | 5634 | 1/10/2016 | 1/11/2020 | Scranton, PA |
| 39. | Reedy, John | JmanZ Snacks, Inc. | 8966 | 10/8/2017 | 8/6/2018 | Winchester, VA |
| 40. | Scoblick, Anthony J. | FDJMAJS Distributors, Inc | 5636 | 11/4/2018 | 2/27/2019 | Scranton, PA |
| 41. | Hanna, Thomas | TWH Sales Inc. | 3393 | 7/30/2017 | | 26th Street, PA |
| 42. | Sanderson, Eric | ETMMS Distributors, Inc. | 5664 5674 | 3/31/2019 3/29/2004 | | Harrisburg, PA Harrisburg, PA |
| 43. | Frady, Jr., Earl E. | Earl & Michelle Frady Distribution | 5669 | 7/30/2001 | 10/13/2019 | Harrisburg, PA |
| 44. | Walters, Benjamin | BDW Kake Sales Inc | 9211 | 11/3/2013 | 5/21/2017 | Hagerstown, MD |
| 45. | DeLarge, Marquis | Smell The Flour Inc. | 6033 | 9/22/2019 | | Trenton, NJ |
| 46. | Sutherland, Richard | RPLRJ, Inc. | 3403 | 8/19/2012 | | West Chester, PA |
| 47. | Truett, IV, Wilbur | RIJL Enterprises, Inc. | 9211 | 5/21/2017 | | Chambersburg, PA |
| 48. | Rush, Albert | ARush 4681 Inc. | 2341 2332 | 11/19/2017 4/16/2017 | | 26th Street, PA 26th Street, PA |
| 49. | Wiltshire, Keif | KCW Inc. | 8558 | 4/1/2018 | 11/23/2019 | Bridgeville, DE |
| 50. | Ralston, Nicole (LeFort) | Colton's Snack Cakes | 5693 | 1/1/2017 | 4/29/2018 | Williamsport, PA |

44507016.1

**EXHIBIT 11**

**Proposed Preliminary Approval Order**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CADDICK and STEPHEN HOPKINS, Individually and on behalf of all similarly situated individuals,<br><br>            Plaintiffs,<br><br>      v.<br><br>TASTY BAKING COMPANY<br><br>            Defendant. | Case No. 2:19-cv-02106-JDW |
| ANTHONY F. BERTINO JR.,<br>*individually and on behalf of all similarly situated individuals,*<br><br>            Plaintiffs,<br><br>      v.<br><br>TASTY BAKING COMPANY,<br><br>            Defendant. | Case No. 1:20-cv-03752-NLH-JS |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**CLASS AND COLLECTIVE ACTION SETTLEMENT**

Plaintiffs William Caddick, Stephen Hopkins, and Anthony F. Bertino, Jr. (collectively referred to as "Plaintiffs"), and Defendant Tasty Baking Company ("Defendant") have entered into a Class and Collective Action Settlement Agreement and Release ("Settlement Agreement")[1] after extensive arms-length settlement negotiations. The Parties have applied, pursuant to Federal Rule of Civil Procedure 23(e) and the Fair Labor Standards Act, 29 U.S.C. § 216(b), for an order preliminarily approving the settlement of this Action upon the terms and conditions set forth in the

---

[1] All capitalized terms have the meanings set forth and defined in the Parties' Settlement Agreement.

Settlement Agreement.  Having reviewed and considered the Parties' Joint Motion for Preliminary Approval, the Settlement Agreement, and accompanying Exhibits, the Court finds that the Settlement Agreement is sufficient to warrant notice of the Settlement to FLSA Collective and Class Members and a full fairness hearing on the approval of the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.      Jurisdiction and Preliminary Findings**

Jurisdiction. The Court has jurisdiction over the Parties, has subject-matter jurisdiction over the federal law claims, and has supplemental jurisdiction over the state-law claims.

1.      Preliminary Findings. The Court, having conducted a preliminary assessment of the fairness, reasonableness, adequacy and equity of the Settlement Agreement, hereby finds that the Settlement falls within the range of reasonableness meriting further proceedings and approval and dissemination of the Class Settlement Notices to FLSA Collective and Class Members.  The Court also finds that the Parties have demonstrated that the Court will be able to approve the proposed settlement.  The Court hereby preliminarily approves the Settlement Agreement, and the terms and conditions of the Settlement set forth therein, subject to further consideration in the Fairness Hearing described below.

2.      Fairness Hearing.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing on _____2020 at ____ a.m., for the purposes of:

(a)      Determining whether the Settlement on the terms and conditions set forth in the Settlement Agreement, is fair, just, reasonable, and adequate and should be approved by the Court;

(b)      Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for in the Settlement Agreement;

(c)      Considering the application of the Named Plaintiffs for Service Awards, as provided for in the Settlement Agreement;

(d)      Reviewing objections, if any, to the settlement;

(e)      Determining the validity of Exclusion Requests, if any, and exclude from the Settlement Class those Persons who validly and file Exclusion Requests by the Exclusion Date;

(f)      Granting the withdrawal of any FLSA Collective Members who have contacted Class Counsel by the Withdrawal Deadline regarding their intent to withdraw and dismissing their claims without prejudice.

(g)      Considering whether the Court should enter the [Proposed] Order Approving Class Action Settlement;

(h)      Confirming that those current distributors who do not sign, date, and cash their settlement checks be excluded from the settlement; and

(i)      Ruling upon such other matters as the Court may deem necessary and appropriate.

3.      <u>Approval of Collective and Class Member Definitions</u>.  The Court hereby approves the Parties' stipulations in the Settlement Agreement that FLSA Collective Members and Class Members exclude all individuals who previously signed, individually or on behalf of a business entity, a distributor agreement or an amendment containing an arbitration agreement with a class action waiver.  Accordingly:

(a)      Those opt-ins plaintiffs who have previously signed, individually or on behalf of a business entity, a distributor agreement or an amendment containing an arbitration

agreement with a class action waiver (see Exhibit 10 to Settlement Agreement) are hereby dismissed from the *Caddick* lawsuit without prejudice; and

(b)     Those individuals, who either individually or on behalf of a business entity, operated under a distributor agreement with Tasty during a Covered Period out of a warehouse in Pennsylvania or New Jersey, who previously signed, individually or on behalf of a business entity, a distributor agreement or an amendment containing an arbitration agreement with a class action waiver (see Exhibits 3 and 5 to the Settlement Agreement) are hereby excluded from the Rule 23 classes encompassed by this settlement.

4.     <u>Modifications to Settlement</u>. The Parties may modify the Settlement Agreement prior to the Fairness Hearing as long as such modifications do not materially change the terms and conditions of the Settlement provided thereunder. The Court may approve the Settlement Agreement with any such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

5.     <u>Objections to Settlement</u>. Any Settlement Class Member who is not a Named Plaintiff and who intends to object to any aspect of the Settlement, including the requested Attorney's Fees and Costs, or Service Awards, must do so on or before the Exclusion and Objection Date. To object, the applicable Settlement Class Member must file a written objection with the Court on or before the Exclusion and Objection Date and serve it via first-class mail on Class Counsel and Defense Counsel and include:  the name, address, telephone number, and email address of the Person objecting and, if represented by counsel, of his/her counsel.  An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections and must state whether he/she intends to appear at the Fairness Hearing, either

4

with or without counsel.  The Parties may take discovery regarding the objection from the objector and related third parties.

6.      <u>Response to Objections</u>. Any response to timely, completed objections must be filed with the Court and served no later than seven (7) days prior to the Fairness Hearing.  The motion for the Final Approval of Settlement shall also be filed no later than seven (7) days prior to the Fairness Hearing.

7.      <u>Appearance at Fairness Hearing</u>. Attendance at the Fairness Hearing is not necessary; however, any Person wishing to be heard orally with respect to approval of the Settlement, the application for Attorneys' Fees and Costs, or the application for Plaintiffs' Service Awards, are required to provide to the Court written notice of their intention to appear at the Fairness Hearing no later than the Objection Deadline as set forth in the Class Settlement Notice. Persons who do not intend to oppose the Settlement, Attorneys' Fees and Costs or Service Awards need not take any action to indicate their approval.

8.      <u>Exclusion and Objection Date</u>. The deadline for requesting exclusion from the Settlement or filing objections to the Settlement is 45 days after the notice is mailed.

9.      <u>Withdrawal Date.</u> The deadline for contacting Class Counsel to request to withdraw from the Action for FLSA Collective Members is 45 days the notice is mailed.

10.     Supporting Papers.  All papers in support of the Settlement Agreement and any application for an award of Attorneys' Fees and Expenses and/or Service Awards must be filed with the Court and served on or before _____ or 30 days after preliminary approval, whichever is later.

**B.**     **The Court Approves the Form and Method of Class Notices**

1.     <u>Settlement Notices</u>. The Court approves for distribution in accordance with the Settlement Agreement, as to form and content, the proposed Settlement Notices, which are Exhibits 6A, 6B, 7A, 7B, 8A and 8B to the Settlement Agreement.  The Court finds that the Settlement Notices are reasonably calculated to apprise FLSA Collective and Class Members of the pendency of the Action, and their respective rights.

2.     <u>Settlement Notices</u>. The Court finds that the distribution of the Settlement Notices substantially in the manner and form set forth in the Settlement Agreement and Exhibits 6A, 6B, 7A, 7B, 8A and 8B meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all Persons entitled thereto.

3.     <u>Settlement Administrator</u>. The Court appoints _____ or such other settlement administrator as the Parties may agree to as the Settlement Administrator.

4.     <u>Dissemination of Notices</u>.  The Court directs the Settlement Administrator to disseminate Settlement Notices, including the Arbitration Agreement Packet and such other information, if any, as may be of assistance to Settlement Class Members or required under the Settlement Agreement.  The Settlement Administrator shall also make available to the FLSA Collective and Class Members the Settlement Agreement, excepting the confidential individualized damages calculations.

(a)     The Settlement Administrator is ordered to cause the Class Settlement Notice to be disseminated to FLSA Collective and Class Members no later than fifty-five (55) days before the Fairness Hearing ("Settlement Class Notice Deadline").

6

(b)      The Settlement Administrator shall file with the Court proof of compliance with the Notice Program no later than five (5) business days prior to the Fairness Hearing.

**C.      Procedure for Exclusion from the Settlement or Withdrawal from the Actions**

1.      Any person falling within the definition of Class Member who is not also a Named Plaintiff, including any Class Member who is also an FLSA Collective Member, may exclude themselves from the settlement as set forth herein. Any such person who is a former distributor and any such person who is a current distributor who wants to be excluded prior to the issuance of settlement checks must submit a timely Exclusion Request to the Settlement Claims Administrator, post-marked on or before the Exclusion Date, as set forth in the Class Settlement Notice. Exclusion Requests purportedly filed on behalf of multiple persons or classes of persons are prohibited and will be deemed to be void.  Any such person who is a current distributor will be deemed excluded from the settlement if he or she fails to sign, date, and cash both settlement checks issued to him or her.

2.      Any person who is an FLSA Collective Member (but not a Named Plaintiff), including those FLSA Collective Members who are also Class Members, and who is a former distributor or is a current distributor who wants to withdraw prior to the issuance of settlement checks, must contact Class Counsel to indicate an intent to withdraw from the Actions by the Withdrawal Date if they do not want to participate in the settlement. Any such person who is a current distributor will be deemed withdrawn from the Actions if he or she fails to sign, date, and cash both settlement checks issued to him or her.

3.      For FLSA Collective Members who are also Class Members (but not Named Plaintiffs), and who are former distributor or current distributors who want to be excluded prior to the issuance of settlement checks, they must file both: (i) a valid and timely Exclusion Request by

the Exclusion Date; and (ii) and contact Class Counsel to withdraw from the Actions by the Withdrawal Date to exclude themselves from the settlement. Any such person who is a current distributor will be deemed excluded from the settlement and withdrawn from the Actions if he or she fails to sign, date, and cash both settlement checks issued to him or her.

4.      Any: (a) Class Member who is not also a Named Plaintiff or FLSA Collective Member who does not send a completed, signed Exclusion Request to the Settlement Administrator post-marked on or before the Exclusion Date, and, if a current distributor, who signs, dates, and cashes both settlement checks; and any (b) Class Member who is also an FLSA Collective Member but not a Named Plaintiff who does not send a completed, signed Exclusion Request to the Settlement Administrator post-marked on or before the Exclusion Date,  who does not also contact Class Counsel to request to withdraw by the Withdrawal Date, and, if a current distributor, who signs, dates, and cashes both settlement checks, will be deemed to be a member of the Settlement Class for the Pennsylvania or New Jersey claims as applicable and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court. All Class Members who are not Named Plaintiffs, including FLSA Collective Members who are also Class members but who are not Named Plaintiffs, and who submit valid and timely Exclusion Requests in the manner set forth in the above;  Class members who are also FLSA Collective Members, who also contact Class Counsel to ask to withdraw by the Withdraw Date; and any such persons who are current distributors and do not sign, date, and cash both settlement checks shall have no rights under the Settlement Agreement and shall not be bound by the Settlement or the Final Judgment and the Order Approving Class Action Settlement. All FLSA Collective Members (who are not also Class Members or Named Plaintiffs) who contact Class Counsel to withdraw from the Actions by the Withdrawal Date and all such persons who are

current distributors and do not sign, date, and cash both settlement checks shall also have no rights under the Settlement Agreement and shall not be bound by the Settlement or the Final Judgement and Order Approving Class Action Settlement.

5.     Class Counsel shall provide counsel for Defendant with a list of all timely Exclusion Requests within five (5) business days after the Exclusion and Objection Deadline.

6.     Any Class Member or FLSA Collective Members who are current distributors and who do not sign, date, and cash both settlement checks issued to him or her shall be deemed excluded and/or withdrawn from the settlement, and any such FLSA Collective Members shall be deemed dismissed without prejudice.

**D.     Miscellaneous Provisions**

1.     <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all proceedings in the Action unrelated to the approval of the Settlement, the application for Attorneys' Fees and Expenses, and the Application for Incentive Award are stayed.

2.     <u>Termination of Settlement</u>. This Order will become null and void and will be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement or if the Settlement Effective Date never occurs.

3.     <u>Use of Order</u>. This Order may not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against Defendant of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense, right to arbitration or to defend against arbitration that he, she or it may have in the event the Settlement Agreement is terminated. In the event that this Order becomes of no force or effect, it shall not be

construed or used as an admission, concession or presumption by or against the Released Parties,

the Plaintiffs or the Class.

IT IS SO ORDERED.

Dated: _____, 2020


                               _____
Honorable Joshua D. Wolson
Judge, United States District Court

44509004.1

10

# **EXHIBIT 12**

## **NON-MONETARY RELIEF AND OTHER OPTIONS FOR DISTRIBUTOR**

## NON-MONETARY RELIEF AND OTHER OPTIONS FOR DISTRIBUTOR

A.    The Distributor Advocate Program will be made available to distributors of Tasty Baking Company ("Tasty").

- The Distributor Advocate, will be certified by the International Ombudsman Association. Where practicable, the program will operate in accordance with the International Ombudsman Association Standards of Practice ("Standards") and the organization's Code of Ethics.

- The Distributor Advocate's compliance with certain Standards and portions of the Code of Ethics (*i.e.* certain confidentiality provisions) is not feasible because it would prevent the Distributor Advocate from being able to fully address/investigate the issues presented to him.

- The Distributor Advocate will be responsible for addressing distributor issues that cannot be resolved at the local level. The Distributor Advocate will represent distributor interests and seek to resolve outstanding issues with Tasty management and the distributor. Subject to the certification and standard provisions set forth immediately above, Tasty retains the right to modify the Distributor Advocate position provided the overall intent behind the position remains intact.

B.    Tasty will empower a Distributor Review Panel, consistent with the guidelines set forth in the Distributor Review Panel Program.

- The Distributor Review Panel will have the authority to hear contract-related disputes, such as whether a breach of contract was properly issued, whether the distributor failed to comply with good industry practice, etc.

- The Distributor Review Panel will be charged with analyzing the dispute between the complainant-distributor and Tasty and rendering a decision based on its findings.

- The Distributor Review Panel does not have the authority to change any contractual terms when rendering a decision. Rather, their authority is limited to hearing contract-related disputes and issuing a determination within the confines of the Distributor Agreement's terms.

- The Panel will be composed of three (3) distributors who are not from the complainant-distributor's warehouse; a sales representative from Tasty who is not involved with overseeing Tasty's business relationship with the complainant-distributor; and a representative from the corporate distributor enablement department who has not been involved in advising Tasty on the

matter under review by the Panel. Tasty retains the right to modify the Distributor Review Panel provided the overall intent behind the panel remains intact.

C.    Enhancement of pricing and margin policies.

- Distributors will be able to modify the prices for products sold to all non-chain accounts consistent with handheld maintenance guidelines.

- Distributors will be able to lower the prices for products sold to national accounts within the guidelines of the customers' pricing approval processes.

D.    Addressing unprofitable accounts.

- Should a distributor believe that a new or existing account or accounts is/are unprofitable to service, the distributor will have the option to raise this issue with the Tasty, and the Tasty and distributor agree to work together in good faith to achieve a resolution. The distributor may utilize the Distributor Advocate and/or Distributor Panel to address those issues.

- Profitability includes, but is not limited to, an assessment of the following factors which will require a case by case analysis:

  i.     the length of time the distributor has serviced the account;
  ii.    efforts the distributor has made to increase sales in the account;
  iii.   efforts/options the distributor might pursue to increase sales;
  iv.    likelihood of increased sales in the account;
  v.     whether the distributor services the particular customer in another location or locations;
  vi.    the prospect of the customer opening additional location(s) in the distributor's territory;
  vii.   alternate service options for the account, including by another distributor or otherwise;
  viii.  distributor costs associated with servicing the account; and
  ix.    any other factor that should reasonably be considered under the circumstances.

E.    Distributor discretion for product placement and service windows.

- Distributors may have discussions with appropriate management personnel within their chain accounts, who have authority to engage in such discussions, regarding product placement and days of service. If a distributor makes arrangements for product placement (or removing certain products) that differ from the plan-o-gram issued by the chain account, or for alternative days of service, Tasty will not interfere with such arrangement. Any such arrangements

must be approved by the appropriate management personnel within the chain account, which may or may not be the store manager.

- In the event Tasty and/or the distributor is (are) notified that any such alternate arrangement is without the appropriate authority, the distributor must comply with the customer's desired product placement specifications and/or days of service within three business days of such notice to the distributor.

- Any product allocation discussions at the local level will involve distributors.

- Distributors shall be permitted to schedule service for non-chain account customers, assuming such service meets the customer's requirements.

F.   Product Plusses - Distributors may reject plusses to orders, but Tasty retains the right to issue breach letters for service failures resulting from rejections of plusses.

G.   Partnership meetings - Tasty will agree to conduct distributor partnership meetings, consistent with existing standards.

H.   Management training - Tasty will conduct ongoing training with sales management regarding the Distributor Agreement.

# **EXHIBIT 13**

# **DISTRIBUTOR REVIEW PANEL**

## DISTRIBUTOR REVIEW PANEL

The Distributor Review Panel is an internal dispute resolution process whereby an independent distributor may appeal to an internal review panel for resolution of contract-related disputes, such as whether a breach of contract notice was properly issued, whether the distributor failed to comply with good industry practice, etc. The Panel will be charged with analyzing the dispute between the complainant–distributor and the bakery and rendering a decision based on its findings.

The Panel will be composed of three (3) independent distributors who are not from the complainant–distributor's warehouse; a management representative from Tasty who is not involved with overseeing the bakery's business relationship with the complainant-distributor; and a representative from the corporate distributor relations department who has not been involved in advising Tasty on the matter under review by the Panel.

