theIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CADDICK and STEPHEN HOPKINS, individually and on behalf of all similarly situated individuals,<br><br>*Plaintiffs,*<br><br>v.<br><br>**TASTY BAKING COMPANY,**<br><br>*Defendant.* | Case No. 2:19-cv-02106-JDW |

## ORDER

**AND NOW**, this 12th day of April, 2021, upon consideration of the Joint Motion for Approval of Proposed Class and Collective Action Settlement (ECF No. 62), the accompanying Class and Collective Action Settlement Agreement and Release (ECF No. 62-2), and the Supplemental Memorandum of Law in Support of Joint Motion for Preliminary Approval of Proposed Class and Collective Action Settlement (ECF No. 65), for the reasons stated in the accompanying Memorandum, it is **ORDERED** as follows:

1.  The Joint Motion for Approval of Proposed Class and Collective Action Settlement (ECF No. 62) is **GRANTED**, and the settlement of this action is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, the Court will likely be able to approve the settlement under the criteria described in Federal Rule of Civil Procedure 23(e)(2) and certify the settlement class under the cirteria described in Rules 23(a)(a) and 23(b)(3);

2.  The Court **PRELIMINARILY CERTIFIES** the following classes:

    a.  All individuals who operated under a distribution agreement with Tasty from May 15, 2016, through September 10, 2020, out of a warehouse in

        Pennsylvnia and who did not previously sign, individually or on behalf of a business entity, a distributor agreement or an amendment containing an arbitration agreement (the "Pennsylvania Class");

  b.    All individuals who operated under a distribution agreement with Tasty from April 7, 2014, through September 10, 2020, out of a warehouse in New Jersey and who did not previously sign, individually or on behalf of a business entity, a distributor agreement or an amendment containing an arbitration agreement (the "New Jersey Class"); and

  c.    All individuals who operated under a distribution agreement with Tasty from September 10, 2017, through September 10, 2020, out of a warehouse in Maryland and who did not previously sign, individually or on behalf of a business entity, a distributor agreement or an amendment containing an arbitration agreement (the "Maryland Class");

3.    The Court appoints William Caddick and Stephen W. Hopkins as representatives of the Pennsylvania Class, Anthony F. Bertino, Jr., as a respresentative of the New Jersey Class; and Raymond S. Keeler as a respresentative of the Maryland Class;

4.    The Court appoints McOmber, McOmber, & Luber and Saltz, Mongeluzzi, & Bedesky, P.C. as interim Class Counsel for each of the certified Classes;

5.    The Court approves the proposed Settlement Notices and authorizes Class Counsel to provide notice of the settlement to FLSA collective action members and class members as outlined in paragraphs 11.1 through 11.13 of the Settlement Agreement;

6.    The Parties may modify the Settlement Agreement prior to the Fairness Hearing as long as such modifications do not matierally change the terms and conditions of the Settlement.

The Court may approve the Settlement Agreement with any immaterial modifications to which the Parties agree, without further notice to the Settlement Class;

7. The Court appoints Atticus Administration as the Settlement Administrator;

8. The Court approves for distribution in accordance with the Settlement Agreement, as to form and content, the proposed Settlement Notices, which are Amended Exhibits 6A, 6B, 7A, 7B, 8A, and 8B to the Settlement Agreement (ECF No. 62-2), because those notices reasonably apprives FLSA Collective and Class Members of the pendency of the action and their respective rights, meet the requirements of Federal Rule of Civil Procedure 23 and due process; and is the best notice practicable under the circumstances;

9. The Court directs the Settlement Administrator to disseminate Settlement Notices, including the Arbitration Agreement Packet and such other information, if any, as may be of assistance to Settlement Class Members or erquied under the Settlement Agreement within thirty (30) days of the date of this Order and to make available to the FLSA Collective and Class Members the Settlement Agreement, excepting the confidential individualize damages calclations.

10. The Settlement Administrator shall file with the Court proof of compliance with the Notice Program;

11. Any Class Member who is not also a Named Plaintiff, including any Class Member who is also an FLSA Collective Member, may exclude themselves from the settlement as set forth herein. Any such person who is a former distributor and any such person who is a current distributor who wants to be excluded prior to the issuance of settlement checks must submit a timely Exclusion Request to the Settlement Claims Administrator, post-marked on or before the Exclusion Date, as set forth in the Class Settlement Notice. Exclusion. Requests purportedly filed on behalf of multiple persons or classes of persons are prohibited and will be deemed to be void. Any such person who

is a current distributor will be deemed excluded from the settlement if he or she fails to sign, date, and cash both settlement checks issued to him or her.

12. The deadline for requesting exclusion from the Settlement or filing objections to the Settlement is 45 days after the notice is mailed;

13. Any person who is an FLSA Collective Member (but not a Named Plaintiff), including those FLSA Collective Members who are also Class Members, and who is a former distributor or is a current distributor who wants to withdraw prior to the issuance of settlement checks, must contact Class Counsel to indicate an intent to withdraw from the Actions by the Withdrawal Date if they do not want to participate in the settlement. Any such person who is a current distributor will be deemed withdrawn from the Actions if he or she fails to sign, date, and cash both settlement checks issued to him or her.

