IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CADDICK, STEPHEN HOPKINS, individually and on behalf of all similarly situated individuals,<br><br>*Plaintiff*<br><br>v.<br><br>TASTY BAKING COMPANY,<br><br>*Defendant* | Case No. 2:19-cv-02106-JDW |

ORDER

AND NOW, this 27th day of October, 2021, upon consideration of the Parties' Joint Motion For Final Approval Of The Class And Collective Action Settlement (ECF No. 70) and Plaintiffs' Motion For An Award Of Attorneys' Fees, Litigation Expenses, And Service Awards (ECF No. 69), and for the reasons stated in the accompanying Memorandum, following a Final Approval Hearing, the Court finds as follows.

1. The Settlement Agreement[1] is a product of arms-length negotiations between the parties.

2. The Parties have complied with the Court's preliminary approval order. Pursuant to the Court's preliminary approval order and Rule 23(c)(2)(B), Plaintiffs, through their retained Settlement Administrator Atticus Administration and Class Counsel, provided the Class Members best practicable notice of the Settlement in

---

[1] Capitalized Terms have the meaning or definitions that the Parties' Settlement Agreement gives them.

accordance with the Notice Plan, including the Supplement Notice that the Court directed on September 3, 2021.

3.     The Parties provided a full and fair opportunity to Class Members to opt out of and to object to the Settlement and to participate in the Final Approval Hearing. The period for opt outs and objections to the Settlement has closed. No Class Members have submitted timely objections to the Settlement. Only three Class Members have opted out of any of the certified Classes: (i) James Bosar has submitted a valid, timely opt out from the Pennsylvania Rule 23(b)(3) Class; (ii) Robert Libbi has submitted a valid, timely opt out from the FLSA Collective and Pennsylvania Rule 23(b)(3) Class; and (iii) David Cosentino has submitted a valid, timely opt out from the FLSA Collective and Maryland Rule 23(b)(3) Class.

4.     The Settlement is fair, reasonable, and adequate, and it resolves a bona fide dispute under the FLSA, with the two following exceptions:

   a.     The confidentiality clause found in section 15.12 is too broad and frustrates the FLSA's purpose; and

   b.     The release found in section 3.24 is too broad and frustrates the purpose of the FLSA by releasing claims not at issue in this case.

5.     Class Counsel has requested attorneys' fees, reimbursement of litigation expenses, and service awards to the named Plaintiffs that are reasonable under the circumstances.

Therefore, in light of the foregoing, it is ORDERED as follows:

1. The unopposed Joint Motion for Final Approval of the Class and Collective Action Settlement (ECF No. 70) is GRANTED IN PART and DENIED IN PART, as follows:

   a. Section 15.12 of the Settlement Agreement is stricken;

   b. The final sentence of Section 3.24 of the Settlement Agreement is stricken; and

   c. The Motion is otherwise GRANTED;

2. Because the Settlement resolves all FLSA claims of the FLSA Collective Members identified in Exhibit 9 to the Agreement (ECF No. 62-2 at 111), all FLSA claims in this action are DISMISSED WITH PREJUDICE;

3. Because the Settlement conclusively resolves all claims of the members of the Pennsylvania Class, the New Jersey Class, and the Maryland Class (as the Court defined those terms in its Preliminary Approval Order (ECF No. 67, ¶ 2)), the claims of the members of those classes, as listed on Exhibits 2, 4, and 5A to the Settlement Agreement (ECF No. 62-2 at 57, 65, and 168) are DISMISSED WITH PREJUDICE, except for the claims of James Bosar, Robert Libbi, and David Cosentino, who properly excluded themselves from the Settlement Classes;

4. The Final Payout Amount for each Class Member as set forth in the Final Plan of Allocation pursuant to Section 13 of the Agreement is hereby APPROVED, and the Settlement Administrator is AUTHORIZED to distribute these Final Payout Amounts to Class Members as directed in the Agreement and reflected in the Final Plan of Allocation;

5. Plaintiffs' Motion For An Award Of Attorneys' Fees, Litigation Expenses, And Service Awards (ECF No. 69) is GRANTED, as follows:

   a. Class Counsel is awarded a fee of $1,050,000, and the Settlement Administrator is AUTHORIZED to pay this amount to Class Counsel from the Settlement Fund;

   b. Class Counsel's is awarded $21,529 as reimbursement for litigation expenses, and the Settlement Administrator is AUTHORIZED to pay this amount to Class Counsel from the Settlement Fund; and

   c. Court awards a $5,000 service award to each of the Class Representatives, William Caddick, Stephen Hopkins, Raymond Keeler, and Anthony Bertino, and the Settlement Administrator is AUTHORIZED to pay a service award to each of the Class Representatives from the Settlement Fund;

6. The Settlement Administrator's fees of $22,300 are hereby APPROVED, and the Settlement Administrator is AUTHORIZED to withdraw this amount from the Settlement Fund as payment for its services in this Action;

7. All parties to the Settlement Agreement, their Counsel, and the Settlement Administrator, are directed to carry out their obligations under the Settlement Agreement;

8. All parties to this Action are DISMISSED;

9. The Final Approval Hearing scheduled for November 1, 2021, is cancelled; and

10. The Clerk of Court shall mark this case closed for statistical purposes.

                                            BY THE COURT:

                                            */s/ Joshua D. Wolson*
                                            JOSHUA D. WOLSON, J.