The Panel program provides an efficient and fair process for resolving independent distributor disputes internally. The Panel shall be drawn from an established pool of volunteers. All individuals who serve on the Panel shall be neutral to the dispute and have no or limited knowledge of the dispute prior to serving on the Panel. Panel members shall have also undergone the required training prior to serving on a Panel.

All Tasty distributors, area sales directors/market vice presidents, and corporate distributor enablement operations coordinators are eligible to participate in the distributor review program, with a few limited exceptions. In order to develop a pool of eligible volunteers for the Panel, the Distributor Advocate and the Distributor Enablement Operations Coordinator will solicit volunteers for service on an annual basis. Distributors are eligible to participate in the pool of volunteers upon their submission of a signed Distributor Statement of Participation Form to the Distributor Advocate or Distributor Enablement Operations Coordinator and completing training provided by Tasty.

When the services of the Panel are required, Panel members are randomly selected from the established pool of eligible volunteers that is adjusted, if necessary, to prevent the occurrence of a conflict of interest, such as: an area sales director of the market area involved in the case, or a relative of the distributor, or a witness involved in the case, or an individual involved in the case. The distributor requesting Panel review randomly draws a team of five (5) individuals from the pool of eligible volunteers (three (3) distributors, one (1) sales management official and one (1) member of the corporate distributor relations team).

Once selected, the Panel reviews the dispute and makes a written determination. The Panel's decision is determined by a majority secret ballot vote.

## **EXHIBIT 14**

## **DISTRIBUTOR ADVOCATE POSITION**

## DISTRIBUTOR ADVOCATE POSITION

The Distributor Advocate oversees the internal, alternative dispute resolution process for independent distributors. The individual holding this position has a reporting line independent of local bakery operations and reports to the Chief Compliance Officer. The Distributor Advocate is responsible for addressing distributor issues that cannot be resolved at the local level.

At the request of an independent distributor who has been unable to resolve a dispute with bakery management, the Distributor Advocate will be responsible for reviewing the dispute and working with the distributor and bakery management to reach an amicable resolution of the dispute. For disputes that the Distributor Advocate is unable to resolve, upon a Distributor's request, the Distributor Advocate will determine whether the Distributor Review Panel has authority over the dispute and, if so, assist with empaneling a Distributor Review Panel to hear the dispute. The Distributor Advocate will also independently raise issues that affect independent distributors and work with bakery management to address those issues. The Distributor Advocate position requires significant interaction with the company's in-house attorneys, other departments at corporate and subsidiary levels, and independent distributors.

The Distributor Advocate will be certified by the International Ombudsman Association. Where practicable, the Advocate will operate in accordance with the International Ombudsman Association Standards of Practice and such organization's Code of Ethics.

<u>Position Responsibilities and Major Duties</u>

- Facilitate an internal, alternative dispute resolution process for specific disputes that arise between independent distributors and bakery management by:
  - o Developing non-adversarial, conflict resolution approaches to resolving independent distributor concerns and issues, such as informal mediation, facilitation, conciliation, and shuttle diplomacy;
  - o Working with independent distributors and bakery management to resolve disputes; and
  - o Facilitating the Distributor Review Panel program.
- Serve as an advocate for the bakery's independent distributors through:
  - o Monitoring independent distributor hotline calls to identify issues that affect all independent distributors and raise those issues with bakery management;
  - o Attending Distributor Partnership Meetings and engaging in personal interactions with independent distributors to identify issues and concerns;
  - o Preparing appropriate reports,
- Promote and encourage better communication between independent distributors and bakery management.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CADDICK, STEPHEN HOPKINS, RAYMOND S. KEELER, individually and on behalf of all similarly situated individuals, <br><br> *Plaintiffs*, <br><br> v. <br><br> TASTY BAKING COMPANY, <br><br> *Defendant*. | Case No. 2:19-cv-02106-JDW |
| ANTHONY F. BERTINO JR., individually and on behalf of all similarly situated individuals, <br><br> *Plaintiffs*, <br><br> v. <br><br> TASTY BAKING COMPANY, <br><br> *Defendant*. | Case No. 2:19-cv-02106-JDW |

## ADDENDUM TO CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

This Addendum amends the Class Action Settlement Agreement and Release executed on or about October 8, 2020 by and between then Named Plaintiffs William Caddick, Stephen W. Hopkins, and Anthony F. Bertino, Jr., and Tasty Baking Company. The purposes of this Addendum is to add Maryland resident Raymond S. Keeler as a party to the Agreement and to modify the Agreement to add a Maryland Class. The Addendum also reflects the consolidation of the *Bertino* case under the *Caddick* case and the filing of a Second Amended Complaint adding Mr. Keeler as a Named Plaintiff asserting both his individual claims and as the representative for

class claims under Maryland law. Finally, the Addendum reflects corrections to certain exhibits based on mutual cross-checking of such exhibits.

NOW, THEREFORE, this Addendum is entered into by and among the Parties, by and through their respective counsel and representatives, to memorialize the foregoing and reaffirm the terms and conditions otherwise set forth in the Agreement.

## 1.      Table of Amended Exhibits*

Amended Exhibit 1: Arbitration Agreement Packet ........................................................

Amended Exhibit 3:   Pennsylvania Distributors Who have Previously Signed an Arbitration Agreement With a Class Action Waiver................................................................

Amended Exhibit 4:  New Jersey Class Members............................................................

Amended Exhibit 5: New Jersey Distributors Who Have Previously Signed an Arbitration Agreement With a Class Action Waiver..............................................................

Exhibit 5A: Maryland Class Members .............................................................................

Exhibit 5B: Maryland Distributors who have Previously Signed an Arbitration Agreement with a Class Action Waiver ........................................................................................

Amended Exhibit 6A: Notice to Current Distributors Who Are Rule 23 Class Members Only (Excludes FLSA collective members) .....................................................................

Amended Exhibit 6B: Notice to Former Distributors Who Are Rule 23 Class Members Only (Excludes FLSA collective members) .....................................................................

Amended Exhibit 7A: Notice to Current Distributors Who Are FLSA Collective Members And Who Also Have a Rule 23 Class Claim................................................................

Amended Exhibit 7B: Notice to Former Distributors Who Are FLSA Collective Members And Who Also Have a Rule 23 Class Claim................................................................

Amended Exhibit 8A: Notice to Current Distributors Who Are FLSA Collective Members Only (Who Are Not Also Rule 23 Class Members) .......................................................

Amended Exhibit 8B: Notice to Former Distributors Who Are FLSA Collective Members Only (Who Are Not Also Rule 23 Class Members) .......................................................

Amended Exhibit 11: Proposed Preliminary Approval Order...........................................

*  These Exhibits have been amended to reflect the addition of Mr. Keeler and the Maryland settlement class, the consolidation of *Bertino* under *Caddick* and the filing of the Second Amended Complaint, and corrections to certain exhibits.

## 2.    Amendments to Agreement

Section 3.1 shall be amended to read as follows:

3.1  <u>Actions</u>: means the above-captioned lawsuits: *William Caddick and Stephen Hopkins, Raymond S. Keeler,* individually and on behalf of all others similarly situated*, v. Tasty Baking Company*, Case No. 2:19-cv-02106-JDW, and *Anthony F. Bertino, Jr*., individually and on behalf of all others similarly situated, *v. Tasty Baking Company*, Case No. 2:19-cv-02106-JDW, which was originally filed in the United States District Court for the District of New Jersey as Case No. 1:20-cv-03752-NLH-JS, and subsequently transferred to the Eastern District of Pennsylvania and consolidated with the *Caddick* case for purposes of settlement.

Section 3.2 shall be amended to read as follows:

3.2  <u>Agreement or Settlement Agreement</u>: means this Class and Collective Action Settlement Agreement and Release and the Addendum to the Agreement, including the non-amended Exhibits attached to the Agreement and the Amended Exhibits attached to the Addendum.

Section 3.4 shall be amended as follows:

"$850,000.00" shall be replaced by "$1,050.000.00"

Section 3.6 shall be amended as follows:

"Pennsylvania or New Jersey" shall be replaced by "Pennsylvania, New Jersey or Maryland."

Footnote 3 shall be amended by adding the following two sentences:

A list of the Maryland Class Members is attached to the Addendum as Exhibit 5A.

A list of Maryland distributors who have previously signed an arbitration agreement with a class action waiver is attached to the Addendum as Exhibit 5B.

Section 3.7 shall be amended as follows:

Raymond S. Keeler shall be added.

Section 3.10 shall be amended to add the following:

3.10.4  For Maryland claims, from September 10, 2017 through September 10, 2020.

Section 3.13.1 shall be amended as follows:

Following "Agreement" the clause "and Addendum" shall be added.

Section 3.18 shall be amended as follows:

"53" shall be replaced by "52;" "three (3) " shall be replaced by "four (4)."

Section 3.28 shall be amended as follows:

"$2.55 million" shall be replaced by "$3,150,000.00"

"$850,000.00" shall be replaced by "$1,050,000.00"

Section 8.3 shall be amended as follows:

    "$2.55 million" shall be replaced by "$3,150,000.00"

Section 13.2.2 shall be amended as follows:

    "$2,550,000.00" shall be replaced by "$3,150,000.00"

Any references in the Agreement to Exhibits 1, 3, 4, 5, 6A, 6B, 7A, 7B, 8A, 8B, and 11 shall be those Amended Exhibits attached to the Addendum.

### 3.    Named Plaintiffs' Certifications

The Named Plaintiffs hereby certify that:

a)    They have signed this Addendum voluntarily and knowingly in exchange for the consideration described herein, which Named Plaintiffs acknowledge is adequate and satisfactory;

b)    They have been advised by Class Counsel and have consulted with Class Counsel before signing this Addendum; and

c)    They have been given adequate time to review and consider this Addendum and to discuss it with Class Counsel; neither Defendant nor any of the Releasees have made any representations to Named Plaintiffs concerning the terms or effects of the Settlement Agreement and Addendum other than those contained herein and therein.

IN WITNESS WHEREOF, the Parties hereto have caused this Addendum to be executed.

**CLASS COUNSEL**

Dated: ___2/19/21___

_____
Simon Paris, Esq.
Saltz, Mongeluzzi & Bendesky, P.C

_2-19-2021_

_____
Charles J. Kocher, Esq
McOmber, McOmber & Luber, P.C.

**NAMED PLAINTIFFS:**

Plaintiff William Caddick

Dated: _____          _____

### 3.    Named Plaintiffs' Certifications

The Named Plaintiffs hereby certify that:

a)    They have signed this Addendum voluntarily and knowingly in exchange for the consideration described herein, which Named Plaintiffs acknowledge is adequate and satisfactory;

b)    They have been advised by Class Counsel and have consulted with Class Counsel before signing this Addendum; and

c)    They have been given adequate time to review and consider this Addendum and to discuss it with Class Counsel; neither Defendant nor any of the Releasees have made any representations to Named Plaintiffs concerning the terms or effects of the Settlement Agreement and Addendum other than those contained herein and therein.

IN WITNESS WHEREOF, the Parties hereto have caused this Addendum to be executed.

**CLASS COUNSEL**

Dated: _____

           _____
           Simon Paris, Esq.
           Saltz, Mongeluzzi & Bendesky, P.C

           _____
           Charles J. Kocher, Esq
           McOmber, McOmber & Luber, P.C.

**NAMED PLAINTIFFS:**

           Plaintiff William Caddick

Dated: _2-19-2021_

           _____

Plaintiff Stephen W. Hopkins

Dated: _2-19-2021_        _[signature]_____

Plaintiff Anthony F. Bertino, Jr.

Dated: _____     _____

Plaintiff Raymond S. Keeler

Dated: _____     _____

**DEFENDANT:**

Defendant Tasty Baking Company

Dated: _____     By: _____

Its: _____

**DEFENSE COUNSEL:**

Dated: _____     _____
Clark Whitney, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.

_____
Kevin P. Hishta, Esq
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.

_____
Margaret Santen, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.

46075520.1

Page **8** of **8**

Plaintiff Stephen W. Hopkins

Dated: _____          _____

Plaintiff Anthony F. Bertino, Jr.

Dated: 2/18/21                          _____

Plaintiff Raymond S. Keeler

Dated: _____          _____

**DEFENDANT:**

Defendant Tasty Baking Company

Dated: _____          By: _____

Its: _____

**DEFENSE COUNSEL:**

Dated: _____          _____
                                        Clark Whitney, Esq.
                                        Ogletree, Deakins, Nash, Smoak & Stewart,
                                        P.C.

                                        _____
                                        Kevin P. Hishta, Esq
                                        Ogletree, Deakins, Nash, Smoak & Stewart,
                                        P.C.

                                        _____
                                        Margaret Santen, Esq.
                                        Ogletree, Deakins, Nash, Smoak & Stewart,
                                        P.C.

46075520.1

Plaintiff Stephen W. Hopkins

Dated: _____          _____

Plaintiff Anthony F. Bertino, Jr.

Dated: _____          _____

Plaintiff Raymond S. Keeler

Dated: __2\18\2021__          _~Raymond S. Keeler (signature)~_

**DEFENDANT:**

Defendant Tasty Baking Company

Dated: _____          By: _____

Its: _____

**DEFENSE COUNSEL:**

Dated: _____          _____
Clark Whitney, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.

_____
Kevin P. Hishta, Esq
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.

_____
Margaret Santen, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.

46075520.1

Page **8** of **8**

Plaintiff Stephen W. Hopkins

Dated: _____          _____

Plaintiff Anthony F. Bertino, Jr.

Dated: _____          _____

Plaintiff Raymond S. Keeler

Dated: _____          _____

**DEFENDANT:**

Defendant Tasty Baking Company

Dated: 02/22/2021 | 7:29:43 AM EST    By: Stephanie B. Tillman
_____              _____
                                         30050FCD19F040B...

                                     Its: Assistant Secretary
                                          _____

**DEFENSE COUNSEL:**

Dated: _____          _____

                                     Clark Whitney, Esq.
                                     Ogletree, Deakins, Nash, Smoak & Stewart,
                                     P.C.

                                     _____

                                     Kevin P. Hishta, Esq
                                     Ogletree, Deakins, Nash, Smoak & Stewart,
                                     P.C.

                                     _____

                                     Margaret Santen, Esq.
                                     Ogletree, Deakins, Nash, Smoak & Stewart,
                                     P.C.

46075520.1

Plaintiff Stephen W. Hopkins

Dated: _____          _____

Plaintiff Anthony F. Bertino, Jr.

Dated: _____          _____

Plaintiff Raymond S. Keeler

Dated: _____          _____

**DEFENDANT:**

Defendant Tasty Baking Company

Dated: _____          By: _____

Its: _____

**DEFENSE COUNSEL:**

Dated: February 19, 2021          _____

Clark Whitney, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.

_____

Kevin P. Hishta, Esq
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.

_____

Margaret Santen, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.

46075520.1

# **Amended Exhibit 1**

# **Arbitration Agreement Packet**

# Arbitration Agreement Packet

This Arbitration Packet includes the following documents:

1. **Summary of the Arbitration Agreement and Related Amendment to your Distributor Agreement;**

2. **Amendment to Distributor Agreement; and**

3. **Arbitration Agreement.**

# Summary of the Arbitration Agreement and Related Amendment to your Distributor Agreement

As part of the settlement, by remaining in the settlement and by signing, dating, and cashing your settlement checks, you will be deemed to have signed and agreed to both the attached Amendment to your Distributor Agreement and the Arbitration Agreement (both of which are also attached as Exhibit 1 to the Settlement Agreement).  In exchange for your agreement to the attached Amendment and Arbitration Agreement, you will be paid $3,500 in addition to your allocated settlement amount under the Settlement Agreement.  If you do not want to agree to the Amendment and Arbitration Agreement, you must exclude yourself from the settlement entirely as outlined in the Notice – Excluding Yourself from the Settlement.

Arbitration is an alternative method of resolving disputes in which two parties present their individual sides of a dispute to an arbitrator, instead of filing a lawsuit or being part of a class action. An arbitrator is a neutral person selected by the parties in accordance with rules established by the American Arbitration Association.  The Association was founded in 1926 and specializes in resolving disputes.  Arbitrators generally have a business background which assists them in understanding disputes that arise in the distributor context.  The arbitrator weighs the facts and arguments of both parties and makes a binding decision.  The arbitrator's decision is not public and other distributors will not benefit from the decision.

The Arbitration Agreement requires you and Tasty to submit any dispute that may arise between you and Tasty to binding arbitration.  **This arbitration is limited to individual claims and you waive your right to sue in court and participate in any class action lawsuit or receive payment from a government action.**  This means that in the future, you would not be able to sue Tasty in court, or be part of a class action, for example, to challenge your independent contractor status like you are in this case.  You would be able to challenge your independent contractor status in front of an arbitrator, and bring other individual claims you may have.  Importantly, in arbitration, you can recover the same damages and relief as you could in court if you win.

Tasty will pay all fees and costs customarily associated with arbitration including arbitrator compensation, except for your attorney fees (if you choose to hire an attorney).  However, if you win, the arbitrator may award you costs and attorneys' fees to the same extent costs and attorneys' fees may be awarded in court.

Whether to agree to arbitration is an important decision.  There are pros and cons of arbitration that you should carefully consider and discuss with your attorney.

Some pros of arbitration in comparison to going to court include: it may be less expensive and Tasty pays all costs and fees associated with arbitration up front (subject to the arbitrator's ability to later award costs/fees to the prevailing party if permitted under the law), it may be faster, it may be more flexible, the rules of evidence and procedure are simplified, it is less formal, you and Tasty can mutually select an arbitrator best suited to your case, it is private, and you can recover the same types of damages you could recover in court. Another benefit is that you can challenge, at Tasty's expense, legal claims arising out of your relationship with Tasty that may be too small to seek a remedy for in court.

Some of the cons of arbitration in comparison to going to court include: the same procedural rules do not apply, the arbitrator's decision is binding with a very limited right to appeal, there is no jury, the rules of evidence are not strictly applied, awards in arbitrations may be inconsistent, you cannot benefit from a class action filed by others without filing suit yourself, and there is less transparency because the proceeding is not public. Additionally, this arbitration agreement requires you to waive your right to participate in future class action lawsuits, which means you will not be able to join with other distributors in claims against the company.

**AMENDMENT TO DISTRIBUTOR AGREEMENT**

**IF YOU SIGN, DATE, AND CASH YOUR SETTLEMENT CHECKS, YOU ARE DEEMED TO HAVE SIGNED AND AGREED TO THIS AMENDMENT, WHICH CONTAINS A MANDATORY AND BINDING ARBITRATION PROVISION.**

Whereas, TASTY BAKING COMPANY ("COMPANY") and DISTRIBUTOR (either individually or as a business entity) have previously entered into a Distributor Agreement ("Agreement") pursuant to which DISTRIBUTOR acquired certain Distribution Rights; and

Whereas, the parties agree that it is desirable to submit claims and disputes on an individual basis to binding arbitration and to allow an arbitrator to award all relief available under the law;

Whereas, the parties agree that certain other amendments to the Agreement are mutually beneficial;

Therefore, in consideration of these premises, and the terms contained herein, the parties mutually agree as follows:

1.    To the extent DISTRIBUTOR has any of the following provisions in his/her/its Distributor Agreement, they are hereby deleted in their entirety:

    a.    The Right of First Refusal provision;
    b.    Payment Upon Termination and Sole Remedy provision;
    c.    Statute of Limitations provision;
    d.    Covenant Not To Compete provision;
    e.    Damages provision waiving or limiting potential damages in any way;
    f.    Waiver of Jury Trial provision, excluding the jury trial waiver in the attached Arbitration Agreement as all claims shall be submitted to binding arbitration; or
    g.    Governing Law and Jurisdiction.