14. The deadline for contacting Class Counsel to request to withdraw from the Action for FLSA Collective Members is 45 days after the notice is mailed;

15. For any FLSA Collective Members who is also Class Members (but not Named Plaintiffs), and who is a former distributor or current distributor who wants to be excluded prior to the issuance of settlement checks, he must file both: (i) a valid and timely Exclusion Request by the Exclusion Date; and (ii) and contact Class Counsel to withdraw from the Actions by the Withdrawal Date to exclude themselves from the settlement. Any such person who is a distributor will be deemed excluded from the settlement and withdrawn from the Actions if he or she fails to sign, date, and cash both settlement checks issued to him or her;

16. Any: (a) Class Member who is not also a Named Plaintiff or FLSA Collective Member who does not send a completed, signed Exclusion Request to the Settlement Administrator post-marked on or before the Exclusion Date, and, if a current distributor, who signs, dates, and

cashes both settlement checks; or (b) Class Member who is also an FLSA Collective Member but not a Named Plaintiff who does not send a completed, signed Exclusion Request to the Settlement Administrator post-marked on or before the Exclusion Date, who does not also contact Class Counsel to request to withdraw by the Withdrawal Date, and, if a current distributor, who signs, dates, and cashes both settlement checks, will be deemed to be a member of the Settlement Class for the Pennsylvania, Maryland, and/or New Jersey Classes (as applicable) and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court. All Class Members who are not Named Plaintiffs, including FLSA Collective Members who are also Class members but who are not Named Plaintiffs, and who submit valid and timely Exclusion Requests in the manner set forth in the above; Class members who are also FLSA Collective Members, who also contact Class Counsel to ask to withdraw by the Withdraw Date; and any such persons who are current distributors and do not sign, date, and cash both settlement checks shall have no rights under the Settlement Agreement and shall not be bound by the Settlement or the Final Judgment and the Order Approving Class Action Settlement. All FLSA Collective Members (who are not also Class Members or Named Plaintiffs) who contact Class Counsel to withdraw from the Actions by the Withdrawal Date and all such persons who are current distributors and do not sign, date, and cash both settlement checks shall also have no rights under the Settlement Agreement and shall not be bound by the Settlement or the Final Judgement and Order Approving Class Action Settlement;

17. Class Counsel shall provide counsel for Defendant with a list of all timely Exclusion Requests within five (5) business days after the Exclusion and Objection Deadline;

18. Any Class Member or FLSA Collective Members who is a current distributor and who does not sign, date, and cash both settlement checks issued to him or her shall be deemed

excluded and/or withdrawn from the settlement, and any such FLSA Collective Members shall be deemed dismissed without prejudice;

19. Class Counsel shall file their Motion for Final Approval of Class and Collective Action Settlement, any application for Attorneys' Fees and Expenses, and any application for Service Awards at least ten (10) business days before the Exclusion and Objeciton Date;

20. Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Fairness Hearing on August 12, 2021 at 10:00 a.m. a courtroom to be determined at the United States Courthouse, 601 Market Street, Philadelphia, PA 19106. During this hearing, the Court will hear from any objectors or other class members who wish to address the Court and will hear argument from counsel regarding, among other things, the following issues:

    i. whether the settlement warrants final approval under Federal Rule 23(e)(2) and 29 U.S.C. § 216(b);

    ii. whether the Court should certify the settlement class under Federal Ruls 23(a) and 23(b)(3);

    iii. any objections that the Court might receive to the settlement;

    iv. whether the Court should approve the service awards for the named plaintiffs;

    v. the validity of any exclusion requests and to exclude form the certified Classes any individuals who validly file exclusion requests by the exclusion date;

    vi. whether the Court should approve the fees and expenses sought by class counsel;

    vii. whether the Court should grant withdrawal to any FLSA collective member

who contacted class counsel by the withdrawal deadline; and

viii. any other matters that the Court may deem necessary and appropriate;

21. Class members, who are not named Plaintiffs, and who wish to object to the settlement must file their objection with the Court and mail a copy of it to class counsel via first-class mail. The objection must be filed no later than 45 days after the notice is mailed and must include: the name, address telephone number, and email address of the person objecting and, if represented by counsel, of his or her counsel. Any response to timely, completed objection must be filed with the Court and erved no later than 14 daus prior to the Fairness Hearing;

22. No Class member must attend the Fairness Heraing. However, any person that wishes to be heard orally with respect to approval of the Settlement, the application for Attorneys' Fees and Costs, or the Application for Plaintiffs' Service Awards, must provide the Court written notice of their intention to appear at the Fairness Hearing no later than July 9, 2021. Person swho do not intend to opposed the Settlement Agreement, Attorneys' Fees and Costs, or Services Awards need not take any action to indicate their approval;

23. All proceedings in this case are stayed pending the Court's decision as to whether to grant final approval of the Settlement Agreement, except as necessary to comply with the terms of the Settlement Agreement;

24. This Order will become null and void and will be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement or if the Settlement Effective Date never occurs; and

25. This Order may not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against Defendant of any fault, wrongdoing, failure of

disclosure, improper or illegal business practice or waiver of any claim, defense, right to arbitration or to defend against arbitration that he, she or it may have in the event the Settlement Agreement is terminated. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession or presumption by or against the Released Parties, the Plaintiffs or the Class.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.