2.    The following Choice of Law provision is hereby incorporated in the Agreement:

Choice of Law: This Agreement shall be governed by and construed in accordance with the laws of the state of Pennsylvania both as to interpretation and performance, without regard to such state's conflict-of-laws rules.

3.    Any Company Breach provision in the Agreement is hereby amended to read as follows:

**Company Breach:**  If DISTRIBUTOR maintains that COMPANY is in breach of this Agreement, DISTRIBUTOR should notify COMPANY in writing of the alleged breach.  Such written notice should include the specific section of this Agreement DISTRIBUTOR maintains has been breached and sufficient facts to provide reasonable notice to COMPANY of the action or failure to act which DISTRIBUTOR maintains is a breach of this Agreement.

Upon receipt of the DISTRIBUTOR's notice of breach, COMPANY shall have ten (10) business days to investigate and cure any breach. Any failure to comply with this provision shall not affect DISTRIBUTOR's right to submit a claim to mandatory and binding arbitration.

4.   Any Dispute Resolution provision in the Agreement is hereby amended as follows:

Any provision allowing either party to initiate litigation is hereby deleted in its entirety as all claims shall be submitted to binding arbitration.

The confidentiality provision is changed to read: All negotiations and mediation pursuant to this Article are confidential and shall be treated as compromise and settlement negotiations for the purposes of the Federal Rules of Evidence and any similar state rules of evidence.

The tolling provision is changed to read:  All applicable statutes of limitation and defenses based upon the passage of time shall be tolled during the negotiation and mediation procedures specified in the Article. All deadlines specified in such procedures may be extended by mutual agreement of the parties.

5.   The following Notice provision is hereby incorporated into the Agreement, if not already present:

**Notice:** Any notice required or permitted under this Agreement shall be deemed properly given and received on the date received if hand delivered; on the next business day after deposit with a nationally recognized overnight courier service for overnight delivery; or three (3) days after deposited in the mails, return receipt requested, registered or certified mail postage pre-paid, to the respective address set forth at the beginning of this Agreement or at such other address as either party may designate by written notice given pursuant to this section.

6.   The following Mandatory and Binding Arbitration provision is hereby incorporated in the Agreement:

**MANDATORY AND BINDING ARBITRATION:**   All claims, disputes, and controversies arising out of or in any manner relating to this Agreement or any other agreement executed in connection with this Agreement, or to the performance, interpretation, application or enforcement hereof, including, but not limited to breach hereof and/or termination hereof, which has not been resolved pursuant to any negotiation and mediation provisions in the Agreement or otherwise, shall be submitted to individual binding arbitration in accordance with the terms and conditions set forth in the Arbitration Agreement attached hereto as **Exhibit 1**, excepting only such claims, disputes, and controversies as specifically excluded therein.

7.      Should any portion, word, clause, sentence or paragraph of this Amendment be declared void or unenforceable, including any portion, word, or clause of the Arbitration Agreement attached hereto, such portions shall be modified or deleted in such a manner as to make this Agreement as modified legal and enforceable to the fullest extent permitted under applicable law.

8.      Except as specifically set forth herein, the Agreement, including any prior amendments thereto, remains in full force and effect except as specifically amended by the terms herein. Such Agreement, including any prior amendments thereto, and this Amendment set forth the entire agreement between the parties as of the date this Amendment is executed and may not be modified except by written agreement of the parties or as otherwise set forth in the Agreement.

The parties acknowledge that each has entered this Amendment voluntarily, that each understands the provisions herein, and that no promise or inducement not contained herein has been made regarding this Amendment.

DISTRIBUTOR is deemed to have signed and agreed to this Amendment and the attached Arbitration Agreement by signing, dating, and cashing the settlement checks pursuant to the Settlement Agreement and court order associated with the settlement of *William Caddick and Stephen Hopkins, individually and on behalf of all others similarly situated, v. Tasty Baking Company*, Case No. 2:19-cv-02106-JDW,  and *Anthony F. Bertino, Jr., individually and on behalf of all others similarly situated, v. Tasty Baking Company*, Case No. 2:19-cv-02106-JDW.

| | |
|---|---|
| DISTRIBUTOR, individually and on behalf of any business entity through which he or she performs services under the Distributor Agreement | COMPANY |
| By: */S/ Distributor signature appears on settlement checks (copy attached)* | By:_____ <br><br> Its: _____ <br><br> Print Name: _____ |
| Date:  *Effective date appears on settlement checks.* | Date: _____ |

**EXHIBIT 1**

**ARBITRATION AGREEMENT**

The parties agree that any claim, dispute, and/or controversy except as specifically excluded herein, that either DISTRIBUTOR (which for purposes of this Arbitration Agreement includes its owner(s), director(s), officer(s), member(s), manager(s), employee(s), and agent(s)) may have against COMPANY (and/or its affiliated companies and its and/or their directors, officers, managers, employees, and agents and their successors and assigns) or that COMPANY may have against DISTRIBUTOR, arising from, related to, or having any relationship or connection whatsoever with the Distributor Agreement between DISTRIBUTOR and COMPANY ("Agreement"), including the termination of the Agreement, services provided to COMPANY by DISTRIBUTOR, or any other association that DISTRIBUTOR may have with COMPANY ("Covered Claims") shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.) ("FAA") in conformity with the Commercial Arbitration Rules of the American Arbitration Association ("AAA" or "AAA Rules"), or any successor rules, except as otherwise agreed to by the parties and/or provided herein. Such arbitration shall be conducted before a single arbitrator unless all parties to the arbitration agree otherwise in writing. Copies of AAA's Rules are available on AAA's website (www.adr.org).

COMPANY shall pay for all arbitration fees and costs that are customarily associated with AAA arbitration, including the Initial Filing Fee and the Final Fee as set forth in the AAA Rules and all arbitrator compensation. COMPANY shall receive any refunds of any fees for settled or withdrawn cases, less any non-refundable portion thereof, in accordance with the AAA Rules. Each party may be represented by legal counsel of their own choosing. Each party shall pay its own attorneys' fees, provided that an Arbitrator may award attorney's fees and costs to the prevailing party under any applicable statute or written agreement to the same extent that attorney's fees and costs could be awarded in court. The arbitration shall be subject to the same burdens of proof and statutes of limitations as if the Covered Claims were being heard in court. The Arbitrator shall issue a written decision within forty-five (45) days of the later of: (1) the arbitration hearing; or (2) submission of the parties' post-arbitration briefs. The Arbitrator's written decision shall include findings of fact and conclusions of law. The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law had the Covered Claim been brought on an individual basis in such forum, including attorneys' fees and costs. Subject to the parties' right to appeal, the decision of the arbitrator will be final and binding. The Arbitrator shall not have the authority to add to, amend, or modify, existing law. No arbitration award or decision will have any preclusive effect as to any issues or claims in any dispute, arbitration, or court proceeding where any party was not a named party in the arbitration.

All Covered Claims against COMPANY must be brought by DISTRIBUTOR on an individual basis only and not as a plaintiff or class member in any purported class, collective, representative, or multi-plaintiff action. DISTRIBUTOR further agrees that if it is within any such class, collective, representative, or multi-plaintiff action, it will take all steps necessary to opt-out of the action or refrain from opting in or joining, as the case may be, and DISTRIBUTOR expressly waives any right to recover any relief from any such class, collective, representative, or multi-plaintiff action. Similarly, all Covered Claims by COMPANY against DISTRIBUTOR may not be brought as a plaintiff or class member in any purported class, collective, representative, or multi-plaintiff action. The parties understand that there is no right or authority for any Covered Claim to be heard or arbitrated on a multi-plaintiff, collective, or class action basis, as a private attorney

general, or any other representative basis. The parties understand that there are no bench or jury trials and no class, collective, representative, or multi-plaintiff actions are permitted and such rights are waived under this Arbitration Agreement. The Arbitrator shall not consolidate claims of different distributors into one proceeding, nor shall the Arbitrator have the power or authority to hear arbitration as a class, collective, representative, or multi-plaintiff action. The Arbitrator may award damages on an individual basis only.

**TO THE MAXIMUM EXTENT PERMITTED BY LAW, BOTH PARTIES EXPLICITLY WAIVE ANY RIGHT TO: (1) INITIATE OR MAINTAIN ANY COVERED CLAIM ON A CLASS, COLLECTIVE, REPRESENTATIVE, OR MULTI-PLAINTIFF BASIS EITHER IN COURT OR ARBITRATION; (2) SERVE OR PARTICIPATE AS A REPRESENTATIVE OF ANY SUCH CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION; (3) SERVE OR PARTICIPATE AS A MEMBER OF ANY SUCH CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION; OR (4) RECOVER ANY RELIEF FROM ANY SUCH CLASS, COLLECTIVE, REPRESENTATIVE, OR MULTI-PLAINTIFF ACTION.**

Any dispute concerning the validity or enforceability of this prohibition against class, collective, representative, or multi-plaintiff action arbitration shall be decided by a court of competent jurisdiction, and no arbitrator shall have any authority to consider or decide any issue concerning the validity or enforceability of such prohibition. Any issues concerning arbitrability of a particular issue or claim under this Arbitration Agreement (except for those concerning the validity or enforceability of the prohibition against class, collective, representative, or multi-plaintiff action arbitration and/or applicability of the FAA) shall be resolved by the arbitrator, not a court. In any case in which (1) the dispute is filed as a class, collective, or multi plaintiff action and (2) there is a final judicial determination that all or part of the class action waiver is unenforceable, the class, collective, or multi-plaintiff litigation must be litigated in a civil court of competent jurisdiction, and not in arbitration.

The Arbitrator shall have the authority to consider and rule on dispositive motions in accordance with AAA Rule 33. The Arbitrator will allow the parties to conduct adequate discovery including, but not limited to, issuing subpoenas to compel the attendance of witnesses at the arbitration hearing in accordance with AAA Rule 34(d); exchanging documents in accordance with AAA Rule 22; and taking depositions.

Covered Claims covered under this Arbitration Agreement include, but are not limited to: breach of contract, any claims challenging the independent contractor status of DISTRIBUTOR, claims alleging that DISTRIBUTOR was misclassified as an independent contractor, any other claims premised upon DISTRIBUTOR's alleged status as anything other than an independent contractor, tort claims, discrimination claims, retaliation claims, and claims for alleged unpaid compensation, civil penalties, or statutory penalties under either federal or state law.

This Arbitration Agreement does not cover claims relating to whistleblowers and/or unlawful retaliation arising under the Sarbanes-Oxley Act; disputes involving any ERISA-based benefit plans that provide for arbitration; or any other claim that must be excluded from arbitration by applicable federal or state law. This Arbitration Agreement also does not preclude either DISTRIBUTOR or COMPANY from seeking provisional remedies such as temporary restraining orders or preliminary injunctions in accordance with applicable law. A party's seeking or obtaining

such provisional remedies shall not be considered a waiver of that party's right to arbitration under this Arbitration Agreement.

Nothing in this Arbitration Agreement is intended to affect or limit DISTRIBUTOR's right to file an administrative charge or otherwise seek relief from any administrative or federal or state government agencies (although if DISTRIBUTOR chooses to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to the provisions of this Arbitration Agreement).

Subject to applicable law limiting confidentiality, the parties agree that arbitration proceedings under this Arbitration Agreement are to be treated as confidential. The parties agree that neither they nor their counsel will reveal or disclose the substance of the arbitration proceedings, or the result, except (a) as required by subpoena, court order, or other legal process, or (b) as otherwise necessary or appropriate in the prosecution or defense of the case, or (c) as required by law. If disclosure is compelled of one party by subpoena, court order or other legal process, or as otherwise required by law, the party agrees to notify the other party as soon as practicable after notice of such process is received and before disclosure takes place. The parties may, however, disclose such information to their legal representatives, accountants, tax advisors, or members of their immediate families as necessary so long as they agree to maintain such information in strict confidence. COMPANY may also disclose such information to individuals in affiliated companies for legal reporting purposes and other legitimate business reasons.

Any request for arbitration must be in writing and provided to the other party and to AAA by certified or registered mail, return receipt requested, within the time period provided for by the statute(s) of limitations applicable to the claim(s) asserted. The request must set forth a statement of the nature of the dispute, including the alleged act or omission at issue; the names of all persons involved in the dispute who are known to the claimant at the time of filing; the amount in controversy, if any; and the remedy or remedies sought. The parties agree that either the filing or the service of a request for arbitration shall toll all applicable statutes of limitation and other time limitations to the same extent that a filing in court would toll applicable statutes of limitation and other time limitations in an action in court.

**DISTRIBUTOR acknowledges that this is an important document that affects its legal rights and that the DISTRIBUTOR has been given the opportunity to discuss this Arbitration Agreement with private legal counsel.** If any provision of AAA's Rules or of this Arbitration Agreement are determined to be unlawful, invalid, or unenforceable, such provisions shall be enforced to the greatest extent permissible under the law, or, if necessary, severed, and all remaining terms and provisions shall continue in full force and effect. This Arbitration Agreement may be modified or terminated by COMPANY after thirty (30) days written notice to DISTRIBUTOR. Any modifications or terminations shall be prospective only and shall not apply to any claims or disputes that are pending in arbitration or that have been initiated by either party pursuant to the AAA Rules. The parties also agree that nothing herein is intended to, or does, affect or otherwise change the independent contractor relationship between them and that adequate and sufficient consideration has been provided for in this Arbitration Agreement, including but not limited to the consideration from the Settlement Agreement requiring this Arbitration Agreement, the various other amendments to the Distributor Agreement as set forth in the Amendment that accompanies this Arbitration Agreement, and each party's promise to resolve their claims by arbitration. Finally, this Arbitration Agreement is the complete agreement of the parties on the subject of arbitration of disputes and supersedes any prior or contemporaneous oral or written

agreement or understanding on the subject. Any agreement contrary to the foregoing must be in writing signed by the COMPANY.

DISTRIBUTOR and COMPANY agree that this Agreement shall be governed by the FAA to the fullest extent permitted by private agreement, regardless of whether the FAA would apply in the absence of the parties' agreement that it does apply. The parties further agree that if any court determines that the FAA does not apply for any reason (notwithstanding the parties' express adoption of the FAA and agreement that it shall apply), then this Agreement shall be governed by the law of Pennsylvania, where COMPANY is headquartered, it being the express intent of the parties to allow for arbitration of claims to the maximum extent possible. If neither the FAA nor Pennsylvania law can be applied, the arbitration law of the state where DISTRIBUTOR resides shall apply.[1]

**DISTRIBUTOR acknowledges that he/she/it has received and read and specifically agrees to be bound by this Arbitration Agreement. DISTRIBUTOR understands that this Arbitration Agreement requires that disputes that involve matters subject to the Agreement be submitted to arbitration pursuant to the Arbitration Agreement rather than to a judge or jury in court and that such disputes must be brought on an individual basis only.**

DISTRIBUTOR is deemed to have signed and agreed to this Arbitration Agreement by signing, dating, and cashing the settlement checks pursuant to the Settlement Agreement and court order associated with the settlement of *William Caddick and Stephen Hopkins, individually and on behalf of all others similarly situated*, v. Tasty Baking Company, Case No. 2:19-cv-02106-JDW, and *Anthony F. Bertino, Jr., individually and on behalf of all others similarly situated, v. Tasty Baking Company*, Case No. 2:19-cv-02106-JDW.

| | |
|---|---|
| DISTRIBUTOR, individually and on behalf of any business entity through which he or she performs services under the Distributor Agreement | COMPANY |
| By: */S/ Distributor signature appears on settlement checks (copy attached).* | By:_____ |
| | Its: _____ |
| Date: *Effective date appears on settlement checks.* | Print Name: _____ |
| | Date: _____ |

---

[1] In the event that Maryland law applies, the Maryland Uniform Arbitration Act shall be applied.

4

# AMENDED EXHIBIT 3

## PENNSYLVANIA DISTRIBUTORS WHO HAVE PREVIOUSLY SIGNED AN ARBITRATION AGREEMENT WITH A CLASS ACTION WAIVER

The following chart lists those distributors who operate(d) out of a Pennsylvania warehouse who have previously signed an arbitration agreement with a class action waiver and who are not also FLSA opt-ins.  Per the terms of the Settlement Agreement, these distributors are excluded from the settlement.

PA Class – *3 years from date complaint filed (5/15/2016)
 (distributors with Arbitration Agreements)

| Type | TOTAL | Current | Former |
|---|---|---|---|
| PA – Not Opt-In | 96 | 55 | 41 |

The chart below lists PA distributors.  PA opt-ins are included in Exhibit 10.

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 1 | Keefe, John | | 5686 | 12/30/1985 | | BATH, PA |
| 2 | Nell, John | | 5377 | 4/18/1988 | | YORK, PA |
| 3 | Gemberling, Mark | | 5733 | 9/30/1996 | | SUNBURY, PA |
| 4 | Long, Todd | | 5631 | 1/7/1991 | | BATH, PA |
| 5 | Olah, John | | 5881 | 8/19/2002 | | STROUDSBURG, PA |
| 6 | Priestley, Charles | Charles E. Priestley Jr., Inc. | 3413 | 12/30/1985 | | 26TH STREET, PA |
| 7 | MacKay, Brian | Brian Mackay, Inc. | 3409 | 8/4/2003 | | WEST CHESTER, PA |
| 8 | McKim, Ernest | E. C. McKim, Inc. | 3751 | 11/12/2006 | | SPRING CITY, PA |
| 9 | Rottkamp, Marielin | NIKASHBRY Enterprises, Inc. | 4398 | 2/26/2012 | | LANCASTER, PA |
| 10 | Miller, Derek | Miller's Distribution, Inc. | 5791 | 3/3/2013 | | WILKES BARRE, PA |
| 11 | Carl, Jr., Wesley | Wes Carl, Inc. | 5736 | 8/25/2013 | | SUNBURY, PA |
| 12 | Wood, Dennis | SaLiJo,Inc. | 5369 | 2/16/2014 | | YORK, PA |
| 13 | Fahler, Brian | G & E Distribution, Inc. | 5386 | 11/23/2014 | | BATH, PA |
| 14 | Derk, John | Jak-T Distribution Inc. | 5738 | 3/15/2015 | | SUNBURY, PA |
| 15 | Peart, Jason | J Peart Enterprises, Inc. | 2702 3058 5703 3754 | 6/7/2015 11/4/2018 12/2/2018 9/2/2019 | | SPRING CITY, PA NORTH WALES, PA SPRING CITY, PA NORTH WALES, PA |
| 16 | Giraldo, Fabian | Gerardos Fabian Inc. | 2331 | 12/27/2015 | | 26TH STREET, PA |
| 17 | McCormick, James | KEELAY Incorporated | 3978 3782 | 1/24/2016 3/25/2018 | | WEST CHESTER, PA |
| 18 | Zellner, Wayne | W. Zellner Inc. | 5687 | 2/7/2016 | | BATH, PA |
| 19 | Arnao, Antonio | Tony's Treats Corporation | 3368 | 5/1/2016 | | NORTH WALES, PA |
| 20 | Perry, Stacey | Verrykakes Inc. | 3408 | 5/8/2016 | | 26TH STREET, PA |

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 21 | Vargas, Alexander | Alvarg Inc. | 3389 | 7/3/2016 | | 26TH STREET, PA |
| 22 | Wolfe, Richard | R & J Distribution Inc. | 5742 | 7/24/2016 | | SUNBURY, PA |
| 23 | Saracino, Joseph | JOETSAR Inc. | 5789 | 8/14/2016 | | WILKES BARRE, PA |
| 24 | Seong, Cheol | Pung Seong H, Inc. | 2704 | 8/21/2016 | | NORTH WALES, PA |
| 25 | Amspacher, Randall | RA Distribution, Inc. | 5376 | 9/18/2016 | | YORK, PA |
| 26 | Kiscadden, William | Kiscadden, LLC | 4384 | 9/25/2016 | | LANCASTER, PA |
| 27 | Elmeaze, Dawood | Dawood Elmeaze, Inc. | 2054<br>2338 | 10/30/2016<br>10/30/2016 | | 26TH STREET, PA<br>26TH STREET, PA |
| 28 | Auman, Vickie | Paisley Distributing, Inc. | 5739 | 1/1/2017 | | SUNBURY, PA |
| 29 | Allen, Jeffrey | JRA Delivery, Inc. | 4389 | 1/8/2017 | | LANCASTER, PA |
| 30 | James, Grace | Grace James Heavenly Angels Pageant | 5876 | 3/19/2017 | | WILLIAMSPORT, PA |
| 31 | Beaver, Shane | Shaner Snacks, Inc. | 5741 | 5/7/2017 | | SUNBURY, PA |
| 32 | Zaorski, Joseph | J & J Distribution Inc. | 5711 | 6/11/2017 | | READING, PA |
| 33 | DI Pinto, Eric | TNJ Cakes Inc. | 3069 | 9/17/2017 | | NORTH WALES, PA |
| 34 | Fisher, Andrew | AF Distribution, Inc | 5642 | 10/1/2017 | | SPRING CITY, PA |
| 35 | Schmidt, Matthew P. | Schmidtys Sales Inc. | 5874 | 1/20/2008 | | JOHNSTOWN, PA |
| 36 | Wertman, Terry | Tdub's Cakes, Inc. | 5517<br>5693 | 11/5/2017<br>4/29/2018 | | ALTOONA, PA |
| 37 | Bracken, William | WAB Snack Food Inc. | 5679 | 5/31/1988 | | JOHNSTOWN, PA |
| 38 | Yilmaz, Omer | Philly Cakes Inc. | 3394 | 12/31/2017 | | 26TH STREET, PA |
| 39 | Eckman, John | Kimba Kakes, Inc | 4653 | 6/3/2018 | | LANCASTER, PA |
| 40 | Checo-Estevez, Aurelio | Acca Checos Delivery Inc. | 2329 | 6/25/2018 | | 26TH STREET, PA |
| 41 | Dzanis, Wendy | NW Delivery Service Inc. | 5724 | 7/1/2018 | | SCRANTON, PA |
| 42 | Garcia, Oscar | MMM Kakes Inc. | 5722 | 7/29/2018 | | READING, PA |
| 43 | Hand, Edward | EEA Distributing, Inc | 5373 | 1/6/2019 | | YORK, PA |
| 44 | Traveras, Hector | Double T Inc. | 3374 | 3/31/2019 | | NORTH WALES, PA |
| 45 | Stepka, Patryk | Pats Distribution Incorporated | 3378 | 5/12/2019 | | 26TH STREET, PA |
| 46 | Scott, Daniel | DSDK Management Inc. | 2337 | 5/19/2019 | | 26TH STREET, PA |
| 47 | Adam, James | Adam Distribution Company, Inc. | 5624 | 5/12/2019 | | BATH, PA |
| 48 | Alhaj, Aiatallah | ABUATEF Distribution | 2336 | 6/16/2019 | | 26TH STREET, PA |
| 49 | Morrison, Kendall | Jkstrong Inc. | 2344 | 06/23/19 | 9/6/2020 | 26TH STREET, PA |
| 50 | Frey, Todd | Frey's Sweet Treats, Inc | 4387 | 06/23/19 | | LANCASTER, PA |

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 51 | Duarte, Joseph | J Duarte Distributors, Inc | 5384 | 06/30/2019 | | BATH, PA |
| 52 | Balascick, Kurt | Balascik's Breads | 4369 | 09/01/2019 | | CHAMBERSBURG, PA |
| 53 | Fulmer, Steven | Fulmer Enterprises, Inc | 5669 | 10/13/2019 | | HARRISBURG, PA |
| 54 | Bowers, Helen | Helens Cakes Inc. | 5712 | 10/20/2019 | | READING, PA |
| 55 | Shearer, Preston | Presron Shearer, Inc. | 5877 | 12/29/2019 | | WILLIAMSPORT, PA |
| 56 | Blatnik, Tyler | Ty's Kakes, Inc | 5623 | 01/26/2020 | | BATH, PA |
| 57 | Serencsits, Mark | | 5623 | 1/6/1992 | 1/26/2020 | BATH, PA |
| 58 | Leck, Peter | | 5712 | 4/30/2001 | 10/20/2019 | READING, PA |
| 59 | Henne, Richard | | 2332 | 3/28/1988 | 4/16/2017 | Philly South, PA |
| 60 | Long, Ted | | 5393 | 3/28/1988 | 3/3/2019 | Bethlehem, PA |
| 61 | Miller, Jimmy | | 5679 | 5/31/1988 | 11/5/2017 | Altoona, PA |
| 62 | Shearer, Chester | | 5877 | 4/15/1996 | 12/29/2019 | WILLIAMSPORT, PA |
| 63 | Jenkins, Vicky | | 4389 | 3/30/1998 | 1/8/2017 | LANCASTER, PA |
| 64 | Garber, Kenneth | King Congo Quakes, Inc | 5642 | 6/6/2005 | 10/1/2017 | NORTH WALES, PA |
| 65 | Swisher, Clifford | Clifford J. Swisher, Inc. | 4387 | 5/21/2006 | 6/23/2019 | LANCASTER, PA |
| 66 | Upshur, Darrell | Donna & Darrell Inc. | 2636 | 12/13/2009 | 6/16/2019 | 26TH STREET, PA |
| 67 | Mitchley, James | Mitchley Enterprises Inc. | 5874 | 1/20/2008 | 11/12/2017 | WILLIAMSPORT, PA |
| 68 | Pyne, Gregory | G & J Cakes, Inc. | 4369 | 4/27/2008 | 9/1/2019 | CHAMBERSBURG, PA |
| 69 | McDonnell, Diane | D & T Distribution Inc | 2694 | 2/14/2010 | 7/16/2018 | NORTH WALES, PA |
| 70 | McHugh, John | JPM Distribution, Inc. | 5657 | 5/22/2011 | 3/18/2018 | HARRISBURG, PA |
| 71 | Pennepacker, Jeremy | Pennepacker Distributing, Inc. | 5737 | 5/28/2017 | 9/9/2018 | Altoona, PA |
| 72 | LaBella, Joseph | Joecat, Inc | 5624 | 6/7/2015 | 5/12/2019 | Bethlehem, PA |
| 73 | Resick, William | WC Resick Distributors. Inc. | 5693 | 10/27/2013 | 1/1/2017 | Altoona, PA |
| 74 | Kwiatkowski, Lori | Daves Kake Inc | 5724 | 11/3/2013 | 7/1/2018 | READING, PA |
| 75 | McDonough, Sean | Round 6 Inc. | 2701 | 6/1/2014 | 1/1/2017 | NORTH WALES, PA |
| 76 | Phillips, Scott | S E Phillips Inc. | 5721 | 2/28/2016 | 5/1/2016 | READING, PA |
| 77 | Hamm, Tyler | Hamm Bros., Inc. | 3978 | 6/22/2014 | 1/24/2016 | WEST CHESTER, PA |
| 78 | Weaver, Terry | T.W. Weaver, Inc. | 5687 | 4/29/2007 | 2/7/2016 | Bethlehem, PA |
| 79 | Colone, Bernard | Colone Distributing, Inc. | 5656 | 1/19/2014 | 2/28/2016 | HARRISBURG, PA |
| 80 | Brown, Patrick | L&P Distributors, Inc. | 5659 | 6/1/2014 | 3/27/2016 | HARRISBURG, PA |
| 81 | Bujak, Sr., Michael | MR-SR, Inc. | 3408 | 3/9/2008 | 5/8/2016 | NORTH WALES, PA |
| 82 | Tribendis, Ronald | NA | 5789 | 7/30/1990 | 8/14/2016 | WILKES BARRE, PA |
| 83 | Hines, Mark | Irish 431 Inc. | 2704 | 5/12/2013 | 8/21/2016 | NORTH WALES, PA |

3

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 84 | Baker, Christine | Bakers Dozen & Company | 5517 | 9/15/2013 | 8/21/2016 | Altoona, PA |
| 85 | Scherden, Deborah | Blair Cake, Inc. | 5517 | 8/21/2016 | 11/5/2017 | Altoona, PA |
| 86 | Duarte, Mark | DUARTE DISTRIBUTION INC. | 5384 | 8/8/2010 | 9/18/2016 | Bethlehem, PA |
| 87 | Schlosser, Christopher | CJ Schlosser Distributers Inc. | 5384 | 9/18/2016 | 6/30/2019 | BATH, PA |
| 88 | Drust, Daniel | | 5376 | 1/1/2001 | 9/18/2016 | YORK, PA |
| 89 | Warden, Carl | Warden Enterprises, Inc | 4384 | 6/15/1998 | 9/25/2016 | Lebanon, PA |
| 90 | Cofer, James | C. Cofer, Inc. | 4104 | 1/1/2017 | 5/20/2018 | NORTH WALES, PA |
| 91 | Noel, Donstell | Clockwork Distribution Inc | 3058 | 6/18/2017 | 11/4/2018 | NORTH WALES, PA |
| 92 | Mohn, James | Dalee Sweets Dist. Inc | 5722 | 12/3/2017 | 7/29/2018 | READING, PA |
| 93 | Heberling, Adam | Heberling Distribution, Inc. | 5657 | 3/18/2018 | 12/8/2019 | HARRISBURG, PA |
| 94 | Johnson, Stephen | Johnson General Services, Inc | 5383 | 3/17/2019 | 12/29/2019 | HANOVER, PA |
| 95 | Huffman, Cameron | RCL Huffman, Inc | 5879 | 02/11/2018 | 03/28/2019 | STROUDSBURG, PA |
| 96 | Richard, Jason | LewesRich, Inc | 5737 | 09/09/2018 | 10/06/2018 | STATE COLLEGE, PA |

45865953.1

# AMENDED EXHIBIT 4

# NEW JERSEY CLASS MEMBERS

The following chart lists those distributors who operate(d) out of a New Jersey warehouse who have not previously signed an arbitration agreement with a class action waiver and who are not also FLSA opt-ins.  This group of distributors, along with those New Jersey distributors without arbitration agreements who opted into the *Caddick* lawsuit, constitute the New Jersey Class Members.  (In other words, the New Jersey Class consists of those distributors listed in Exhibit 4 and those New Jersey distributors that are in Exhibit 9.)

NJ Class - *6 years from date complaint filed (4/7/2014)
(distributors without Arbitration Agreements)

| Type | TOTAL | Current | Former |
|------|-------|---------|--------|
| NJ – Not Opt-In | 54 | 29 | 25 |
| NJ – Opt-in | 9 | 7 | 2 |
| **TOTAL** | 63 | 36 | 27 |

The chart below lists NJ distributors.  NJ opt-ins are included in Exhibit 9.

| | Distributor | Corp Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 1. | Falzone, Anthony | Zone Distributors Inc. | 6022 | 9/15/2019 | | FARMINGDALE |
| 2. | Stola, Anthony | ALOTS Incorporated | 5937 | 5/17/2009 | 7/26/2015 | CHERRY HILL |
| 3. | Brandow, Barry | TVB Snacks Inc | 5919 | 7/7/2013 | 9/9/2018 | CHERRY HILL |
| 4. | Bernal, Benedicto | B Bernal Corporation | 5987 | 11/14/2010 | 6/25/2017 | PATERSON |
| 5. | Casalnova, Brian | B. Casalnova Inc. | 5932 | 4/20/2014 | | CHERRY HILL |
| 6. | Reichert, Brian | J P Kate Company | 6032 | 8/9/2004 | | TRENTON |
| 7. | Shareshian, David | D.E.S. Sky Enterprise, LLC | 5913 | 2/24/2003 | | FARMINGDALE |
| 8. | Kubiak, Dennis | CCKDAK, Inc. | 5962 | 8/9/1999 | | PATERSON |
| 9. | Rosa, Jr., Dominick | | 6051 | 6/3/2002 | | VINELAND |
| 10. | Pine, Edward | | 5928 | 2/10/1997 | | CHERRY HILL |
| 11. | Franchetti, Eric | Efran Services Inc. | 5923 | 1/6/2019 | | CHERRY HILL |
| 12. | Manno, Eric | E & M Distributing Corporation | 6014 | 3/5/2018 | 8/16/2020 | PATERSON |
| 13. | Sharp, Ernest | Vase, Inc. | 5943 | 2/24/2008 | | CHERRY HILL |
| 14. | Teti, Eugene | GMA513 INC | 5964 | 8/14/2011 | 11/20/2016 | PATERSON |
| 15. | Setran, Gary | CBGB CORPORATION | 6023 | 2/12/2001 | 7/19/2015 | FARMINGDALE |
| 16. | Kocher, Gary | GRK, Inc. | 5953 | 8/10/2008 | 7/5/2015 | WILDWOOD |
| 17. | Esling, Glenn | Glenn H. Esling, Inc. | 6043 | 2/10/1997 | | TRENTON |
| 18. | Rehanna, Ilyas | Rehana Company | 6058 | 2/21/2005 | 7/31/2016 | PISCATAWAY |
| 19. | Brisbin, Jacob | Brisbin Distributing Inc. | 5901 | 12/15/2019 | | FARMINGDALE |
| 20. | Ortiz, Jennifer | O & J Dominguez, Inc. | 6011 | 3/23/2014 | | PATERSON |

| | Distributor | Corp Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 21. | Aristone, John | JARISTONE CORPORATION | 5934 | 10/18/2004 | 7/12/2015 | CHERRY HILL |
| 22. | Campbell, Jr., John | | 5933 | 1/29/2001 | | CHERRY HILL |
| 23. | Doyle, John | | 5898 | 11/10/1986 | | FARMINGDALE |
| 24. | Stuffo, John | JNS Kakes, Inc. | 5951 | 8/17/2014 | | CHERRY HILL |
| 25. | Petrullo, Joseph | Jay Petrullo, Inc. | 6029 | 2/16/2004 | 2/22/2015 | TRENTON |
| 26. | Ancona, Joseph | AKLB SNACKS DISTRIBUTION INC. | 6034 | 9/8/2013 | 6/14/2015 | TRENTON |
| 27. | Frank, Joshua | S & N Distribution Inc. | 5902 | 3/1/2015 | | FARMINGDALE |
| 28. | Beshay, Kamel | Abaly Inc. | 6059 | 7/26/2015 | | PISCATAWAY |
| 29. | Huchko, Kenneth | KFH Enterprises, Inc. | 5904 | 7/29/2012 | | FARMINGDALE |
| 30. | Rosenbaum, Leo | C & R Distributors Inc. | 5984 | 12/28/2014 | 3/19/2017 | PATERSON |
| 31. | Schmid, Marianne | MBSV Incorporated | 5976 | 11/6/2011 | 2/28/2016 | PATERSON |
| 32. | Makowski, Mark | | 5952 | 5/12/1997 | | WILDWOOD |
| 33. | Stanewich, Mark | | 5907 | 4/29/2002 | | ATLANTIC CITY |
| 34. | Gorgodian, Mark | MC DISTRIBUTOR INC. | 5963 | 11/30/2008 | 5/17/2015 | PATERSON |
| 35. | Kravil, III, Matthew | | 5923 | 10/13/2003 | 1/6/2019 | CHERRY HILL |
| 36. | Peralta, Melissa | DOM-PE, Inc. | 5971 | 3/23/2014 | 12/11/2019 | PATERSON |
| 37. | Usman, Mian | Usman Enterprises Inc. | 5903 | 1/6/2013 | 5/21/2017 | FARMINGDALE |
| 38. | Kenney, Michael | Mime and Son, Inc. | 6033 | 11/2/2014 | 3/22/2015 | TRENTON |
| 39. | Jenkins, Michael | | 5918 | 3/20/1995 | | CHERRY HILL |
| 40. | Zeh, Michael | MY THREE SONS INC | 5998 | 8/24/2014 | 10/8/2017 | PISCATAWAY |
| 41. | Gloway, Michael | Cumberland Kake Corporation | 6044 | 6/17/2007 | | VINELAND |
| 42. | Heller, Mitchell | R & A Snacks Inc. | 5948 | 6/15/2014 | | CHERRY HILL |
| 43. | Sullivan, Patrick | PATTY KAKES INC. | 5999 | 5/1/2011 | 10/16/2016 | PISCATAWAY |
| 44. | Slack, Paul | Slack Track3 Inc. | 5937 | 7/26/2015 | | CHERRY HILL |
| 45. | Mulhern, Robert | | 5941 | 4/22/2002 | | CHERRY HILL |
| 46. | Aimes, Robert | R. A. Distributors, Inc. | 5901 | 3/23/2014 | 12/15/2019 | FARMINGDALE |
| 47. | Zeno, Sergio | SAS Worldwide Import & Export, Inc. | 5957 | 1/12/2014 | | PISCATAWAY |
| 48. | Johnson, Sherrone | Kerri Kristi Services Inc. | 5947 | 6/13/2005 | 10/8/2017 | CHERRY HILL |
| 49. | Garzone, Stephen | RMG BREAD DISTRIBUTING INC | 6058 | 5/21/2017 | 8/14/2017 | PISCATAWAY |
| 50. | Wolfmeyer, Thomas | | 5938 | 1/25/1999 | | CHERRY HILL |
| 51. | Feehan, Thomas | TEFCO, Inc. | 5917 | 5/19/2013 | | CHERRY HILL |
| 52. | Wood, Jr., Thomas | | 5949 | 6/26/2000 | | CHERRY HILL |
| 53. | Donovan, William | Pops Pies and Cakes Inc. | 6004 | 6/1/1987 | 9/4/2016 | PATERSON |
| 54. | O'Connell, William | BOC Distribution System Inc. | 5973 | 11/18/2012 | 2/22/2020 | PISCATAWAY |

45866135.1

2

**AMENDED EXHIBIT 5**

# NEW JERSEY DISTRIBUTORS WHO HAVE PREVIOUSLY SIGNED AN ARBITRATION AGREEMENT WITH A CLASS ACTION WAIVER

The following chart lists those distributors who operate(d) out of a New Jersey warehouse who have previously signed an arbitration agreement with a class action waiver and who are not also FLSA opt-ins.  Per the terms of the Settlement Agreement, these distributors are excluded from the settlement.

NJ Class - *6 years from date complaint filed (4/7/2014)

| Type | TOTAL | Current | Former |
|---|---|---|---|
| NJ – Not Opt-In | 57 | 34 | 23 |

The chart below lists NJ distributors.  NJ opt-ins are included in Exhibit 10.

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 1 | Brown, John J | | 6063 | 2/18/1991 | | VINELAND, NJ |
| 2 | Selzer, John M | | 5927 | 7/25/1994 | | CHERRY HILL, NJ |
| 3 | Ryan, James T | Gert-Sull, Inc. | 3064 | 1/4/1988 | | TRENTON, NJ |
| 4 | Loffredo, Michael A | J.D.L., Inc. | 6042 | 3/24/1997 | | TRENTON, NJ |
| 5 | Palmer, Nancy Allen | Nancys Cake Delivery Service Corporation | 6054 | 11/15/2004 | | VINELAND, NJ |
| 6 | Reilly, Thomas A | Thomas A. Reilly, Inc. | 6002 | 10/21/2007 | | PISCATAWAY, NJ |
| 7 | Larrabee, William | B. Larrabee, Inc. | 5967 6053 | 11/13/2005 9/08/2019 | | VINELAND, NJ |
| 8 | Greco, Diane S | B & D Distributors, Inc. | 5977 | 1/1/2006 | 7/12/2020 | ATLANTIC CITY, NJ |
| 9 | Presgraves, III, Paul P | Akaat, Inc. | 5914 6062 | 5/6/2007 5/6/2007 | | VINELAND, NJ |
| 10 | Kane, James | Kane Kake Distributors, Inc. | 6052 | 5/11/2008 | | VINELAND, NJ |
| 11 | Sheehy, Andrew | A.E.S. Corp. OF N.J.,Inc. | 6021 | 10/25/2009 | | PISCATAWAY, NJ |
| 12 | Suppa, Louis J | Suupa Incorporated | 6013 | 11/22/2009 | | VINELAND, NJ |
| 13 | Kell, Michael J | MEJAK INC. | 5979 | 2/14/2010 | | ATLANTIC CITY, NJ |
| 14 | Klatte, Eric V | EVKNJ Inc. | 5924 | 1/16/2011 | | CHERRY HILL, NJ |
| 15 | Presgraves, Jr., Edward E | ECDP Inc. | 5929 | 1/16/2011 | | CHERRY HILL, NJ |

1

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 16 | Suppa, Anthony J | Suppa Delivery Inc | 5936 | 3/6/2011 | | VINELAND, NJ |
| 17 | Mattera, Peter J | Serenity Kakes, Inc. | 5939 | 5/26/2013 | | CHERRY HILL, NJ |
| 18 | Bisbing, Michael S | 5andGrace, Inc. | 5911 | 5/4/2014 | | WILDWOOD, NJ |
| 19 | Bektas, Deniz A | Bektas Distributors, Inc. | 6034 | 6/14/2015 | | TRENTON, NJ |
| 20 | Zagiel, Kimberly A | KAZZIG, Inc. | 5953 | 7/5/2015 | 9/27/2020 | WILDWOOD, NJ |
| 21 | Addis, John B | JBA Kakes Incorporated | 6041 | 1/10/2016 | | TRENTON, NJ |
| 22 | Ramani, Satish | PALAK Corp | 6024 | 8/28/2016 | | VINELAND, NJ |
| 23 | Rose, Anthony | TR Snacks, Inc. | 6057 | 9/25/2016 | | VINELAND, NJ |
| 24 | Dedios, Kenny | Poe & Ace Sweets Inc. | 5964 | 11/20/2016 | | PATERSON, NJ |
| 25 | Duddy, John M | JMD Distributors, Inc. | 5988 | 1/1/2017 | | PATERSON, NJ |
| 26 | Carson, John R | JRC Distributors Inc. | 5922 | 4/16/2017 | | CHERRY HILL, NJ |
| 27 | Roberts, Richard M | ARRGH Inc. | 5903 | 5/21/2017 | | FARMINGDALE, NJ |
| 28 | Nasatka, Leonard J | S & S Snack Foods, Inc. | 5942 | 8/20/2017 | | VINELAND, NJ |
| 29 | McGehean, James E | MACDADDYS Distributors, Inc. | 5906 | 9/17/2017 | | ATLANTIC CITY, NJ |
| 30 | Lebron, Amantina M | A & W Distributors Inc. | 5947 | 10/8/2017 | | CHERRY HILL, NJ |
| 31 | Lupo, Jeffrey M | DBLJ Distributing Inc. | 5961 5989 | 12/10/2017 01/19/2020 | | PATERSON, NJ |
| 32 | Alvarez, Rosa | R Mar Alvz Inc | 5963 | 1/28/2018 | 8/9/2020 | PATERSON, NJ |
| 33 | Ventura, Junior | Juelz Distributor Inc | 5987 6953 | 5/21/2018 5/21/2018 | 7/3/2019 7/3/2019 | PATERSON, NJ |
| 34 | Dugan, Keith | K & A Distributing Inc. | 5919 | 9/9/2018 | | CHERRY HILL, NJ |
| 35 | Kisseberth, Kevin | K & N Snacks Inc. | 6023 | 9/16/2018 | | FARMINGDALE, NJ |
| 36 | Sweeney, Neil | Biddys Distribution Inc. | 5972 | 12/30/2018 | | FARMINGDALE, NJ |
| 37 | Woite, Ronald | CJWW Corp. | 5931 | 08/18/19 | | VINELAND, NJ |
| 38 | Almonte, Justin | MJA Distributors Corp | 5991 | 09/08/19 | | PATERSON, NJ |
| 39 | Dougherty, Philip J | Sweet Treats by PJD Inc | 5942 | 1/8/2006 | 8/20/2017 | VINELAND, NJ |
| 40 | Calandrillo, John | All in Distribution Incorporated | 5972 | 1/15/2006 | 12/30/2018 | FARMINGDALE, NJ |

2

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 41 | Woite, Claire J | RDCJ Corp | 5931 | 4/9/2006 | 8/18/2019 | VINELAND, NJ |
| 42 | Bergen, Kurt | K.Bergen LLC | 6053 | 6/29/2014 | 4/29/2018 | VINELAND, NJ |
| 43 | Burrell, Timothy W | TWB DISTRIBUTORS NJ INC. | 5922 | 9/21/2014 | 4/16/2017 | CHERRY HILL, NJ |
| 44 | Fonte, Bart A | Fonte Holding Corp | 6003 | 9/13/2015 | 1/21/2018 | PISCATAWAY, NJ |
| 45 | McCullough, Bryant | SNACK IN FAITH INC. | 6041 | 12/4/2005 | 1/10/2016 | TRENTON, NJ |
| 46 | Inselberg, Scott | RAYMADS INC. | 5993 | 1/11/2009 | 1/17/2016 | PISCATAWAY, NJ |
| 47 | Sanseverino, Theodore M | KE & T INC | 5993 | 1/17/2016 | 12/11/2016 | PISCATAWAY, NJ |
| 48 | Shrubsall, Edward J | Ed's Tasty Route Corp | 6058 | 7/31/2016 | 5/21/2017 | PISCATAWAY, NJ |
| 49 | Gaimari, Sr., John | | 6024 | 1/15/2001 | 8/28/2016 | VINELAND, NJ |
| 50 | Ruffo, Travis N | Ruffo & Sons Distributing Inc. | 6604 | 9/4/2016 | 7/23/2017 | PATERSON, NJ |
| 51 | Strucko, David | | 6057 | 6/9/2003 | 9/25/2016 | VINELAND, NJ |
| 52 | Gonzalez, Nelson | NGR Inc. | 5976 | 2/28/2016 | 10/2/2016 | PISCATAWAY, NJ |
| 53 | Yatsko, Jason A | JADY KAKES INC. | 5999 | 10/16/2016 | 3/26/2017 | PISCATAWAY, NJ |
| 54 | Lingard, Jess | AJACS Distributing, Inc. | 6029 6033 | 11/2/2016 11/2/2016 | 8/30/2018 8/30/2018 | TRENTON, NJ |
| 55 | Reyes, Elvin | Buenos Distributors Inc | 5987 | 6/25/2017 | 5/20/2018 | ATLANTIC CITY, NJ |
| 56 | Finizio, Michael | Irish Trinity Inc | 5991 | 1/28/2018 | 9/8/2019 | PATERSON, NJ |
| 57 | Villagran, Eddie | E. Villagran Inc. | 6053 | 4/29/2018 | 9/8/2019 | VINELAND, NJ |

45866248.1

3

# EXHIBIT 5A

## MARYLAND CLASS MEMBERS

The following chart lists those distributors who operate(d) out of a Maryland warehouse who have not previously signed an arbitration agreement with a class action waiver and who are not also FLSA opt-ins.  This group of distributors, along with those Maryland distributors without arbitration agreements who opted into the *Caddick* lawsuit, constitute the Maryland Class Members.  (In other words, the Maryland Class consists of those distributors listed in Exhibit 5A and those Maryland distributors that are in Exhibit 9.)

MD Class - *3 years from date initial Settlement Agreement signing (9/10/2017)
(distributors without Arbitration Agreements)

| Type | TOTAL | Current | Former |
|---|---|---|---|
| MD– Not Opt-In | 53 | 42 | 11 |
| MD – Opt-in | 7 | 7 | 0 |
| **TOTAL** | 60 | 49 | 11 |

The chart below lists MD distributors.  MD opt-ins are included in Exhibit 9.

| | Distributor | Corp Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 1. | Megalli, Amir | AMIRS CAKES INC | 4102 | 1/19/2014 | | Washington, MD |
| 2. | Fana, Alaa | ANTON KAKE INC | 9118 | 1/5/2020 | | Washington, MD |
| 3. | Stanton, Alexander P. | AP STANTON INC | 4354 | 6/22/2014 | | Baltimore, MD |
| 4. | Bost, Robert A. | B BOST INC | 4376 | 7/9/2006 | | Baltimore, MD |
| 5. | Schiattareggia, Carroll | BIGDOGSNACKMAN, INC. | 9551 | 12/9/2018 | | Washington, MD |
| 6. | Tamerjan, Issam H. | BLACK IRIS DISTRIBUTING INC. | 4166 | 1/19/2014 | | Washington, MD |
| 7. | Smardon., David G. | BREAK TIME ENTERPRISES INC | 4346 | 12/30/1985 | | Baltimore, MD |
| 8. | Taylor, Colin D. | CD TAYLOR DISTRIBUTION INC | 4377 | 11/15/2015 | | Bel Air, MD |
| 9. | Polly, Craig M. | CRAIG POLLY INC | 4223 | 7/20/2014 | | Baltimore, MD |
| 10. | Gebhard, Christopher | CRG1 INC | 4362 | 1/25/2009 | | Baltimore, MD |
| 11. | Grant, Winston | DANBODS INC | 4222 | 5/20/2012 | | Baltimore, MD |
| 12. | Robinson, David G. | N/A | 4267 | 1/4/1988 | | Baltimore, MD |
| 13. | DiStefano, Dwayne A. | DISTEFANO INC | 4702 | 6/18/2017 | | Glen Burnie, MD |
| 14. | Lewis, Andre N. | DPAL LLC | 4278 | 7/21/2013 | | Glen Burnie, MD |
| 15. | Kamil, Emad Y | E&SH INC | 4684 | 4/24/2016 | 9/13/2020 | Washington, MD |
| 16. | Tawadrous, Anis | EL MANAHRY SNACK INC | 4164 | 6/1/2014 | | Washington, MD |
| 17. | Rizk, Emad | ELOMDA INC | 4159 | 6/7/2020 | | Washington, MD |
| 18. | Ibrahem, Ebram W. | ELWAZEER INC | 4159 | 4/8/2018 | 6/7/2020 | Washington, MD |
| 19. | Henein, Emad A | GMS BAKING COMPANY | 4167 | 2/25/2018 | | Washington, MD |

1

| | Distributor | Corp Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 20. | Greezicki, Michael C. | GREEZICKI DISTRIBUTORS INC | 4279 | 1/20/2008 | | Baltimore, MD |
| 21. | Ardekani, Hossein M. | H&R DISTRIBUTORS INC | 4686 | 12/30/1985 | | Washington, MD |
| 22. | Tawadrous, Azer | HAIDY COMPANY | 9114 | 8/5/2018 | | Washington, MD |
| 23. | Harris , Jesse W. | J AND C INCORPORATED | 4697 | 3/1/2015 | | Washington, MD |
| 24. | McGrath, Joseph L. | J AND P DISTRIBUTORS INC | 4694 | 7/6/2014 | | Waldorf, MD |
| 25. | Edward J Roloff | J&M DISTRIBUTING CO INC | 5029 | 6/2/2013 | | Baltimore, MD |
| 26. | Brucksch, James L | N/A | 4273 | 12/30/1985 | | Glen Burnie, MD |
| 27. | Ghobadi, Nasser | JAVAD INC | 4224 | 4/2/2001 | | Baltimore, MD |
| 28. | Taylor, Joseph M. | JOE TAYLOR ASSOCIATES INC | 4264 | 5/20/2012 | | Glen Burnie, MD |
| 29. | Hong, Joon Pyo | N/A | 4276 | 12/19/1994 | | Baltimore, MD |
| 30. | Mantua, Lawrence J. | LARROS INC | 4363 | 9/22/2019 | | Frederick, MD |
| 31. | DeVaughn, Jr., Leonard | LENS KAKES INC | 4277 | 1/25/2009 | | Baltimore, MD |
| 32. | Yeagle, Michael | M&D DISTRIBUTING | 4348 | 2/7/2005 | | Glen Burnie, MD |
| 33. | McDaniel, Shawn | MCD INC | 6458 | 1/14/2013 | | Glen Burnie, MD |
| 34. | Nelson, Joyce A. | MOENAE INC | 4274 | 2/7/2005 | | Baltimore, MD |
| 35. | Jenkins, Christopher J. | PHRESHKAKES INC | 5041 | 1/20/2013 | | Glen Burnie, MD |
| 36. | Sutton, Philip C. | RACKS AND STACKS INC | 5042 | 7/6/2014 | | Washington, MD |
| 37. | Krenzer, Ronald | RLK ENTERPRISES INC | 5028 | 5/10/2004 | | Glen Burnie, MD |
| 38. | Schmidt, Stephen M. | S SCHMIDT INC | 4268 | 5/18/2014 | | Baltimore, MD |
| 39. | House, Stephen T | SSI TASTE-N-C CORP | 4372 | 11/10/2013 | | Hagerstown, MD |
| 40. | Bull, Stephen W | N/A | 4272 | 5/12/2003 | | Baltimore, MD |
| 41. | Stewart/Queen, Jane N. | SWEETTOOTH INC | 5039 | 10/27/2003 | | Glen Burnie, MD |
| 42. | Harris-Swann, Hortense | TEE HARRIS INC | 9113 | 4/13/2014 | | Washington, MD |
| 43. | Thornburg, James R. | THORNBURG SNACKS INC | 4693 | 3/9/2014 | | Washington, MD |
| 44. | Baselyous, Abanoub L. | WFPG SNACKS INC | 4103 | 9/24/2017 | | Washington, MD |
| 45. | Sik Park, Yong | YSK ENTERPRISES INC | 5043 | 9/13/2009 | | Glen Burnie, MD |
| 46. | Lanham, Shane P. | LANHAM INC | 5038 | 4/5/2015 | 5/12/2019 | Glen Burnie, MD |
| 47. | Farag, Makarious | ML KAKES INC | 4167 | 2/23/2014 | 2/25/2018 | Washington, MD |
| 48. | Nasr, Kerolos | EL ROMANI SNACK INC | 4159 | 3/2/2014 | 4/8/2018 | Washington, MD |
| 49. | Hutchinson, Taj | TKTT INC | 4687 | 3/16/2014 | 10/29/2017 | Washington, MD |
| 50. | Farag, Medhat | ELIA&STEVEN KAKE COMPANY INC | 9118 | 3/19/2017 | 1/5/2020 | Washington, MD |
| 51. | Dawood, Ghaly N. | FALTAOS INC | 4363 | 11/25/2018 | 9/22/2019 | Frederick, MD |
| 52. | Basselyous, Raafat | RAAFAT ABO GEORGE INC | 4688 | 04/29/2018 | 3/9/2019 | Washington, MD |
| 53. | Stumpf, Paul | KSP INC | 4699 | 1/11/2009 | 3/8/2020 | Glen Burnie, MD |

45865805.1

2

## EXHIBIT 5B

## MARYLAND DISTRIBUTORS WHO HAVE PREVIOUSLY SIGNED AN ARBITRATION AGREEMENT WITH A CLASS ACTION WAIVER

The following chart lists those distributors who operate(d) out of a Maryland warehouse who have previously signed an arbitration agreement with a class action waiver and who are not also FLSA opt-ins. Per the terms of the Settlement Agreement, these distributors are excluded from the settlement.

MD Class - *3 years from date complaint filed (9/10/2017)

| Type | TOTAL | Current | Former |
|------|-------|---------|--------|
| MD– Not Opt-In | 35 | 22 | 13 |

The chart below lists MD distributors. MD opt-ins are included in Exhibit 10.

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 1. | Cenci, Roland | R & R Kakes, Inc. | 4269 | 9/1/2013 | | Baltimore, MD |
| 2. | Clark, Chrisopher L. | Van Lee Services, Inc. | 4163 | 7/22/2018 | | Washington, MD |
| 3. | Davidson, Ross C. | Davidson Snacks, Inc. | 5037 | 4/21/2019 | | Baltimore, MD |
| 4. | Drenner, Vincent P. | Madigans Klassic Kakes, Inc. | 4374 | 4/27/2008 | | Hagerstown, MD |
| 5. | Guerrero, Jorge B. | JBGD, Inc | 4158 | 6/14/2020 | | Washington, MD |
| 6. | Kefauver, Steven B. | K&B Distributing, Inc | 4364 | 9/8/2019 | | Frederick, MD |
| 7. | Marshall, Harry C. | HCM Express, Inc. | 4169 | 6/1/2014 | | Washington, MD |
| 8. | Maxwell, Charles L. | Scrumptious Snacks, Inc. | 4271 4382 | 10/21/2018 12/3/2017 | | Baltimore, MD Bel Air, MD |
| 9. | Mayr, Jr, Edward R. | Mayr Distribution, Inc | 5363 | 10/6/2019 | | Salisbury, MD |
| 10. | Orozco, Everado H. | ABD Distributors, Inc | 5362 | 1/26/2020 | | Salisbury, MD |
| 11. | Ortman, John D. | J&D Distributing, Inc. | 4681 | 4/15/2018 | | Waldorf, MD |
| 12. | Parker, Alan R. | Jabba Distributing, Inc. | 5368 | 1/6/2008 | | Salisbury, MD |
| 13. | Reffitt, Alan J. | AJR, Inc. | 4703 | 12/3/2017 | | Glen Burnie, MD |
| 14. | Rudd, Donald C. | RuddCo, Inc. | 5364 | 12/1/2003 | | Salisbury, MD |
| 15. | Saweeres, Reda | St Maria Corporation | 8617 | 10/8/2017 | | Glen Burnie, MD |
| 16. | Smallwood, George R. | L and S Distributors, Inc | 5358 | 4/26/2020 | | Salisbury, MD |
| 17. | Soliman, Samir | S & M Snack, Inc. | 4104 | 5/20/2018 | | Washington, MD |
| 18. | Thomas, Randy M. | RMB Distribution, Inc | 5038 | 5/12/2019 | | Glen Burnie, MD |

| | Distributor | Corp. Name | Route # | Start Date | End Date | Warehouse |
|---|---|---|---|---|---|---|
| 19. | Velasquez, Jr, Valentine S. | Velasquez & Sons, Inc | 4168 | 6/23/2019 | | Washington, MD |
| 20. | Vollman, Nicholas J. | Vollman Distributing, Inc | 7165 | 4/28/2019 | | Glen Burnie, MD |
| 21. | Waltemeyer, Gregory A. | CTTC Kakes, Inc. | 4349 | 12/3/2017 | | Baltimore, MD |
| 22. | Younger, Eric T. | E T Y Distributors, Inc. | 4689 | 4/24/2016 | | Washington, MD |
| 23. | Hoot, Paul C. | KLHEnterprises, Inc | 4271 | 12/14/2008 | 10/21/2018 | Baltimore, MD |
| 24. | Horgan, Michael D | Horgan Snacks, Inc | 5037 | 8/6/2017 | 4/21/2019 | Baltimore, MD |
| 25. | Paglia, Tracey L. | Daisy Mae Distributing, Inc | 4364 | 1/28/2018 | 9/8/2019 | Frederick, MD |
| 26. | Robinson, Toure L. | T&T Distributing, Inc | 7165 4681 | 4/15/2018 1/29/2017 | 4/28/2019 4/15/2018 | Glen Burnie, MD Washington, MD |
| 27. | Henry, Alan B. | 2568 Corporation | 5363 | 4/9/2006 | 10/7/2018 | Salisbury, MD |
| 28. | Enoch, Laura | TC Marshall, Inc. | 5366 | 11/16/2014 | 9/24/2017 | Salisbury, MD |
| 29. | Singh, Liloutie | Ramesh Singh and Family, Inc. | 5362 | 10/2/2016 | 1/26/2020 | Salisbury, MD |
| 30. | Outten, William E. | A&B Baked Goods Inc | 5358 | 4/16/2017 | 2/4/2018 | Salisbury, MD |
| 31. | Grant, Jacob M. | Coast 2 Coast Landscaping, Inc | 5363 | 10/7/2018 | 3/10/2019 | Salisbury, MD |
| 32. | Lennox, Keith J. | Deez-Kakes, Inc. | 5358 | 2/11/2018 | 4/26/2020 | Salisbury, MD |
| 33. | Evans, Dennis K. | D's Tasty Treats, Inc | 4158 | 1/19/2014 | 4/21/2019 | Washington, MD |
| 34. | Daniels, Jr, Ronald D. | Rapidan Distributors Incorporated | 4168 | 5/21/2019 | 6/23/2019 | Washington, MD |
| 35. | Ibrahim, Beshoy S. | Son of God, Inc. | 4682 4692 | 6/4/2017 12/6/2015 | 2/14/2019 2/14/2019 | Washington, MD |

45865600.1

2

## AMENDED EXHIBIT 6A

## Notice to Current Distributors Who Are Rule 23 Class Members Only (Excludes FLSA Collective Members)

**SETTLEMENT NOTICE**

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)
*Anthony F. Bertino, Jr., et al. v. Tasty Baking Company* (E.D. Pa.)[1]

# Because You Are A Current Tasty Distributor And Operated Out of A Warehouse Located in Pennsylvania, New Jersey, or Maryland During the Period Specified Below, You Could Get A Payment From A Class Action Settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated gross settlement share is approximately $_____. Because you are a current distributor, you will also receive an additional $3,500 for the Amendment and Arbitration Agreement as outlined below. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuits.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who were formerly, or are, Tasty distributors who operated out of warehouses located in Pennsylvania, New Jersey, or Maryland within the time period specified below and who do not exclude themselves from the settlement (discussed further below). Your estimated share is listed above, plus $3,500.

  - Pennsylvania:  May 15, 2016 - September 10, 2020
  - New Jersey:  April 7, 2014 – September 10, 2020
  - Maryland:  September 10, 2017 – September 10, 2020.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SIGN, DATE, AND CASH SETTLEMENT CHECKS** | You will get a payment for settlement of your Pennsylvania, New Jersey, or Maryland state claims and an additional payment for the Amendment and Arbitration Agreement. Both checks must be signed, dated, and cashed.  In exchange, you will give up any claims that you may have against Defendant that were or could have been brought in the lawsuits except for any Fair Labor Standards Act (FLSA) claim. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payments and will not participate in this settlement. You also will not give up any claims that you may have against Defendant, or be bound by the Amendment and Arbitration Agreement. To exclude yourself from the settlement, you must send a letter to the Settlement |

---

[1] The *Bertino* case was initially filed in the District of New Jersey (No. 1:20-cv-03752), but was subsequently consolidated with the *Caddick* case in the Eastern District of Pennsylvania for judicial review and approval of this Settlement.

| | Administrator by [date]. Please see the instructions below under "Excluding Yourself from the Settlement." Failure to sign, date, and cash both checks will also result in you being excluded from the settlement. |
|---|---|
| **AMENDMENT TO DISTRIBUTOR AGREEMENT AND ARBITRATION AGREEMENT** | You will receive an additional settlement check in in the amount of $3,500 in exchange for your agreement to the Amendment and Arbitration Agreement. If you do not exclude yourself from the settlement and you sign, date, and cash both settlement checks, you will be deemed to have signed and agreed to both the Amendment and the Arbitration Agreement. If you do not sign, date, and cash both settlement checks, you will be deemed excluded from the settlement. Please see the enclosed Arbitration Agreement Packet for more information. |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not exclude yourself but instead stay in the Settlement Class. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# Table of Contents

Table of Contents .................................................................................................................................... 2

**Basic Information** ................................................................................................................................. 3
    **1. Why did I receive this notice?** ..................................................................................................... 3
    **2. What are these lawsuits about?** ................................................................................................... 3
    **3. What is a class action and who is involved?** ............................................................................... 3

**Who is in the Settlement?** ..................................................................................................................... 4
    **4. Who is included in the class under the settlement?** .................................................................... 4

**The Settlement Benefits—What do you get?** ....................................................................................... 4
    **5. What does the settlement provide?** ............................................................................................. 4
    **6. What can I get from the settlement?** ........................................................................................... 4

**How You Get A Payment** ...................................................................................................................... 5
    **7. How can I get a payment?** ........................................................................................................... 5
    **8. When would I get my payment?** .................................................................................................. 5
    **9. What am I giving up by staying in the class and getting a payment?** ........................................ 5

**Amendment and Arbitration Agreement** ............................................................................................. 5
    **10. What is the Amendment and Arbitration Agreement for current distributors?** ....................... 5

**Excluding Yourself from the Settlement** ............................................................................................. 6
    **11. How do I get out of this settlement?** .......................................................................................... 6
    **12. If I don't exclude myself, may I later sue Defendant for the same claims in this settlement?** .... 6
    **13. If I exclude myself, will I get money from this settlement?** ...................................................... 6

The Lawyers Representing You................................................................................................6
   14. Do I have a lawyer in this case?....................................................................................6

Objecting to the Settlement ...................................................................................................7
   15. How do I tell the Court that I don't like the settlement? ...........................................7
   16. What's the difference between objecting and excluding? .........................................7

The Court's Fairness Hearing ...............................................................................................8
   17. When and where will the Court decide whether to approve the settlement?..............8
   18. Do I have to come to the hearing?..............................................................................8
   19. May I speak at the hearing? ......................................................................................8

Getting More Information.......................................................................................................8
   20. Are there more details about the settlement? ...........................................................8

# Basic Information

### 1. Why did I receive this notice?

You are an individual who, either individually or through a business entity owned by you, was a party to a Distributor Agreement with Tasty and operating out of a warehouse located in: (a) **Pennsylvania** - between May 15, 2016 and September 10, 2020; (b) **New Jersey** - between April 7, 2014 and September 10, 2020; or (c) **Maryland** – between September 10, 2017 and September 10, 2020 ("Class Member"). The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement of these class actions.  The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. What are these lawsuits about?

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law ("state law claims").

Defendant opposes the lawsuits and denies all of the allegations. Defendant contends that it complied with all applicable federal, state, and local laws and regulations at all times and has asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the distributors affected will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

### 3. What is a class action and who is involved?

Certain laws allow multiple claimants to sue together for the same relief. For the state law claims, this is known as a class action.

In a class action, one or more people called Class Representatives (in these cases William Caddick and Stephen Hopkins for the Pennsylvania claims, Anthony F. Bertino, Jr. for the New Jersey claims, and Raymond S. Keeler for the Maryland

claims) sue on behalf of people who they contend have similar claims. The people together are a "Class" or "Class Members." The distributors who sued—and all Class Members like them—are called Plaintiffs. The company sued (in this case Tasty) is called the Defendant.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to exclude themselves from the Settlement Class in the manner described in this Notice. People who do not exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Page __ of this Notice explains how to exclude yourself from the Class.

# Who is in the Settlement?

| **4. Who is included in the class under the settlement?** |
|---|

Except as noted immediately below, any individual who, either individually or through a business entity he or she owned, was a party to a Distributor Agreement with Tasty and operated out of a warehouse located in Pennsylvania, New Jersey, or Maryland in the following time periods:

- Pennsylvania:   May 15, 2016 – September 10, 2020;
- New Jersey:   April 7, 2014 – September 10, 2020; or
- Maryland:   September 10, 2017 – September 10, 2020.

However, this settlement excludes those who previously entered into an arbitration agreement with a class action waiver.

# The Settlement Benefits—What do you get?

| **5. What does the settlement provide?** |
|---|

Defendant has agreed to pay money to Settlement Class Members and to make certain enhancements to the distributor program.

Specifically, Defendant has agreed to create a total settlement fund of $3,150,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel in the approximate amount of $1,050,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for the Amendment and Arbitration Agreement.

| **6. What can I get from the settlement?** |
|---|

Defendant agrees to make payments to the Settlement Class Members. Your estimated gross settlement share is approximately $_____. However, the exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and the costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement; and (3) after payments are made, any adjustments that might be made due to former distributors not cashing their settlement check.

The portion of the settlement fund payable to Settlement Class Members will be allocated using the following formula:

Net Settlement Amount *multiplied by* the percentage generated from individual Class Member's workweeks during the Covered Period *divided by* the total combined workweeks of all Class Members during the Covered Period.

In addition to the above settlement payments, you will receive an additional $3,500 payment as additional consideration for the Amendment and Arbitration Agreement required by the Settlement Agreement. Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# How You Get A Payment

## 7. How can I get a payment?

You do not need to do anything other than remain in the lawsuit (that is, you do not exclude yourself) to receive payment from the settlement. However, you must sign, date, and cash both settlement checks or you will be deemed excluded from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

## 8. When would I get my payment?

The Court will hold a hearing on [_____] to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in [_____]. However, if there are appeals, it may take time to resolve them, perhaps more than a year. Please be patient.

## 9. What am I giving up by staying in the class and getting a payment?

Unless you exclude yourself (including if you do not sign, date, and cash both of your settlement checks), you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any lawsuit against Defendant about the legal claims resolved by this settlement. This is because, by staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including a Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at [_____].

# Amendment and Arbitration Agreement

## 10. What is the Amendment and Arbitration Agreement for current distributors?

In exchange for an additional payment of $3,500, current distributors are required to enter into an Amendment to the Distributor Agreement and Arbitration Agreement in the form attached as Exhibit 1 to the Settlement Agreement and reproduced as Exhibit 1 to this Notice.  If you sign, date, and cash your settlement checks, you will be deemed to have signed and agreed to both the Amendment and Arbitration Agreement.  If you do not sign, date, and cash both of your settlement checks, you will be deemed excluded from the settlement and you will not receive a Settlement Payment or be bound by any terms of this Settlement Agreement.

# Excluding Yourself from the Settlement

If you do not want to receive a Settlement Payment and if you want to keep the right to sue or continue to sue Tasty on your own about the legal issues resolved by this settlement, then you must take steps to get out. This is called excluding yourself— or is sometimes referred to as "opting out" of the Settlement Class. If you do not sign, date, and cash both settlement checks, you will be deemed excluded from the settlement.

| 11. How do I get out of this settlement? |
| --- |

To exclude yourself from the settlement prior to the issuance of any checks, you must send a letter by mail to the Settlement Administrator at the following address, postmarked on or before [__]:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from the settlement; (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If, before the deadline, you request to be excluded from the settlement, you will not receive any Settlement Payment and you will not be bound by anything that happens in this case. Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

You will also be deemed excluded from the settlement if you fail to sign, date, and cash your settlement checks.  However, if you do not want to be part of this settlement, for ease of administration of the settlement, please exclude yourself prior to the issuance of any checks.

| 12. If I don't exclude myself, may I later sue Defendant for the same claims in this settlement? |
| --- |

No.

| 13  . If I exclude myself, will I get money from this settlement? |
| --- |

No.

# The Lawyers Representing You

| 14. Do I have a lawyer in this case? |
| --- |

The Court has decided that the law firms of Saltz, Mongeluzzi & Bendesky PC; and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling class actions and similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **15. How do I tell the Court that I don't like the settlement?** |
| --- |

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, and you will still receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Exclusion/Objection Deadline]:

Clerk of the Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Simon Paris, Esq.                                   K. Clark Whitney
Saltz, Mongeluzzi & Bendesky P.C.                  Ogletree, Deakins, Nash, Smoak
One Liberty Place, 52nd Floor                      & Stewart, P.C.
1650 Market Street                                 1735 Market Street, Suite 3000
Philadelphia, PA 19103                             Philadelphia, PA 19103

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see case names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number.  Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.  In addition, the objecting Class Member must identify any previously filed objections filed by the Class Member and his/her counsel in any state or federal court.  This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted and as set forth above, you will be barred from seeking review of the settlement terms at any other time.

| **16. What's the difference between objecting and excluding?** |
| --- |

Objecting means simply telling the Court that you don't like something about the settlement.  You may object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you may no longer object because the result in this case will no longer affect you.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.  Class Counsel will represent your interests at the hearing.

| **17. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____.  The date, time or place of the hearing may change without further notice but shall be updated by the Settlement Administrator on the settlement website: https://www._____.com/_____.

| **18. Do I have to come to the hearing?** |
|---|

No.  Class Counsel will address any questions the Court may have.  However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **19. May I speak at the hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 15 above. If you have requested exclusion from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

| **20. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the settlement website: https://www._____.com/_____.

46024545.1

## <u>AMENDED EXHIBIT 6B</u>

## <u>Notice to Former Distributors Who Are Rule 23 Class Members Only (Excludes FLSA Collective Members)</u>

## SETTLEMENT NOTICE

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)

*Anthony F. Bertino, Jr, et al. v. Tasty Baking Company* (E.D. Pa.)[1]

# Because You Are A Former Tasty Distributor and Operated out of a Warehouse Located in Pennsylvania, New Jersey, or Maryland During the Period Specified Below, You Could Get A Payment From A Class Action Settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated gross settlement share is approximately $\_\_\_\_\_. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuit.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who were formerly, or are, Tasty distributors working out of warehouses located in Pennsylvania, New Jersey, or Maryland within the time period specified below and who do not exclude themselves from the settlement (discussed further below). Your estimated share is listed above.

  - Pennsylvania:  May 15, 2016 – September 10, 2020
  - New Jersey:    April 7, 2014 – September 10, 2020
  - Maryland:      September 10, 2017 – September 10, 2020

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will get a payment for settlement of your Pennsylvania, New Jersey, or Maryland state law claims. In exchange, you will give up any claims that you may have against Defendant that were or could have been brought in the lawsuits, except for any Fair Labor Standards Act (FLSA) claim. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement. You also will not give up any claims that you may have against Defendant. To exclude yourself from the settlement, you must send a letter to the |

---

[1]The *Bertino* case was initially filed in the District of New Jersey (No. 1:20-cv-03752), but was subsequently consolidated with the *Caddick* case in the Eastern District of Pennsylvania for judicial review and approval of the Settlement.

| | Settlement Administrator by [date]. Please see the instructions below under "Excluding Yourself from the Settlement." |
|---|---|
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not exclude yourself but instead stay in the Settlement Class. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# Table of Contents

Table of Contents .......................................................................................................................... 2

Basic Information ........................................................................................................................... 3
    1. Why did I receive this notice? ................................................................................................. 3
    2. What is this lawsuit about? ...................................................................................................... 3
    3. What is a class action and who is involved? ........................................................................... 3

Who is in the Settlement? ............................................................................................................. 4
    4. Who is included in the class under the settlement? ................................................................. 4

The Settlement Benefits—What do you get? ................................................................................ 4
    5. What does the settlement provide? .......................................................................................... 4
    6. What can I get from the settlement? ........................................................................................ 4

How You Get A Payment ............................................................................................................... 5
    7. How can I get a payment? ....................................................................................................... 5
    8. When would I get my payment? .............................................................................................. 5
    9. What am I giving up by staying in the class and getting a payment? ...................................... 5

Excluding Yourself from the Settlement ....................................................................................... 5
    10. How do I get out of this settlement? ..................................................................................... 5
    11. If I don't exclude myself, may I later sue Defendant for the same claims in this settlement? ........ 6
    12. If I exclude myself, will I get money from this settlement? .................................................... 6

The Lawyers Representing You ...................................................................................................... 6
    13. Do I have a lawyer in this case? ............................................................................................ 6

Objecting to the Settlement ........................................................................................................... 6
    14. How do I tell the Court that I don't like the settlement? ....................................................... 6
    15. What's the difference between objecting and excluding? ...................................................... 7

The Court's Fairness Hearing ........................................................................................................ 7
    16. When and where will the Court decide whether to approve the settlement? .......................... 7
    17. Do I have to come to the hearing? ......................................................................................... 7
    18. May I speak at the hearing? ................................................................................................... 7

Getting More Information .............................................................................................................. 8
    19. Are there more details about the settlement? ......................................................................... 8

# Basic Information

| **1. Why did I receive this notice?** |
|---|

You are an individual who, either individually or through a business entity owned by you, was a party to a Distributor Agreement with Tasty working out of warehouses located in: (a) **Pennsylvania** - between May 15, 2016 and September 10, 2020; (b) **New Jersey** - between April 7, 2014 and September 10, 2020; or (c) **Maryland** – between September 10, 2017 and September 10, 2020 ("Class Member"). The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement of these class actions.  The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| **2. What is this lawsuit about?** |
|---|

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania New Jersey, and Maryland wage-and-hour law ("state law claims").

Defendant opposes the lawsuits and denies all of the allegations. Defendant contends that it complied with all applicable federal, state, and local laws and regulations at all times and has asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the distributors affected will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

| **3. What is a class action and who is involved?** |
|---|

Certain laws allow multiple claimants to sue together for the same relief. For the state law claims, this is known as a class action.

In a class action, one or more people called Class Representatives (in these cases William Caddick and Stephen Hopkins for the Pennsylvania claims, Anthony F. Bertino, Jr. for the New Jersey claims, and Raymond S. Keeler for the Maryland claims) sue on behalf of people who they contend have similar claims. The people together are a "Class" or "Class Members." The distributors who sued—and all Class Members like them—are called Plaintiffs. The company they sued (in this case Tasty) is called the Defendant.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to exclude themselves from the Settlement Class in the manner described in this Notice. People who do not exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Page ▢ of this Notice explains how to exclude yourself from the Class.

# Who is in the Settlement?

**4. Who is included in the class under the settlement?**

Except as noted immediately below, any individual who, either individually or through a business entity he or she owned, was a party to a Distributor Agreement with Tasty and operated out of a warehouse located in Pennsylvania, New Jersey, or Maryland in the following time periods:

- Pennsylvania:     May 15, 2016 – September 10, 2020;
- New Jersey:       April 7, 2014 – September 10, 2020; or
- Maryland:         September 10, 2017 – September, 2020.

However, this settlement excludes those who previously entered into an arbitration agreement with a class action waiver.

# The Settlement Benefits—What do you get?

**5. What does the settlement provide?**

Defendants have agreed to pay money to Settlement Class Members and to make certain enhancements to the distributor program.

Specifically, Defendants have agreed to create a total settlement fund of $ 3,150,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel  in the approximate amount of  $1,050,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for  the Amendment to their Distributor Agreement and accompanying Arbitration Agreement.

**6. What can I get from the settlement?**

Defendants agree to make payments to the Settlement Class Members. Your estimated gross settlement share is approximately $_____. However, the exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and the costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement; and (3) after payments are made, any adjustments that might be made due to former distributors not cashing their settlement check.

The portion of the settlement fund payable to Settlement Class Members will be allocated using the following formula:

> Net Settlement Amount *multiplied by* the percentage generated from individual Class Member's workweeks during the Covered Period *divided by* the total combined workweeks of all Class Members during the Covered Period.

Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# How You Get A Payment

**7. How can I get a payment?**

You do not need to do anything other than remain in the lawsuit (that is, you do not exclude yourself) to receive a payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

**8. When would I get my payment?**

The Court will hold a hearing on [_____] to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in [_____]. However, if there are appeals, it may take time to resolve them, perhaps more than a year. Please be patient.

**9. What am I giving up by staying in the class and getting a payment?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any lawsuit against Defendant about the legal claims resolved by this settlement. This is because, by staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including a Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at [_____].

# Excluding Yourself from the Settlement

If you do not want to receive a Settlement Payment and if you want to keep the right to sue or continue to sue Tasty on your own about the legal issues resolved by this settlement, then you must take steps to get out. This is called excluding yourself— or is sometimes referred to as "opting out" of the Settlement Class.

**10. How do I get out of this settlement?**

To exclude yourself from the settlement, you must send a letter by mail to the Settlement Administrator at the following address, postmarked on or before [__]:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

**Amended Exhibit 6B**

Your letter must: (1) contain a clear statement that you wish to be **excluded** from the settlement*;* (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If, before the deadline, you request to be excluded from the settlement, you will not receive any Settlement Payment and you will not be bound by anything that happens in this case. Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

| **11. If I don't exclude myself, may I later sue Defendant for the same claims in this settlement?** |

No.

| **12. If I exclude myself, will I get money from this settlement?** |

No.

# The Lawyers Representing You

| **13. Do I have a lawyer in this case?** |

The Court has decided that the law firms of Saltz Mongeluzzi & Bendesky PC; and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling class actions and similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **14. How do I tell the Court that I don't like the settlement?** |

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Exclusion/Objection Deadline]:

    Clerk of the Court
    U.S. District Court for the Eastern District of Pennsylvania
    James A. Byrne U.S. Courthouse
    601 Market Street
    Philadelphia, PA 19106

    Simon Paris, Esq.                     K. Clark Whitney

Saltz Mongeluzzi & Bendesky P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103

Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases, (see case names on the first page of this notice).; (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, the objecting Class Member must identify any previously filed objections filed by the Class Member and his/her counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted as set forth above, you will be barred from seeking review of the settlement terms at any other time.

### 15. What's the difference between objecting and excluding?

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you may no longer object because the result in this case will no longer affect you.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Class Counsel will represent your interests at the hearing.

### 16. When and where will the Court decide whether to approve the settlement?

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees and expenses to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change without further notice but shall be updated by the Settlement Administrator on the settlement website: https://www._____.com/_____.

### 17. Do I have to come to the hearing?

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

### 18. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 14 above. If you have requested exclusion from the settlement, however, you may not speak at the Fairness Hearing.

**Amended Exhibit 6B**

# Getting More Information

| 19. Are there more details about the settlement? |
|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the settlement website: https://www._____.com/_____.

46024547.1

## **AMENDED EXHIBIT 7A**

## **Notice to Current Distributors Who Are FLSA Collective Members And Who Also Have a Rule 23 Class Claim**

Amended Exhibit 7A

**SETTLEMENT NOTICE**

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)
*Anthony F. Bertino, Jr, et al. v. Tasty Baking Company* (E.D. Pa.)[1]

# Because You Are A Current Tasty Distributor and Have Filed a Timely Consent Form, You Are Eligible to Receive a Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated gross settlement share is approximately $_____. Because you are a current distributor, you will also receive an additional $3,500 for the Amendment and Arbitration Agreement outlined below. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuits.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who have asserted claims under the Fair Labor Standards Act (FLSA) and for those individuals who were formerly, or are, Tasty distributors operating out of warehouses located in Pennsylvania, New Jersey, or Maryland within the time period specified below.  Your estimated share is listed above, plus $3,500.

  - Pennsylvania:   May 15, 2016 - September 10, 2020
  - New Jersey:       April 7, 2014 – September 10, 2020
  - Maryland:          September 10, 2017 – September 10, 2020

The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient. **PLEASE READ THIS NOTICE CAREFULLY**.

| **1. Why did I receive this notice?** |
| --- |

You have filed a timely consent form to assert a claim under the FLSA. As such, you are a FLSA Collective Member. You are also eligible for settlement of a state law claim because you were a party to a Distributor Agreement with Tasty operating out of a warehouse located in: (a) Pennsylvania - between May 15, 2016 and September 10, 2020; (b) New Jersey - between April 7, 2014 and September 10, 2020; or (c) Maryland between September 10, 2017 and September 10, 2020 ("Class Member"). The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement these class actions. The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

---

[1] The *Bertino* case was initially filed in the District of New Jersey (No. 1:20-cv-03752), but was subsequently consolidated with the *Caddick* case in the Eastern District of Pennsylvania for judicial review and approval of this Settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. What are these lawsuits about? |
|---|

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law ("state law claims").

Defendant opposes the lawsuit and denies all of the allegations. Defendant contends that it complied with all applicable federal, state, and local laws and regulations at all times and has asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the affected distributors will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

| 3. What does the settlement provide? |
|---|

Defendant has agreed to pay money to Settlement Class Members and to make certain changes to the distributor program.

Specifically, Defendant has agreed to create a total settlement fund of $ 3,150,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel  in the approximate amount of $1,050,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for the Amendment and Arbitration Agreement.

| 4. What can I get from the settlement? |
|---|

Defendant agrees to make payments to the Settlement Class Members. Your estimated gross settlement share is approximately $_____. However, the exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and the costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement; and (3) after payments are made, any adjustments that might be made due to former distributors not cashing their settlement check.

The portion of the settlement fund payable to Settlement Class Members will be allocated using the following formula:

Net Settlement Amount **multiplied by** the percentage generated from individual Class Member's workweeks during the Covered Period *divided by* the total combined workweeks of all Class Members during the Covered Period.

In addition to the above settlement payments you will receive an additional $ 3,500 payment as additional consideration for the Amendment and Arbitration Agreement required by the Settlement Agreement.  Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

Amended Exhibit 7A

# Amendment and Arbitration Agreement

**5. What is the Amendment and Arbitration Agreement for current distributors?**

In exchange for an additional payment of $3,500, current distributors are required to enter into an Amendment to the Distributor Agreement and Arbitration Agreement in the form attached as Exhibit 1 to the Settlement Agreement and reproduced as Exhibit 1 to this Notice.  If you sign, date, and cash your settlement checks, you will be deemed to have signed and agreed to both the Amendment and Arbitration Agreement.  If you do not sign, date, and cash both of your settlement checks, you will be deemed excluded from the settlement and you will not receive a Settlement Payment or be bound by any terms of this Settlement Agreement.

# Withdrawing and Excluding Yourself from the Settlement

Class members have the right to exclude themselves from a class. You are both a class member and an opt-in plaintiff. As part of the settlement, as an opt-in plaintiff, you are waiving your right to exclude yourself from the class. That means that you are being compensated for both your FLSA overtime claim and your state law claims but you cannot choose to participate in only one of the two.  If you do not want to be part of the settlement, to exclude yourself prior to the issuance of any checks, you must do two things: (1) contact Class Counsel to withdraw from the FLSA portion of this Action; and (2) submit a written statement to the Settlement Administrator stating that you wish to exclude yourself from the class.  The deadlines for withdrawing and excluding yourself are discussed below.  If you do not sign, date, and cash both settlement checks, you will be deemed excluded from the settlement, and your claims will be dismissed without prejudice.

**6. How do I get out of this settlement?**

To exclude yourself from the settlement prior to the issuance of any checks, you must do two things:

(1)  Contact Class Counsel to withdraw from the FLSA portion of this Action on or before [____]; **AND**

(2)  Send a letter by mail to the Settlement Administrator at the following address, postmarked on or before [__]:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from the settlement; (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If you do not **withdraw and exclude** yourself in the manner outlined above, unless you fail to sign, date, and cash the settlement checks, you will remain in the settlement. If you do not want to be part of this settlement, for ease of administration of the settlement, please exclude yourself prior to the issuance of any checks.

**7. If I don't withdraw and exclude myself, may I later sue Defendant for the same claims in this settlement?**

No.

**8. If I withdraw and exclude myself, will I get money from this settlement?**

No.

# The Lawyers Representing You

| **9. Do I have a lawyer in this case?** |
| --- |

The Court has decided that the law firms of Saltz, Mongeluzzi & Bendesky PC and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling class actions and similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **10. How do I tell the Court that I don't like the settlement?** |
| --- |

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, and you will still receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Simon Paris, Esq**                                          **K. Clark Whitney**
Saltz, Mongeluzzi & Bendesky P.C.                Ogletree, Deakins, Nash, Smoak
One Liberty Place, 52nd Floor                        & Stewart, P.C.
1650 Market Street                                          1735 Market Street, Suite 3000
Philadelphia, PA 19103                                   Philadelphia, PA 19103

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see case names on the first page of this notice);; (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, if objecting to the settlement in this case, you must identify any previously filed objections filed by you and your counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted and as set forth above, you will be barred from seeking review of the settlement terms at any other time.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Class Counsel will represent your interests at the hearing.

| **11. When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change without further notice but shall be updated by the Settlement Administrator on the settlement website: https://www.____.com/____.

| **12. Do I have to come to the hearing?** |
| --- |

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **13. May I speak at the hearing?** |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 10 above.

# Getting More Information

| **14. Are there more details about the settlement?** |
| --- |

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the settlement website: https://www._____.com/_____.

46024559.1

**AMENDED EXHIBIT 7B**

**Notice to Former Distributors Who Are FLSA Collective Members And Who Also Have a Rule 23 Class Claim**

## SETTLEMENT NOTICE

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)

*Anthony F. Bertino, Jr, et al. v. Tasty Baking Company* (E.D. Pa.)[1]

# Because You are A Former Tasty Distributor and Have Filed a Timely Consent Form, You Are Eligible to Receive a Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated gross settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuits.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who have asserted claims under the Fair Labor Standards Act (FLSA) and for those individuals who were, or are, Tasty distributors operating out of warehouses located in Pennsylvania, New Jersey, or Maryland within the time period specified below.  Your estimated share is listed above.
  - Pennsylvania:   May 15, 2016 – September 10, 2020
  - New Jersey:     April 7, 2014 – September 10, 2020
  - Maryland:       September 10, 2017 – September 10, 2020

The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient. **PLEASE READ THIS NOTICE CAREFULLY**.

---

| **1. Why did I receive this notice?** |
| --- |

You have filed a timely consent form to assert a claim under the FLSA.  As such, you are a FLSA Collective Member. You are also eligible for settlement of a state law claim because you were a party to a Distributor Agreement with Tasty operating out of warehouses located in: (a) Pennsylvania – between May 15, 2016 and September 10, 2020; (b) New Jersey - between April 7, 2014 and September 10, 2020; or (c) Maryland – between September 10, 2017 and September 10, 2020 ("Class Member"). The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement of these class actions. The Court sent you this notice because you have the right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

---

[1] The *Bertino* case was initially filed in the District of New Jersey (No. 1:20-cv-03752), but was subsequently consolidated with the Caddick case in the Eastern District of Pennsylvania.

**Amended Exhibit 7B**

This package explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| **2. What are these lawsuits about?** |
| --- |

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law ("state law claims").

Defendant opposes the lawsuits and denies all of the allegations. Defendant contend that it complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the distributors affected will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

| **3. What does the settlement provide?** |
| --- |

Defendant has agreed to pay money to Settlement Class Members and to make certain changes to the distributor program.

Specifically, Defendant has agreed to create a total settlement fund of $3,150,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel in the approximate amount of $1,050,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for the Amendment and accompanying Arbitration Agreement.

| **4. What can I get from the settlement?** |
| --- |

Defendant agrees to make payments to the Settlement Class Members. Your estimated gross settlement share is approximately $_____. However, the exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and the costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement;; and (3) after payments are made, any adjustments that might be made due to former distributors not cashing their settlement check.

The portion of the settlement fund payable to Settlement Class Members will be allocated using the following formula:

> Net Settlement Amount multiplied by the percentage generated from individual Class Member's workweeks during the Covered Period divided by the total combined workweeks of all Class Members during the Covered Period.

Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# Withdrawing and Excluding Yourself from the Settlement

Class members have the right to exclude themselves from a class. You are both a class member and an opt-in plaintiff. As part of the settlement, as an opt-in plaintiff, you are waiving your right to exclude yourself from the class. That means that

you are being compensated for both your FLSA overtime claim and your state law claims but you cannot choose to participate in only one of the two. If you do not want to be part of the settlement, you must do two things: (1) contact Class Counsel to withdraw from the FLSA portion of this Action; and (2) submit a written statement to the Settlement Administrator stating that you wish to exclude yourself from the class. The deadlines for withdrawing and excluding yourself are discussed below.

| **5. How do I get out of this settlement?** |
| --- |

To exclude yourself from the settlement, you must do two things:

(1) Contact Class Counsel to withdraw from the FLSA portion of this Action on or before [___]; **AND**

(2) Send a letter by mail to the Settlement Administrator at the following address, postmarked on or before [__]:

> Tasty Class Action Settlement
> Settlement Administrator
> [INSERT ADDRESS]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from the settlement*; (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If you do not **withdraw and exclude** yourself in the manner outlined above, you will remain in the settlement. You must do both things if you do not want to be part of this settlement.

| **6. If I don't withdraw and exclude myself, may I later sue Defendant for the same claims in this settlement?** |
| --- |

No.

| **7. If I withdraw and exclude myself, will I get money from this settlement?** |
| --- |

No.

# The Lawyers Representing You

| **8. Do I have a lawyer in this case?** |
| --- |

The Court has decided that the law firms of Saltz Mongeluzzi & Bendesky PC; and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling class actions and similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

**9. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, and you will still receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

| | |
|---|---|
| Simon Paris, Esq | K. Clark Whitney |
| Saltz Mongeluzzi & Bendesky P.C. | Ogletree, Deakins, Nash, Smoak |
| One Liberty Place, 52nd Floor | & Stewart, P.C. |
| 1650 Market Street | 1735 Market Street, Suite 3000 |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases, (see case names on the first page of this notice) ; (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, if objecting to the settlement in this case, you must identify any previously filed objections filed by you and your counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted as set forth above, you will be barred from seeking review of the settlement terms at any other time.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Class Counsel will represent your interests at the hearing.

**10. When and where will the Court decide whether to approve the settlement?**

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____.The date, time or place of the hearing may change without further notice but shall but shall be updated by the Settlement Administrator on the settlement website: https://www._____.com/____.

**Amended Exhibit 7B**

| **11. Do I have to come to the hearing?** |
|---|

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **12. May I speak at the hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 9 above.

# Getting More Information

| **13. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by from the settlement website: https://www._____.com/_____.

46024475.1

## AMENDED EXHIBIT 8A

## Notice to Current Distributors Who Are FLSA Collective Members Only (Who Are Not Also Rule 23 Class Members)

Amended Exhibit 8A

**SETTLEMENT NOTICE**

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)
*Anthony F. Bertino, Jr, et al. v. Tasty Baking Company* (E.D. Pa.)[1]

# Because You Are A Current Tasty Distributor and Have Filed a Timely Consent Form, You Are Eligible to Receive a Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated gross settlement share is approximately $_____. Because you are a current distributor, you will receive an additional $3,500 for the Amendment and Arbitration Agreement outlined below. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuit.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who have asserted claims under the Fair Labor Standards Act (FLSA) and for those individuals who were, or are, Tasty distributors operating out of warehouses located in Pennsylvania, New Jersey, or Maryland within the time period specified below. Your estimated share is listed above, plus $3,500.

  - Pennsylvania:  May 15, 2016 – September 10, 2020
  - New Jersey:  April 7, 2014 – September 10, 2020
  - Maryland:  September 10, 2017 – September 10, 2020

The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient. **PLEASE READ THIS NOTICE CAREFULLY**.

| **1. Why did I receive this notice?** |
|---|

You have filed a timely consent form to assert a claim under the FLSA.  The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement of these class actions. The Court sent you this notice because you have the right to know about this proposed settlement, and about your options, before the Court decides whether to grant final

---

[1] The *Bertino* case was initially filed in the District of New Jersey (No. 1:20-cv-03752), but was subsequently consolidated with the *Caddick* case in the Eastern District of Pennsylvania.

approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| **2. What are these lawsuits about?** |
|---|

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law ("state law claims").

Defendant opposes the lawsuit and denies all of the allegations. Defendant contends that it complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the distributors affected will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

| **3. What does the settlement provide?** |
|---|

Defendant has agreed to pay money to Settlement Class Members and to make certain changes to the distributor program.

Specifically, Defendant has agreed to create a total settlement fund of $ 3,150,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel in the approximate amount of $1,050,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for the Amendment and accompanying Arbitration Agreement.

| **4. What can I get from the settlement?** |
|---|

Defendant agrees to make payments to the Settlement Class Members. Your estimated gross settlement share is approximately $_____. However, the exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and the costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement; and (3) after payments are made, and adjustments that might be made due to former distributors not cashing their settlement checks.

The portion of the settlement fund payable to Settlement Class Members will be using the following formula:

> Net Settlement Amount ***multiplied by*** the percentage generated from individual Class Member's workweeks during the Covered Period *divided by* the total combined workweeks of all Class Members during the Covered Period.

In addition to the above settlement payments, you will receive an additional $ 3,500 payment as additional consideration for the Amendment and Arbitration Agreement required by the Settlement Agreement.  Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# Amendment and Arbitration Agreement

**5. What is the Amendment and Arbitration Agreement for Current Distributors?**

In exchange for an additional payment of $3,500, current distributors are required to enter into an Amendment to the Distributor Agreement and Arbitration Agreement in the form attached as Exhibit 1 to the Settlement Agreement and reproduced here as Exhibit 1 to this Notice. If you sign, date, and cash your settlement checks, you will be deemed to have signed and agreed to both the Amendment and Arbitration Agreement.  If you do not sign, date, and cash both of your settlement checks, you will be deemed excluded from the settlement and you will not receive a Settlement Payment or be bound by any terms of this Settlement Agreement.

# Withdrawing from the Case and the Settlement

If you do not want to be part of the settlement, to exclude yourself prior to the issuance of any checks, you must contact Class Counsel to withdraw from this case as discussed below.  If you do not withdraw from this Action by contacting Class Counsel as discussed below on or before [  ], you will receive settlement checks and (assuming you sign, date, and cash those checks) you will give up the right to sue Defendant for the claims this settlement resolves.  If you do not sign, date, and cash both if your settlement checks, you will be deemed excluded from the settlement and your claims will be dismissed without prejudice.

**6. How do I get out of this settlement?**

To withdraw from this Action prior to the issuance of any checks, you must contact Class Counsel to withdraw on or before [ADD].

If you do not **withdraw by the withdrawal deadline**, unless you fail to sign, date, and cash your settlement checks, you will remain in the settlement.  If you do not want to be part of the settlement, for ease of administration of the settlement, please withdraw prior to the issuance of any checks.

**7. If I don't withdraw, may I later sue Defendant for the same claims in this settlement?**

No.

**8. If I withdraw, will I get money from this settlement?**

No.

# The Lawyers Representing You

**9. Do I have a lawyer in this case?**

The Court has decided that the law firms of Saltz Mongeluzzi & Bendesky PC and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling class actions and similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **10. How do I tell the Court that I don't like the settlement?** |
| --- |

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, and you will still receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

> Clerk of the Court
> U.S. District Court for the Eastern District of Pennsylvania
> James A. Byrne U.S. Courthouse
> 601 Market Street
> Philadelphia, PA 19106

> Simon Paris, Esq                       K. Clark Whitney
> Saltz Mongeluzzi & Bendesky P.C.        Ogletree, Deakins, Nash, Smoak
> One Liberty Place, 52nd Floor           & Stewart, P.C.
> 1650 Market Street                      1735 Market Street, Suite 3000
> Philadelphia, PA 19103                  Philadelphia, PA 19103

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see case names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, if objecting to the settlement in this case, you must identify any previously filed objections filed by you and your counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted as set forth above, you will be barred from seeking review of the settlement terms at any other time.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.  Class Counsel will represent your interests at the hearing.

**Amended Exhibit 8A**

| **11. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____.  The date, time or place of the hearing may change without further notice but shall be updated by the Settlement Administrator on the settlement website: https://www.____.com/____.

| **12. Do I have to come to the hearing?** |
|---|

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **13. May I speak at the hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 10 above.

# Getting More Information

| **14. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by from the settlement website: https://www._____ _____.com/_____.

46024476.1

## **AMENDED EXHIBIT 8B**

## **Notice to Former Distributors Who Are FLSA Collective Members Only (Who Are Not Also Rule 23 Class Members)**

## SETTLEMENT NOTICE

*William Caddick, et al. v. Tasty Baking Company*, No. 2:19-cv-02106 (E.D. Pa.)
*Anthony F. Bertino, Jr, et al. v. Tasty Baking Company* (E.D. Pa.)[1]

# Because You are A Former Tasty Distributor and Have Filed a Timely Consent Form, You Are Eligible to Receive a Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated gross settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Tasty Baking Company ("Tasty") distributors have sued Tasty ("Defendant") alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law. The Defendant denies those allegations, but has agreed to settle the lawsuit.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who have asserted claims under the Fair Labor Standards Act (FLSA) and for those individuals who were, or are, Tasty distributors operating out of warehouses located in Pennsylvania, New Jersey, or Maryland within the time period specified below. Your estimated share is listed above.
  - Pennsylvania:   May 15, 2016 – September 10, 2020
  - New Jersey:     April 7, 2014 – September 10, 2020
  - Maryland:       September 10, 2017 – September 10, 2020

The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient. **PLEASE READ THIS NOTICE CAREFULLY**.

| **1. Why did I receive this notice?** |
| --- |

You have filed a timely consent form to assert a claim under the FLSA. The United States District Court for the Eastern District of Pennsylvania is overseeing the settlement of these class actions. The Court sent you this notice because you have the right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

---

[1]The *Bertino* case was initially filed in the District of New Jersey (No. 1:20-cv-03752), but was subsequently consolidated with the *Caddick* case in the Eastern District of Pennsylvania.

| **2. What are these lawsuits about?** |
| --- |

In these lawsuits, current and former Tasty distributors have sued Defendant alleging that Defendant misclassified them as independent contractors and violated federal as well as Pennsylvania, New Jersey, and Maryland wage-and-hour law ("state law claims").

Defendant opposes the lawsuit and deny all of the allegations. Defendant contends that it complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendant. Instead, both sides agreed to a settlement. This avoids the risks and costs of a trial while the affected distributors will have a chance to receive compensation and the changes to Tasty's distributor program. The Class Representatives and their lawyers think the settlement is best for all Settlement Class Members.

| **3. What does the settlement provide?** |
| --- |

Defendant has agreed to pay money to Settlement Class Members and to make certain changes to the distributor program.

Specifically, Defendant has agreed to create a total settlement fund of $ 3,150,000 which provides (i) payments to Settlement Class Members; (ii) Service Awards to each of the Named Plaintiffs in the amount of $5,000 each; (iii) attorneys' fees and expenses to Class Counsel  in the approximate amount of  $1,050,000 for fees, plus litigation costs; (iv) the costs associated with notice and settlement administration; and (v) additional payments of $3,500 each to current distributors who are Settlement Class Members as additional consideration for the Amendment and accompanying Arbitration Agreement.

| **4. What can I get from the settlement?** |
| --- |

Defendant agrees to make payments to the Settlement Class Members. Your estimated gross settlement share is approximately $_____. However, the exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement, including attorneys' fees and costs and costs associated with notice and settlement administration; (2) the Settlement Administrator determines the number of class members and FLSA Collective Members who have elected not to participate in the settlement; and (3) after payments are made, any adjustments that might be made due to former distributors not cashing their settlement checks.

The portion of the settlement fund payable to Settlement Class Members will be allocated using the following formula:

> Net Settlement Amount **multiplied by** the percentage generated from individual Class Member's workweeks during the Covered Period *divided by* the total combined workweeks of all Class Members during the Covered Period.

Defendant will report all settlement payments made to Settlement Class Members as non-employee compensation. You will be responsible for the filing and payment of any taxes for any amounts you receive.

# Withdrawing from the Case and the Settlement

If you do not want to be part of the settlement, you must contact Class Counsel to withdraw from this case as discussed below.  If you do not withdraw from this Action by contacting Class Counsel as discussed below on or before [ ], you will receive a settlement check and you will give up the right to sue Defendant for the claims this settlement resolves.

| **5. How do I get out of this settlement?** |
| --- |

To withdraw from this Action, you must contact Class Counsel to withdraw on or before [__].

**Amended Exhibit 8B**

If you do not **withdraw by the withdrawal deadline**, you will remain in the settlement.

| **6. If I don't withdraw, may I later sue Defendant for the same claims in this settlement?** |
|---|

No.

| **7. If I withdraw, will I get money from this settlement?** |
|---|

No.

# The Lawyers Representing You

| **8. Do I have a lawyer in this case?** |
|---|

The Court has decided that the law firms of Saltz Mongeluzzi & Bendesky PC and McOmber McOmber & Luber, PC are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www www.smbb.com, and www.redbanklegal.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **9. How do I tell the Court that I don't like the settlement?** |
|---|

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Simon Paris, Esq.
Saltz Mongeluzzi & Bendesky P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103

K. Clark Whitney
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases, (see case names on first page of this notice) ; (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, if objecting to the settlement in this case, you must identify any previously filed objections filed by you and your counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted as set forth above, you will be barred from seeking review of the settlement terms at any other time.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Class Counsel will represent your interests at the hearing.

## 10. When and where will the Court decide whether to approve the settlement?

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____.  The date, time or place of the hearing may change without further notice but shall be updated by the Settlement Administrator on the settlement website: https://www._____.com/_____.

## 11. Do I have to come to the hearing?

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

## 12. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 9 above.

# Getting More Information

## 13. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the settlement website: https://www._____.com/_____.

46024477.1

**<u>AMENDED EXHIBIT 11</u>**

**<u>Proposed Preliminary Approval Order</u>**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CADDICK, STEPHEN HOPKINS, and RAYMOND S. KEELER, individually and on behalf of all similarly situated individuals,<br><br>_Plaintiffs_,<br><br>v.<br><br>TASTY BAKING COMPANY<br><br>_Defendant_. | Case No. 2:19-cv-02106-JDW |

| | |
|---|---|
| ANTHONY F. BERTINO JR., individually and on behalf of all similarly situated individuals,<br><br>_Plaintiffs_,<br><br>v.<br><br>TASTY BAKING COMPANY,<br><br>_Defendant_. | Case No. 2:19-cv-02106-JDW |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**CLASS AND COLLECTIVE ACTION SETTLEMENT**

Plaintiffs William Caddick, Stephen W. Hopkins, Anthony F. Bertino, Jr., and Raymond S. Keeler (collectively referred to as "Plaintiffs"), and Defendant Tasty Baking Company ("Defendant") have entered into a Class and Collective Action Settlement Agreement and Release ("Settlement Agreement")[1] after extensive arms-length settlement negotiations. The Parties have applied, pursuant to Federal Rule of Civil Procedure 23(e) and the Fair Labor Standards Act, 29 U.S.C. § 216(b), for an order preliminarily approving the settlement of this Action upon the terms

---

[1] All capitalized terms have the meanings set forth and defined in the Parties' Settlement Agreement.

and conditions set forth in the Settlement Agreement.  Having reviewed and considered the Parties'

Joint Motion for Preliminary Approval, the Settlement Agreement, and accompanying Exhibits,

the Court finds that the Settlement Agreement is sufficient to warrant notice of the Settlement to

FLSA Collective and Class Members and a full fairness hearing on the approval of the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.      Jurisdiction and Preliminary Findings**

Jurisdiction.  The Court has jurisdiction over the Parties, has subject-matter jurisdiction

over the federal law claims, and has supplemental jurisdiction over the state-law claims.

1.      Preliminary Findings. The Court, having conducted a preliminary assessment of the

fairness, reasonableness, adequacy and equity of the Settlement Agreement, hereby finds that the

Settlement falls within the range of reasonableness meriting further proceedings and approval and

dissemination of the Class Settlement Notices to FLSA Collective and Class Members.  The Court

also finds that the Parties have demonstrated that the Court will be able to approve the proposed

settlement.  The Court hereby preliminarily approves the Settlement Agreement, and the terms and

conditions of the Settlement set forth therein, subject to further consideration in the Fairness

Hearing described below.

2.      Fairness Hearing.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure,

the Court will hold a Fairness Hearing on _____2021 at _____ a.m., for the purposes

of:

(a)      Determining whether the Settlement on the terms and conditions set forth

in the Settlement Agreement, is fair, just, reasonable, and adequate and should be approved by the

Court;

(b)     Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for in the Settlement Agreement;

(c)     Considering the application of the Named Plaintiffs for Service Awards, as provided for in the Settlement Agreement;

(d)     Reviewing objections, if any, to the settlement;

(e)     Determining the validity of Exclusion Requests, if any, and exclude from the Settlement Class those Persons who validly and file Exclusion Requests by the Exclusion Date;

(f)     Granting the withdrawal of any FLSA Collective Members who have contacted Class Counsel by the Withdrawal Deadline regarding their intent to withdraw and dismissing their claims without prejudice.

(g)     Considering whether the Court should enter the [Proposed] Order Approving Class Action Settlement;

(h)     Confirming that those current distributors who do not sign, date, and cash their settlement checks be excluded from the settlement; and

(i)     Ruling upon such other matters as the Court may deem necessary and appropriate.

3.     <u>Approval of Collective and Class Member Definitions</u>.  The Court hereby approves the Parties' stipulations in the Settlement Agreement that FLSA Collective Members and Class Members exclude all individuals who previously signed, individually or on behalf of a business entity, a distributor agreement or an amendment containing an arbitration agreement with a class action waiver.  Accordingly:

(a)     Those opt-ins plaintiffs who have previously signed, individually or on behalf of a business entity, a distributor agreement or an amendment containing an arbitration

agreement with a class action waiver (see Exhibit 10 to Settlement Agreement) are hereby dismissed from the *Caddick* lawsuit without prejudice; and

(b)     Those individuals, who either individually or on behalf of a business entity, operated under a distributor agreement with Tasty during a Covered Period out of a warehouse in Pennsylvania, Maryland or New Jersey, who previously signed, individually or on behalf of a business entity, a distributor agreement or an amendment containing an arbitration agreement with a class action waiver (see Amended Exhibits 3 and 5, and Exhibit 5B to the Settlement Agreement) are hereby excluded from the Rule 23 classes encompassed by this settlement.

4.      <u>Modifications to Settlement</u>. The Parties may modify the Settlement Agreement prior to the Fairness Hearing as long as such modifications do not materially change the terms and conditions of the Settlement provided thereunder. The Court may approve the Settlement Agreement with any such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

5.      <u>Objections to Settlement</u>. Any Settlement Class Member who is not a Named Plaintiff and who intends to object to any aspect of the Settlement, including the requested Attorney's Fees and Costs, or Service Awards, must do so on or before the Exclusion and Objection Date. To object, the applicable Settlement Class Member must file a written objection with the Court on or before the Exclusion and Objection Date and serve it via first-class mail on Class Counsel and Defense Counsel and include:  the name, address, telephone number, and email address of the Person objecting and, if represented by counsel, of his/her counsel.  An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections and must state whether he/she intends to appear at the Fairness Hearing, either

with or without counsel.  The Parties may take discovery regarding the objection from the objector and related third parties.

6.      <u>Response to Objections</u>. Any response to timely, completed objections must be filed with the Court and served no later than fourteen (14) days prior to the Fairness Hearing.  The motion for the Final Approval of Settlement shall also be filed no later than fourteen (14) days prior to the Fairness Hearing.

7.      <u>Appearance at Fairness Hearing</u>. Attendance at the Fairness Hearing is not necessary; however, any Person wishing to be heard orally with respect to approval of the Settlement, the application for Attorneys' Fees and Costs, or the application for Plaintiffs' Service Awards, are required to provide to the Court written notice of their intention to appear at the Fairness Hearing no later than the Objection Deadline as set forth in the Class Settlement Notice. Persons who do not intend to oppose the Settlement, Attorneys' Fees and Costs or Service Awards need not take any action to indicate their approval.

8.      <u>Exclusion and Objection Date</u>. The deadline for requesting exclusion from the Settlement or filing objections to the Settlement is 45 days after the notice is mailed.

9.      <u>Withdrawal Date.</u> The deadline for contacting Class Counsel to request to withdraw from the Action for FLSA Collective Members is 45 days the notice is mailed.

10.     <u>Supporting Papers</u>.  All papers in support of any application for an award of Attorneys' Fees and Expenses and/or Service Awards must be filed with the Court, served and posted to the Settlement Website on or before 10 days prior to the Exclusion and Objection Date.

**B.      The Court Approves the Form and Method of Class Notices**

1.      <u>Settlement Notices</u>. The Court approves for distribution in accordance with the Settlement Agreement, as to form and content, the proposed Settlement Notices, which are

Amended Exhibits 6A, 6B, 7A, 7B, 8A and 8B to the Settlement Agreement.  The Court finds that the Settlement Notices are reasonably calculated to apprise FLSA Collective and Class Members of the pendency of the Action, and their respective rights.

2.  <u>Settlement Notices</u>.  The Court finds that the distribution of the Settlement Notices substantially in the manner and form set forth in the Settlement Agreement and Amended Exhibits 6A, 6B, 7A, 7B, 8A and 8B meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all Persons entitled thereto.

3.  <u>Settlement Administrator</u>. The Court appoints _____ or such other settlement administrator as the Parties may agree to as the Settlement Administrator.

4.  <u>Dissemination of Notices</u>.  The Court directs the Settlement Administrator to disseminate Settlement Notices, including the Arbitration Agreement Packet and such other information, if any, as may be of assistance to Settlement Class Members or required under the Settlement Agreement.  The Settlement Administrator shall also make available to the FLSA Collective and Class Members the Settlement Agreement, excepting the confidential individualized damages calculations.

(a)  The Settlement Administrator is ordered to cause the Class Settlement Notice to be disseminated to FLSA Collective and Class Members no later than thirty (30) days after entry of the Order Granting Preliminary Approval of  the Settlement ("Settlement Class Notice Deadline").

(b)  The Settlement Administrator shall file with the Court proof of compliance with the Notice Program in conjunction with the motion for Final Approval of the Settlement.

**C.      Procedure for Exclusion from the Settlement or Withdrawal from the Actions**

1.      Any person falling within the definition of Class Member who is not also a Named Plaintiff, including any Class Member who is also an FLSA Collective Member, may exclude themselves from the settlement as set forth herein. Any such person who is a former distributor and any such person who is a current distributor who wants to be excluded prior to the issuance of settlement checks must submit a timely Exclusion Request to the Settlement Claims Administrator, post-marked on or before the Exclusion Date, as set forth in the Class Settlement Notice. Exclusion Requests purportedly filed on behalf of multiple persons or classes of persons are prohibited and will be deemed to be void.  Any such person who is a current distributor will be deemed excluded from the settlement if he or she fails to sign, date, and cash both settlement checks issued to him or her.

2.      Any person who is an FLSA Collective Member (but not a Named Plaintiff), including those FLSA Collective Members who are also Class Members, and who is a former distributor or is a current distributor who wants to withdraw prior to the issuance of settlement checks, must contact Class Counsel to indicate an intent to withdraw from the Actions by the Withdrawal Date if they do not want to participate in the settlement. Any such person who is a current distributor will be deemed withdrawn from the Actions if he or she fails to sign, date, and cash both settlement checks issued to him or her.

3.      For FLSA Collective Members who are also Class Members (but not Named Plaintiffs), and who are former distributor or current distributors who want to be excluded prior to the issuance of settlement checks, they must file both: (i) a valid and timely Exclusion Request by the Exclusion Date; and (ii) and contact Class Counsel to withdraw from the Actions by the Withdrawal Date to exclude themselves from the settlement. Any such person who is a current

distributor will be deemed excluded from the settlement and withdrawn from the Actions if he or she fails to sign, date, and cash both settlement checks issued to him or her.

4.      Any: (a) Class Member who is not also a Named Plaintiff or FLSA Collective Member who does not send a completed, signed Exclusion Request to the Settlement Administrator post-marked on or before the Exclusion Date, and, if a current distributor, who signs, dates, and cashes both settlement checks; and any (b) Class Member who is also an FLSA Collective Member but not a Named Plaintiff who does not send a completed, signed Exclusion Request to the Settlement Administrator post-marked on or before the Exclusion Date,  who does not also contact Class Counsel to request to withdraw by the Withdrawal Date, and, if a current distributor, who signs, dates, and cashes both settlement checks, will be deemed to be a member of the Settlement Class for the Pennsylvania, Maryland, and New Jersey claims as applicable and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court. All Class Members who are not Named Plaintiffs, including FLSA Collective Members who are also Class members but who are not Named Plaintiffs, and who submit valid and timely Exclusion Requests in the manner set forth in the above;  Class members who are also FLSA Collective Members, who also contact Class Counsel to ask to withdraw by the Withdraw Date; and any such persons who are current distributors and do not sign, date, and cash both settlement checks shall have no rights under the Settlement Agreement and shall not be bound by the Settlement or the Final Judgment and the Order Approving Class Action Settlement. All FLSA Collective Members (who are not also Class Members or Named Plaintiffs) who contact Class Counsel to withdraw from the Actions by the Withdrawal Date and all such persons who are current distributors and do not sign, date, and cash both settlement checks shall also have no rights

under the Settlement Agreement and shall not be bound by the Settlement or the Final Judgement and Order Approving Class Action Settlement.

5.      Class Counsel shall provide counsel for Defendant with a list of all timely Exclusion Requests within five (5) business days after the Exclusion and Objection Deadline.

6.      Any Class Member or FLSA Collective Members who are current distributors and who do not sign, date, and cash both settlement checks issued to him or her shall be deemed excluded and/or withdrawn from the settlement, and any such FLSA Collective Members shall be deemed dismissed without prejudice.

**D.      Miscellaneous Provisions**

1.      <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all proceedings in the Action unrelated to the approval of the Settlement, the application for Attorneys' Fees and Expenses, and the Application for Incentive Award are stayed.

2.      <u>Termination of Settlement</u>. This Order will become null and void and will be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement or if the Settlement Effective Date never occurs.

3.      <u>Use of Order</u>. This Order may not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against Defendant of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense, right to arbitration or to defend against arbitration that he, she or it may have in the event the Settlement Agreement is terminated. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession or presumption by or against the Released Parties, the Plaintiffs or the Class.

IT IS SO ORDERED.

Dated: _____, 2021.

_____
Honorable Joshua D. Wolson
Judge, United States District Court

46033823.1